Fee Paid

FILED

FILING 2008 MAY 21 P 3: 59

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

1   CLARK S. STONE (SBN 202123)
    STEVEN M. LEVITAN (SBN 148716)
2   INCHAN A. KWON (SBN 247614)
    **MacPHERSON KWOK CHEN & HEID LLP**
3   2033 Gateway Place, Suite 400
    San Jose, California 95110
4   Phone: (408) 392-9250
    Facsimile: (408) 392-9262
5   email:
    cstone@macpherson-kwok.com
6   slevitan@macpherson-kwok.com
    ikwon@macpherson-kwok.com
7

8   EDWARD J. MCINTYRE (SBN 80402)
    WILLIAM N. KAMMER (SBN 53848)
9   **SOLOMON WARD SEIDENWURM & SMITH, LLP**
    401 B Street, Suite 1200
10  San Diego, California 92101
    Phone: (619) 231-0303
11  Facsimile: (619) 231-4755
    email:
12  emcintyre@swsslaw.com
    wkammer@swsslaw.com
13
    Attorneys for Plaintiff
14  LANDMARK SCREENS, LLC

15

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                       SAN JOSE DIVISION

19                                          C08 02581 HRL

20  LANDMARK SCREENS, LLC, a Delaware
    Limited Liability Company,
21                                          **COMPLAINT FOR LEGAL**
              Plaintiff,                    **MALPRACTICE, NEGLIGENCE,**
22                                          **BREACH OF FIDUCIARY DUTY,**
         v.                                 **AND BREACH OF CONTRACT**
23
                                            **DEMAND FOR JURY TRIAL**
24  MORGAN, LEWIS & BOCKIUS LLP, a limited
    liability partnership and THOMAS D. KOHLER,
25  an individual,

26              Defendants.

27

28

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF          1
CONTRACT

Plaintiff Landmark Screens, LLC alleges as follows:

## THE PARTIES

1.    Plaintiff LANDMARK SCREENS, LLC ("Plaintiff" or "Landmark") is a Delaware limited liability company with its principal place of business at 1068 East Meadow Circle, Palo Alto, California.

2.    Landmark is informed and believes, and thereon alleges, that Defendant MORGAN, LEWIS & BOCKIUS LLP ("Morgan Lewis") is a limited liability partnership with law offices throughout the United States and California, including an office 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, Santa Clara County, California, 94306. Morgan Lewis is organized and existing under the laws of the State of Pennsylvania and lists its principal executive office at 1701 Market Street, Philadelphia, Pennsylvania, 19103. At all times alleged herein, Morgan Lewis held itself out as having specialized knowledge and skill in patent prosecution and filing.

3.    Landmark is informed and believes, and thereon alleges, that Defendant THOMAS D. KOHLER ("Kohler") is an individual currently practicing law as a partner of Defendant Morgan Lewis at One Market, Spear Street Tower, San Francisco, California, 94105. Landmark is further informed and believes, and thereon alleges, that, during a substantial portion of the times alleged herein, that Kohler was a partner of the law firm of Pennie & Edmonds LLP and engaged in the practice of law at Pennie & Edmond's offices located at 3300 Hillview Avenue in Palo Alto, Santa Clara County, California and also practiced law for Morgan Lewis in Palo Alto, Santa Clara County, California during at least a portion of 2004. At all times alleged herein, Kohler held himself out as having specialized knowledge and skill in patent prosecution and filing.

## JURISDICTION

4.    This is an action for legal malpractice, negligence, breach of fiduciary duty, and breach of implied-in-fact contract in connection with legal services provided in connection with the procuring of a United States patent. This Court has jurisdiction pursuant to 28 U.S.C. §§

1331 and 1338, in that Landmark's claims arise under federal patent law and require resolution

by this Court of a substantial contested question of federal patent law.

## VENUE

5.    Venue is proper in this judicial district pursuant 28 U.S.C. §1391(b) in that both

defendants Morgan Lewis and Kohler reside in this judicial district and a substantial part of the

events or omissions giving rise to Landmark's claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

6.    Pursuant to Civil L.R. 3-2(c), assignment of this case to the San Jose Division is

proper because this action arises in Santa Clara County, California, and a substantial part of the

errors or omissions which give rise to Landmark's claims occurred in Santa Clara County,

California.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.    Since 2000, Landmark has been in the business of conducting pioneering

development and implementation of a two-sided, electronically-controlled, outdoor light

emitting diode ("LED") display, or electronic billboard.

8.    Landmark's revolutionary electronic billboard consists of a high-resolution LED

display screen, measuring 34 feet wide and 19 feet high, and associated proprietary control

systems and software, including "smart" technology for automatically adjusting for all lighting

conditions, maximizing clarity and visibility.  With its capability to display 36,600 discernibly

different colors in a single image, Landmark's electronic billboard can display extremely high

quality images and graphics, at color ranges and contrasts that exceed high definition television

("HDTV") quality and brilliance.

9.    Landmark's revolutionary electronic billboard has been in operation along U.S.

Highway 101 in San Carlos, California since December, 2000.  Mounted 40 feet above the

ground, Landmark's electronic billboard is visible to both directions of traffic at distances

between one-half to two-thirds of a mile, and is seen by an estimated seven million viewers per

month.  Companies placing advertisements on Landmark's electronic billboard include Sun

Microsystems, Intel, Disney, and United Airlines.

**COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT**

3

10.   Landmark's electronic billboard is a pioneering invention that is revolutionizing the outdoor advertising industry.  Its large size and high quality images, combined with the ability to display different images up to ten times per minute, make it a highly noticed and effective method for display advertising as compared to traditional static print billboards.  A recent Harris Interactive study concluded that Landmark's electronic billboard was six times more effective as an advertising medium than conventional static billboards, with the majority of the survey respondents stating that they noticed Landmark's electronic bulletin board every time they drive by.

11.   In addition to its high-quality and effective LED display, Landmark's electronic billboard provides significant advantages for advertisers over traditional static print billboards.  Content for the electronic billboard is provided by advertisers in digital format, thus significantly reducing time-to-market and eliminating the printing, shipping, and additional production costs associated with conventional billboards.  Additionally, Landmark's unique online management of the electronic billboard content allows for fast changes of advertising materials based on changing business conditions, as well as providing the means for multiple advertisers to share the same advertising space, or for a single advertiser to place multiple images, each with varying display times, on the highly visible LED screen.

12.   The use of high-definition electronic displays in place of conventional static print billboards is projected to capture a significant portion of the future spending in the outdoor advertising market, a market currently estimated at greater than $5.5 billion.  In order to compete in this lucrative and rapidly-developing marketplace, Landmark took steps to procure both United States and international patent protection on the unique and valuable aspects of Landmark's pioneering electronic billboard, as to allow Landmark to become a key player in the development, sales, and marketing of electronic billboards and related advertising and services.

13.   In connection with patenting its pioneering development work, on or about November 17, 2000 at Palo Alto, Santa Clara County, California, Landmark retained and employed the law firm of Pennie & Edmonds LLP and Kohler to represent Landmark as

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT
4

1  Landmark's attorneys at law in connection with all appropriate patent and intellectual property
2  filings worldwide in order to patent Landmark's inventions conceived in connection with
3  development of the electronic billboard.  At such time and place, Pennie & Edmonds and
4  Kohler accepted such employment and agreed to perform such services for Landmark.

5      14.  As patent counsel to Landmark, Pennie & Edmonds and Kohler owed Landmark
6  duties of care commensurate with the specialized standards of legal practice within this area.  In
7  the course of the relationship, there existed a fiduciary relationship, wherein Landmark reposed
8  trust and confidence on Pennie & Edmonds and Kohler.  Pennie & Edmonds and Kohler
9  accepted and acknowledged this fiduciary responsibility to Landmark regarding these matters.

10      15.  Landmark is informed and believes and thereon alleges that in connection with
11  this representation, on or about January 9, 2002, Pennie & Edmonds and Kohler filed a patent
12  application with the United States Patent and Trademark Office ("PTO") on Landmark's
13  pioneering electronic billboard, said application including 72 claims directed to different
14  aspects of Landmark's invention.  This application was assigned Application No. 10/045,096
15  ("the '096 application"), and has since issued as U.S. Patent No. 6,639,574 ("the '574 patent").

16      16.  Landmark is informed and believes and thereon alleges that, on or about May 6,
17  2003, in response to a restriction requirement by the PTO, Pennie & Edmonds and Kohler
18  elected to pursue claims 26-31 and 56-72 covering Landmark's invention in the '096
19  application, and cancelled the remaining claims, with patent protection on the remaining claims
20  to be obtained through a "divisional application" claiming the same filing date as the '096
21  application.

22      17.  Landmark is informed and believes and thereon alleges that, on or about August
23  13, 2003, Pennie & Edmonds and Kohler filed a divisional application with the PTO on
24  Landmark's invention, including in this divisional application those novel and valuable claims
25  covering Landmark's invention that had earlier been cancelled in response to the PTO's
26  restriction requirement on the '096 application.  This application was assigned Application No.
27  10/640,916 ("the '916 divisional application").

28

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF
CONTRACT

5

18.   Landmark is informed and believes and thereon alleges that, Pennie & Edmonds and Kohler failed to properly and with due care submit to the PTO the '916 divisional application, which included those claims covering novel and valuable aspects of Landmark's invention, by at least the following negligent errors and/or omissions:  (a) failing to include a copy of the specification and drawings with the '916 divisional application, as required by the PTO, thus rendering Landmark's divisional application incomplete; (b) submitting an obsolete and out of date transmittal letter with the '916 divisional application that failed to contain an incorporation by reference statement concerning the specifications and drawings filed with the '096 application, thus rendering Landmark's divisional application incomplete; and (c) failing to utilize a "postcard receipt," method by which the PTO could have notified Pennie & Edmonds and Kohler in a timely manner of the missing portions of the '916 divisional application.

19.   On or about October 28, 2003, the earlier-filed '096 application was issued as the '574 patent by the PTO.

20.   Landmark is informed and believes and thereon alleges that, on or about January 1, 2004, the Pennie & Edmonds partnership entered dissolution and Kohler ceased practicing law as a partner of Pennie & Edmonds and joined the law firm of Morgan Lewis, working out of Pennie's offices in Palo Alto, California for at least a portion of 2004.

21.   Landmark is informed and believes and thereon alleges that, on or about April 13, 2004, Landmark executed a Revocation and Power of Attorney with the PTO  appointing Morgan Lewis as Landmark's attorney in connection with the '574 patent and the '916 divisional application, resulting in the creation of an attorney-client relationship between Landmark and Morgan Lewis, and continuing Landmark's attorney-client relationship with Kohler, to represent Landmark as Landmark's attorneys at law in connection with all appropriate patent and intellectual property filings worldwide in order to patent any and all inventions conceived in connection with development of Landmark's electronic billboard.  At such time and place, Morgan Lewis and Kohler accepted such employment and agreed to perform such services for Landmark.

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT                 6

22.    As patent counsel to Landmark, Morgan Lewis and Kohler owed Landmark duties of care commensurate with the specialized standards of legal practice within this area.  In the course of the relationship, there existed a fiduciary relationship, wherein Landmark reposed trust and confidence on Morgan Lewis and Kohler.  Morgan Lewis and Kohler accepted and acknowledged this fiduciary responsibility to Landmark regarding these matters.

23.    Landmark is informed and believes and thereon alleges that, on or about June 22, 2004, by letter addressed to Pennie & Edmonds at their business address in Palo Alto, California, the PTO notified Pennie & Edmonds, Morgan Lewis, and Kohler of the incomplete nature of the August 13, 2003 '916 divisional application that Pennie & Edmonds and Kohler had submitted to the PTO.

24.    Commencing on or about June 22, 2004, at least Morgan Lewis partners Kohler and Michael J. Lyons ("Lyons") were aware of Kohler's malpractice in connection with the August 13, 2003 filing of Landmark's '916 divisional application and the June 22, 2004 notice from the PTO, yet each failed to promptly and fully inform their current client, Landmark, of this significant and material development affecting Landmark's valuable patent rights as required by at least their duty to keep the client informed and duty of loyalty to a client, resulting in further harm to Landmark.

25.    Landmark is informed and believes and thereon alleges that, in violation of the duties of care commensurate with the specialized standards of legal practice within the patent prosecution area, the fiduciary duty to keep the client informed, and their duty of loyalty to a client Morgan Lewis, and Kohler intentionally failed to disclose to Landmark this significant and material development affecting Landmark's valuable patent rights, and instead intentionally and actively embarked on a deceptive course of action by which Morgan Lewis, and Kohler, and each of them, actively concealed from Landmark the nature of Pennie & Edmonds, and Kohler's negligent actions in connection with the August 13, 2003 filing of the '916 divisional application.

26.    Landmark is informed and believes and thereon alleges that, in furtherance of their active efforts to conceal from Landmark the negligent actions in connection with August 13,

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT                                                                                                            7

2003 filing of the '916 divisional application, without Landmark's knowledge or consent and in further violation of the fiduciary duty to keep the client informed, on or about August 23, 2004, Morgan Lewis and Kohler filed with the PTO a "Petition to Grant a Filing Date Pursuant to 37 C.F.R. §'s 1.183 and/or 1.53(e)," ("Petition"), by which Morgan Lewis and Kohler attempted to convince the PTO to grant the earlier incompletely-filed divisional application the earlier filing date of the '574 patent.

27.    Landmark is informed and believes and thereon alleges that, on or about November 30, 2004, the PTO dismissed Morgan Lewis and Kohler's Petition, stating unequivocally that the relief requested in the Petition was not warranted due to "applicants' failure to exercise due care, or lack of knowledge of, or failure to properly apply, the patent statutes or rules of practice. . .."

28.    Landmark is informed and believes and thereon alleges that, on or about December 6, 2004, Morgan Lewis and Kohler were informed of the PTO's decision dismissing the petition.

29.    The concealment of Pennie and Kohler's improper and incomplete filing of the '916 divisional application by Morgan Lewis and Kohler resulted in the loss of "continuity," as the later-filed '916 divisional application consequently could not claim the January 9, 2002 filing date for the '574 patent and was not deemed "filed" prior to issuance of the '574 patent. Thus, to the extent any of the subject matter claimed in the '916 divisional application was in public use, sold or offered for sale, or disclosed in a printed publication greater than one year prior to the filing date of the '916 divisional application, including disclosure by the '574 patent and/or the '096 application, Landmark could now not obtain patent protection on such novel and valuable subject matter.

30.    In further violation of the fiduciary duty to keep the client informed, and their duty of loyalty to a client, Morgan Lewis and Kohler did not fully inform Landmark of the loss of its valuable patent rights until March 29, 2005, in a letter that Landmark had requested Morgan Lewis and Kohler provide in December, 2004.

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT

8

1    31.    Until on or about November 2, 2005, Morgan Lewis and Kohler continued to

2  represent Landmark as Landmark's attorney at law in connection with the invention and all

3  appropriate patent and intellectual property filings worldwide in order to patent, protect and

4  encourage licensing of Landmark's unique and pioneering intellectual property and technology

5  concerning the electronic billboard.

6    32.    On or about November 30, 2005, Landmark filed suit against Pennie & Edmonds,

7  Morgan Lewis, and Kohler in Santa Clara County Superior Court, Case No. 1-05-CV-053568,

8  alleging legal malpractice and related claims in connection with Landmark's '096 application

9  and '916 divisional application.

10    33.    On or about September 26, 2006, pursuant to the terms of the Legal Services

11  Agreement entered into between Landmark and Pennie, the Santa Clara County Superior Court

12  ordered arbitration as to Landmark's claims against Pennie and Landmark's claims against

13  Kohler arising out of Pennie's representation of Kohler.    The Superior Court did not order

14  arbitration as to Landmark's claims against Morgan Lewis.

15    34.    Landmark's claims against Pennie & Edmonds and Kohler in his capacity as a

16  Pennie partner were the subject of a AAA arbitration proceeding that concluded in March, 2008

17  with a settlement between the parties.    Morgan Lewis was not a party to the AAA arbitration

18  proceeding.

19    35.    In connection with settlement of the AAA arbitration, Landmark provided a full

20  release to Pennie.    However, Landmark's release of Kohler in the AAA arbitration was limited

21  only to Kohler's actions and omissions while a partner at Pennie, and Landmark explicitly

22  reserved its rights to pursue any and all claims arising as a result of conduct after January 1,

23  2004 against Morgan Lewis and Kohler.

24    36.    On or about May 20, 2008, the Santa Clara County Superior Court sustained

25  Morgan Lewis and Kohler's demurrer to Landmark's First Amended Complaint on the basis

26  that the Superior Court lacked subject matter jurisdiction as Landmark's claims required

27  resolution of a substantial question of federal patent law, as held by two October 15, 2007

28  decisions from the Court of Appeals for the Federal Circuit, *Air Measurement Technologies,*

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF    9
CONTRACT

1  | *Inc. v. Akin Gump Strauss Hauer & Feld*, 504 F.3d 1262 (Fed. Cir. 2007) and *Immunocept,*

2  | *LLC v. Fulbright & Jaworski*, LLP, 504 F.3d 1281 (Fed. Cir. 2007).

3  | ### FIRST CAUSE OF ACTION

4  | #### Legal Malpractice - Against All Defendants

5  | 37.  Landmark realleges and incorporates herein by reference each and every allegation

6  | set forth in paragraphs 1- 36 above.

7  | 38.  At all times alleged above, Morgan Lewis and Kohler (hereafter, "Defendants"),

8  | and each of them, failed to exercise reasonable care, skill and diligence in performing legal

9  | services for Landmark, and were negligent.

10 | 39.  Defendants' wrongful actions in failing to promptly and fully inform Landmark of

11 | Pennie and Kohler's incomplete filing of the '916 divisional application and the failure to take

12 | proper steps to correct, or to at least minimize, the harm to Landmark caused by the incomplete

13 | filing of the '916 divisional application, the intentional concealment of, and the failure to fully

14 | and properly inform Landmark as to the status of, the '916 divisional application and

15 | Defendants' Petition to the PTO resulted in the loss of valuable and pioneering patent rights

16 | and has damaged Landmark.

17 | 40.  Landmark is informed and believes and thereon alleges that, had Defendants

18 | exercised proper care, skill and diligence in the foregoing matter, Landmark's valuable and

19 | pioneering divisional patent for the electronic billboard would have been afforded the benefit of

20 | the filing date of the application for the '574 patent, thus preserving and providing to Landmark

21 | valuable patent rights to the invention.

22 | 41.  As a proximate result of Defendants' negligence described herein, Landmark has

23 | been damaged in an amount to be proven at trial, but at least in an amount in excess of the

24 | jurisdictional minimum of this Court.

25 | ### SECOND CAUSE OF ACTION

26 | #### Negligence - Against All Defendants

27 | 42.  Landmark realleges and incorporates herein by reference each and every allegation

28 | set forth in paragraphs 1-42 above.

**COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT**

1    43.    As Landmark's patent counsel, Defendants, and each of them, had a duty to

2    exercise reasonable skill in performing legal and other patent-related services for Defendants.

3    44.    In breach of this duty, Defendants, and each of them, failed to take proper steps to

4    correct, or to at least minimize, the harm to Landmark caused by the incomplete filing of the

5    '916 divisional application, and failed to fully and properly inform Landmark as to the status of

6    the '916 divisional application and Defendants' Petition to the PTO, resulting in the loss of

7    valuable and pioneering patent rights and has damaged Landmark.

8    45.    As a proximate result of Defendants' negligence described herein, Landmark has

9    been damaged in an amount to be proven at trial, but at least in an amount in excess of the

10    jurisdictional minimum of this Court.

11    **THIRD CAUSE OF ACTION**

12    **Breach of Fiduciary Duty - Against All Defendants**

13    46.    Landmark realleges and incorporates herein by reference each and every allegation

14    set forth in paragraphs 1-45 above.

15    47.    An attorney-client relationship is a fiduciary relationship of the very highest

16    character.

17    48.    The scope of an attorney's fiduciary duties to a client are determined as a matter

18    of law based on the California Rules of Professional Conduct together with other statutes and

19    general principles relating to other fiduciary relationships.    As a fiduciary, an attorney's

20    obligations include the duty of care, the duty of loyalty, and the duty to keep the client

21    informed.

22    49.    By virtue of the attorney-client relationship that existed between Defendants and

23    Landmark, Defendants, and each of them, owed to Landmark a fiduciary duty.

24    50.    By virtue of Landmark having placed confidence and trust in the fidelity and

25    integrity of Defendants, and entrusting Defendants with the prosecution of all appropriate

26    patent and intellectual property filings worldwide in order to patent the invention and protect

27    and make possible licensing of the invention, a confidential relationship existed at all relevant

28    times herein mentioned between one or more of Defendants and Landmark.

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF    11
CONTRACT

51. In spite of having voluntarily accepted the trust and confidence of Landmark with regard to the prosecution of all appropriate patent and intellectual property filings worldwide in order to patent the invention and thus to protect and encourage licensing of the invention, Defendants, and each of them, violated and abused the trust and confidence of Landmark by failing to properly and diligently perform legal services for Landmark and by intentionally concealing and failing to fully and properly inform Landmark of the status of the '916 divisional application and Defendants' Petition to the PTO.

52. The above-described actions by Defendants, and each of them, were contrary to the best interests of Landmark, and were done in the absence of good faith with a reckless disregard for Defendants' fiduciary duties and Landmark's rights and with intent to defraud, under circumstances Defendants knew would damage Landmark.

53. As a proximate result of the acts of Defendants described herein, Landmark has been damaged in the amount to be proven at trial, but at least in an amount in excess of the jurisdictional minimum of this Court.

54. The above-described actions by Defendants, and each of them, were done with bad faith, malice, fraud and oppression and with reckless disregard of the likelihood that the harm would result in substantial damages to Landmark. Accordingly, Landmark seeks an award of punitive damages.

## FOURTH CAUSE OF ACTION

### Breach of Implied Contract - Against Morgan, Lewis & Bockius

55. Landmark realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-54 above.

56. Since at least as early as April 13, 2004, an implied-in-fact contract existed between Morgan Lewis and Landmark. Pursuant to this contract, Morgan Lewis agreed to provide legal services to Landmark in connection with the patenting of Landmark's digital billboard invention.

57. Morgan Lewis failed to timely, properly, and with due care render legal services to Landmark, in breach of its contract with Landmark.

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF CONTRACT

1    58.    As a proximate result of the acts of Morgan Lewis described herein, Landmark

2  has been damaged in the amount to be proven at trial, but at least in an amount in excess of the

3  jurisdictional minimum of this Court.

4                        **PRAYER FOR RELIEF**

5    **WHEREFORE**, Plaintiff LANDMARK SCREENS, LLC ("Landmark") prays for the

6  following relief:

7    A.    That Landmark be awarded its actual damages, in an amount to be proven at trial;

8    B.    That Landmark be awarded its incidental and consequential damages in an amount

9  to be proven at trial;

10   C.    That Landmark be awarded such exemplary and punitive damages as allowed by

11  law;

12   D.    That Landmark be awarded its costs;

13   E.    That Landmark be awarded pre-judgment and post-judgment interest at the

14  maximum legal rate; and

15   F.    That Landmark be granted other and further relief as this Court may deem proper.

16  Dated: May 20, 2008                    MacPHERSON KWOK CHEN & HEID LLP

17

18                                By _____
                                    CLARK S. STONE
19                                  Attorneys for Plaintiff
                                    LANDMARK SCREENS, LLC

20

21

22

23

24

25

26

27

28

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF        13
CONTRACT

**DEMAND FOR JURY TRIAL**

1

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff LANDMARK

3   SCREENS, LLC hereby demands a trial by jury on all issues so triable in this action.

4

5   DATED: May 20, 2008                    MacPHERSON KWOK CHEN & HEID LLP

6

7                                          By _____

8                                             CLARK S. STONE
                                              Attorneys for Plaintiff
9                                             LANDMARK SCREENS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND BREACH OF    14
CONTRACT

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

LANDMARK SCREENS, LLC, a Delaware Limited Liability Company

## DEFENDANTS

MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership and THOMAS D. KOHLER, an individual

**(b)** County of Residence of First Listed Plaintiff    Santa Clara, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Santa Clara, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Clark S. Stone, Steven M. Levitan, Inchan A. Kwon
MacPherson Kwok Chen & Heid LLP
2033 Gateway Place, Suite 400, San Jose, CA 95051
Telephone: (408) 392-9250; Facsimile: (408) 392-9262

Attorneys (If Known)

*E-FILING*

C08  02581  HRL

*ADR*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus— Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | | ☐ 7 Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Legal Malpractice, Negligence, Breach of Fiduciary Duty, Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 20, 2008 | *Clark S. Stone* |