KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
WENDY J. THURM - #163558
STEVEN P. RAGLAND - #221076
COURTNEY TOWLE - #221698
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188
epeters@kvn.com
wthurm@kvn.com
sragland@kvn.com
ctowle@kvn.com

Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP and
THOMAS D. KOHLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK SCREENS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership; and THOMAS D. KOHLER, an individual,<br><br>Defendants. | Case No. 5:08-cv-2581 JF<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(F); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      September 26, 2008<br>Time:      9:00 a.m.<br>Judge:    Honorable Jeremy Fogel<br>           Courtroom 3, 5th Floor<br><br>Date Comp. Filed:    May 21, 2008<br><br>Trial Date: None set |

422756.01

# TABLE OF CONTENTS

**Page(s)**

STATEMENT OF ISSUES TO BE DECIDED ...................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................3

I.      INTRODUCTION ...............................................................................................3

II.     BACKGROUND AND FACTS ALLEGED..........................................................4

        A.      The alleged misconduct ...........................................................................4

        B.      Landmark litigates its claims in Santa Clara Superior Court...................5

        C.      Landmark files suit in federal court ..........................................................6

III.    ARGUMENT .....................................................................................................6

        A.      Legal Standard for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)........................6

        B.      Landmark's First, Second, Third and Fourth Causes of Action are
                time-barred under the one-year statute of limitations imposed by
                California Code of Civil Procedure § 340.6 ............................................7

                1.      Section 340.6 applies to Counts One, Two, Three, and Four. ...............7

                2.      No tolling provisions apply..................................................8

                3.      Landmark's federal lawsuit does not "relate back" to prior state
                        court litigation ..........................................................10

        C.      Landmark's Fifth Cause of Action for Actual Fraud fails to state a
                claim upon which relief can be granted ....................................11

                1.      Landmark's allegations fail to state a claim for actual fraud
                        under California law ....................................................11

                        a.      Landmark does not allege misrepresentation of any
                                material fact or any actual reliance thereon sufficient to
                                state a claim for actual fraud....................................12

                        b.      Landmark fails to allege damages sufficient to state a
                                claim for actual fraud ..............................................13

                2.      Landmark's Actual Fraud cause of action fails under Federal
                        Rule of Civil Procedure 9(b)......................................14

        D.      If Landmark's First Amended Complaint is not dismissed in its
                entirety, the improper allegations regarding Defendants' litigation
                conduct should be stricken pursuant to Federal Rule of Civil Procedure
                12(f)....................................................................................15

IV.     CONCLUSION................................................................................17

i

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*In re 2TheMart.com Securities Litig.*,
114 F. Supp. 2d 955 (C.D. Cal. 2000) ....................................................................16

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519 (1983)....................................................................................................4, 6

*Benge v. United States*,
17 F.3d 1286 (10th Cir. 1994) ...................................................................................10

*Campanelli v. Bockrath*,
100 F.3d 1476 (9th Cir. 1996) .....................................................................................6

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)....................................................................................................10

*Colaprico v. Sun Microsystems, Inc.*,
758 F. Supp. 1335 (N.D. Cal. 1991) ...................................................................15, 16

*Conley v. Gibson*,
355 U.S. 41 (1957).........................................................................................................6

*County of Santa Clara v. Astra U.S., Inc.*,
428 F. Supp. 2d 1029 (N.D. Cal. 2006) ......................................................................6

*Epstein v. Wash. Energy Co.*,
83 F.3d 1136 (9th Cir. 1996) .......................................................................................6

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) .............................................................................15, 16

*In re GlenFed, Inc. Sec. Litig.*,
42 F.3d 1541 (9th Cir. 1994) .....................................................................................14

*Glen Holly Enterprise, Inc. v. Tektronix, Inc.*,
100 F. Supp. 2d 1086 (C.D. Cal. 1999) ....................................................................14

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
153 F.3d 1318 (Fed. Cir. 1998) .................................................................................10

*LeDuc v. Kentucky Central Life Ins. Co.*,
814 F. Supp. 820 (N.D. Cal. 1992) .....................................................................15, 16

*MGA Entm't, Inc. v. Mattel, Inc.*,
No. CV 05-2727, 2005 U.S. Dist. LEXIS 18594 (C.D. Cal. August 25, 2005).........................................................................................................................16

*Menjivar v. Trophy Propertries IV De, LLC*,
No. C 06-03086 SI, 2006 U.S. Dist. LEXIS 76245 (N.D. Cal. October 6, 2006).........................................................................................................................16

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) .......................................................................................7

*Sapiro v. Encompass Ins.*,
221 F.R.D. 513 (N.D. Cal. 2004)...............................................................................15

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) .....................................................................................15

ii

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

*In re Silicon Graphics, Inc. Sec. Litig.*,
  970 F. Supp. 746 (N.D. Cal. 1997) ................................................................6

4

*Sosa v. DIRECTTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) .......................................................................16

5

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .........................................................................6

6

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .....................................................................14

7

# STATE CASES

8

*Abbot v. Stevens*,
  33 Cal. App. 2d 242 (1955) ..........................................................................13

9

*Adams v. Superior Ct.*,
  2 Cal. App. 4th 521 (1992) ...........................................................................16

10

*Adkins v. Wycoff*,
  152 Cal. App. 2d 684 (1957) ........................................................................12

11

*Bezaire v. Fidelity & Deposit Co.*,
  12 Cal. App. 3d 888 (1970) ..........................................................................12

12

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004) .......................................................................12

13

*Gordon v. Law Offices of Aguirre & Meyer*,
  70 Cal. App. 4th 972 (1999) .......................................................................7, 9

14

*Hall v. Dep't of Adoptions*,
  47 Cal. App. 3d 898 (1975) ..........................................................................11

15

*Hill v. Wrather*,
  158 Cal. App. 2d 818 (1958) ........................................................................13

16

*Holiday Matinee, Inc. v. Rambus, Inc.*,
  118 Cal. App. 4th 1413 (2004) .....................................................................10

17

*Jordache Enter., Inc. v. Brobeck, Phleger & Harrison*,
  18 Cal. 4th 739 (1998) ...................................................................................9

18

*Laird v. Blacker*,
  2 Cal. 4th 606 (1992) .................................................................................7, 9

19

*Nagy v. Nagy*,
  210 Cal. App. 3d 1262 (1989) ..................................................................11, 13

20

*Neville v. Chudacoff*,
  160 Cal. App. 4th 1255 (2008) .....................................................................16

21

*Quintilliani v. Mannerino*,
  62 Cal. App. 4th 54 (1998) .............................................................................7

22

*Rubin v. Green*,
  4 Cal. 4th 1187 (1993) ..................................................................................16

23

*Silberg v. Anderson*,
  50 Cal. 3d 205 (1990) ...................................................................................16

24

25

26

27

28

iii

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

# TABLE OF AUTHORITIES

**Page(s)**

*South Tahoe Gas Co. v. Hoffman Land Improvement Co.*,
  25 Cal. App. 3d 750 (1972) ....................................................................12

*Southland Medical Constructors Corp. v. Nixen*,
  119 Cal. App. 3d 417 (1981) ....................................................................7

*Stoll v. Superior Court*,
  9 Cal. App. 4th 1362 (1992) .............................................................7, 8, 9

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal. App. 3d 1324 (1986) .................................................................11

## FEDERAL STATUTES

Federal Rule of Civil Procedure 9(b)......................................1, 2, 11, 14, 15

Federal Rule of Civil Procedure 12(f) .........................................1, 4, 15, 16

Federal Rule of Civil Procedure 12(b)(6) ................................1, 3, 6, 11, 17

Federal Rule of Civil Procedure 15(c)(1) ...........................................10

## STATE STATUTES

California Code of Civil Procedure § 47(b)......................................1, 2, 16

California Code of Civil Procedure § 340.6 .................................... passim

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

2

**PLEASE TAKE NOTICE**, that on September 26, 2008, at 9:00 a.m. or as soon

3

thereafter as the matter may be heard, before the Honorable Jeremy Fogel, United States District

4

Court, Courtroom 3, 5th Floor, 280 South 1st Street in San Jose, California, defendants Morgan,

5

Lewis & Bockius LLP and Thomas D. Kohler will, and hereby do, move the Court for an order

6

dismissing Landmark Screens, LLC's First Amended Complaint pursuant to Fed. R. Civ. P. 9(b),

7

12(b)(6), and Cal. Code. Civ. Proc. § 340.6 or, in the alternative, striking paragraphs 45, 47, and

8

50 from the First Amended Complaint pursuant to Fed. R. Civ. P. 12(f) and Cal. Civ. Code

9

§ 47(b).

10

This motion is based on this Notice of Motion, the Memorandum of Points and

11

Authorities below, the accompanying Request for Judicial Notice, and such other and further

12

papers and argument as may be submitted to the Court at or before the hearing on this motion.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether Plaintiff's claims for legal malpractice (count I), negligence (count II), breach of fiduciary duty (count III), and breach of an implied-in-fact contract (count IV) in its First Amended Complaint should be dismissed as time-barred under Cal. Code. Civ. Proc. § 340.6;

2.    Whether Plaintiff's claim for actual fraud (count V) in its First Amended Complaint should be dismissed for failure to allege any misrepresentations of material fact or actual reliance;

3.    Whether Plaintiff's claim for actual fraud (count V) in its First Amended Complaint should be dismissed for failure to allege any specified damages;

4.    Whether Plaintiff's claim for actual fraud (count V) in its First Amended Complaint should be dismissed for failure to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b); and, alternatively,

5.    Whether Plaintiff's allegations in paragraphs 45, 47, and 50 shall be stricken from the First Amended Complaint because these paragraphs allege conduct protected by California's litigation privilege, Cal. Civ. Code § 47(b).

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This complaint is time-barred and fails to state a claim for actual fraud. It involves alleged harm to Plaintiff Landmark Screens, LLC arising from legal services related to patent prosecution provided by Defendant Thomas D. Kohler while a partner with Defendant Morgan Lewis & Bockius, LLP ("Defendants"). California Code of Civil Procedure § 340.6 requires all legal malpractice-related causes of action, except for actual fraud, to be filed no more than one year after the plaintiff discovers the attorney's alleged error. But, Landmark waited two-and-a-half years to bring this federal case against Defendants. It is time-barred.

In those two-and-a-half years, Landmark instead pursued claims against Defendants in a lawsuit filed in Santa Clara Superior Court—despite clear notice in the law that state law causes of action that raise substantial issues of patent law are in the exclusive jurisdiction of the federal courts. Landmark could have—and should have—come to federal court in the first instance, but it made the tactical decision to pursue state court relief on its claims. Thus, the statute of limitations has run on Landmark's first through fourth causes of action and they should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

In an apparent effort to avoid this clear time bar, Landmark cobbled together and added a fifth cause of action to its First Amended Complaint alleging actual fraud. Although not time-barred on its face, the fraud claim also should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim under both federal and state pleading standards.

If the Court does not dismiss Landmark's First Amended Complaint in its entirety, it should strike several paragraphs that allege conduct arising directly from the lawsuit that Landmark filed in Santa Clara Superior Court. In particular, Landmark claims that Defendants' motion practice and successful demurrer before the state court somehow amount to improper conduct. Not only were these litigation efforts and positions endorsed by the Santa Clara Superior Court (as Landmark admits), they are indisputably protected by California's litigation privilege. This litigation conduct cannot support any cause of action. In the event the Court grants Landmark leave to amend, the Court additionally should strike Landmark's litigation-

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

1  conduct allegations pursuant to Federal Rule of Civil Procedure 12(f).

## II.    BACKGROUND AND FACTS ALLEGED

### A.    The alleged misconduct

This case involves patent law services Defendants provided to the Plaintiff years ago—in 2004 and 2005.  *See* First Amended Complaint ("FAC") ¶¶ 22, 42-43.[1]  Landmark claims that Defendants committed legal malpractice, (count I), acted negligently (count II), breached a fiduciary duty owed to Landmark (count III), and committed actual fraud against the company (count V) in conjunction with representing Landmark in prosecuting patent applications covering alleged inventions used in one of its products—an outdoor LED billboard.  *See generally* FAC. Landmark also claims that Defendant Morgan Lewis breached an implied-in-fact contract with Landmark (count IV) "to provide legal service[s] … in connection with the patenting of Landmark's digital billboard invention."  FAC ¶ 71.

Specifically, Landmark claims that non-defendants and former Landmark counsel Pennie & Edmonds LLP, and Kohler in his capacity as a Pennie & Edmonds partner, failed to submit a complete "divisional application" to the United States Patent and Trademark Office (PTO), FAC ¶ 19, and failed to use a "postcard receipt" method of filing the divisional application which would have provided "timely" notification of defects in the application.  *Id.*  Landmark has settled all claims with Pennie & Edmonds and Kohler in his capacity as a Pennie & Edmonds partner.  FAC ¶ 49.

As to Defendants here, Landmark claims that they "failed to promptly and fully inform" it of a notice from the PTO that the divisional application filed by Pennie & Edmonds was incomplete.  FAC ¶ 25.  Landmark claims this alleged failure to inform was intentional rather than inadvertent and meant to "conceal" Pennie & Edmonds' mistake regarding the divisional application.  *See* FAC ¶¶ 26-30.  Landmark further alleges that Defendants' efforts to remedy the divisional application defect were unauthorized and that statements made to Landmark about the

---

[1] For the purpose of this motion to dismiss only, Defendants assume, as they must, that all properly pleaded allegations in the Complaint are true.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Defendants expressly reserve the right to challenge any allegation described here and/or in the First Amended Complaint.

1   situation were "false and deceptive" and somehow fraudulent. *See* FAC ¶¶ 31-41. Landmark

2   states it discovered all these alleged harms "late summer or fall 2005" and terminated the

3   relationship with Defendants on November 2, 2005. FAC ¶¶ 42-43.

4   **B.    Landmark litigates its claims in Santa Clara Superior Court**

5           On November 30, 2005, Landmark sued Pennie & Edmonds, Morgan Lewis, and Kohler

6   in Santa Clara Superior Court. FAC ¶ 44. Ten months later, on September 26, 2006, the

7   Superior Court stayed the case against Morgan Lewis and Kohler in his capacity as a Morgan

8   Lewis partner while Landmark's claims against Pennie & Edmonds and Kohler in his capacity as

9   a Pennie & Edmonds partner went to arbitration. FAC ¶¶ 46-47. Landmark alleges that the

10  court-ordered stay "further prevent[ed] Landmark from pursuing its claims against Morgan

11  Lewis and Kohler…." FAC ¶ 47.

12          After a year and a half of arbitration proceedings, Landmark settled its claims with

13  Pennie & Edmonds and Kohler in his capacity as a Pennie & Edmonds partner. FAC ¶¶ 48-49.

14  Landmark does not allege that it sought any relief as to Defendants in any forum during this

15  period in which the state court case against them was stayed.

16          Following the arbitration proceeding, the case returned to the Superior Court. Defendants

17  secured new counsel in Keker & Van Nest, LLP, and filed a demurrer to the operative state court

18  complaint (that complaint is attached as exhibit A to Defendants' accompanying Request for

19  Judicial Notice).[2] The demurrer argued that the Superior Court lacked jurisdiction because

20  litigating the dispute requires resolution of substantial issues of patent law. *See* FAC ¶ 51. On

21  May 21, 2008, the Superior Court sustained Defendants' demurrer and denied Landmark leave to

22  amend. *See* FAC ¶ 51.

23          Landmark alleges that Morgan Lewis and Kohler's demurrer and related "refusal to

24  respond to written discovery and deposition notices" after the case returned to the state court

25  earlier this year "further prevented [it] from pursuing its claims...." FAC ¶ 50.

26

27  [2] Defendants ask the Court to take judicial notice of Landmark's state court complaint. *See*
    Defendants' Request for Judicial Notice in Support of Motion to Dismiss First Amended
28  Complaint, filed herewith. *See also infra* III.A. (discussing legal standard for motion to dismiss).

5
NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1    **C.    Landmark files suit in federal court**

2        On or about the same day that the Superior Court sustained Morgan Lewis and Kohler's

3    demurrer, Landmark filed suit here, alleging substantially the same conduct.  *Compare* Docket

4    Item No. 1 (initial federal complaint) *with* Ex. A (state court complaint).  Several weeks later,

5    Landmark filed a First Amended Complaint alleging for the first time in a pleading filed with

6    any court that Morgan Lewis and Kohler committed actual fraud in connection with their

7    representation of the company.  *See generally*, FAC.

8                                    **III.    ARGUMENT**

9    **A.    Legal Standard for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)**

10        "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged

11    in the complaint."  *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1032 (N.D.

12    Cal. 2006).  While the court must accept all properly pled factual allegations in the complaint as

13    true, and must construe them and draw all reasonable inferences from them in favor of the

14    nonmoving party, the court may not assume that "the [plaintiffs] can prove facts that [they have]

15    not alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

16    459 U.S. 519, 526 (1983).

17        A complaint should be dismissed where "it appears beyond doubt that the plaintiff can

18    prove no set of facts in support of his claim which would entitle him to relief."  *Conley v.*

19    *Gibson*, 355 U.S. 41, 45-46 (1957).  Moreover, "conclusory allegations of law and unwarranted

20    inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Epstein v.*

21    *Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  A court is not required to credit

22    conclusory legal allegations presented as factual allegations, "unwarranted deductions of fact, or

23    unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

24        In deciding a motion to dismiss for failure to state a claim, the court's review generally is

25    limited to the contents of the complaint.  *See Campanelli v. Bockrath*, 100 F.3d 1476, 1479

26    (9th Cir. 1996).  Documents "are considered part of the pleadings if they are referred to in the

27    plaintiff's complaint and are central to [its] claim."  *In re Silicon Graphics, Inc. Sec. Litig.*,

28    970 F. Supp. 746, 758 (N.D. Cal. 1997) (internal citation omitted).  Additionally, in considering

6
NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1    a motion to dismiss, the court may consider a document attached to the defendant's motion even

2    if it is not explicitly mentioned in the complaint, as long as its authenticity is not at issue and it is

3    a document on which the plaintiff's complaint relies. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-

4    706 (9th Cir. 1998), *superseded on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*,

5    443 F.3d 676, 681 (9th Cir. 2006).

6    **B.    Landmark's First, Second, Third and Fourth Causes of Action are time-barred
     under the one-year statute of limitations imposed by California Code of Civil

7    Procedure § 340.6**

8            In California, "an action against an attorney for a wrongful act or omission, other than for

9    actual fraud, arising in the performance of professional services" must be commenced "within

10   one year after the plaintiff discovers, or through the use of reasonable diligence should have

11   discovered, the facts constituting the wrongful act or omission, or four years from the date of the

12   wrongful act or omission, whichever occurs first." Cal. Code. Civ. Proc. § 340.6(a) (emphasis

13   added). Landmark admits it discovered "the facts constituting the wrongful act or omission"

14   some time in 2005. FAC ¶ 42. Therefore, the one-year limitations period applies. *Gordon v.*

15   *Law Offices of Aguirre & Meyer*, 70 Cal. App. 4th 972, 977 (1999).

16           **1.    Section 340.6 applies to Counts One, Two, Three, and Four.**

17           Landmark's first cause of action alleges legal malpractice, and so clearly falls within the

18   purview of section 340.6. However, section 340.6's application is not limited only to causes of

19   action styled "Legal Malpractice." Rather, the legislative history and the plain language of the

20   statute are clear that the one-year limitations period applies to all claims alleging damages arising

21   from attorney services, except those for actual fraud. *Stoll v. Superior Court*, 9 Cal. App. 4th

22   1362, 1366 (1992). Indeed, with the sole exception of actual fraud, section 340.6 applies to any

23   claim against an attorney related to the provision of professional services "whether the theory of

24   liability is based on the breach of an oral or written contract, a tort, or a breach of a fiduciary

25   duty." *Quintilliani v. Mannerino*, 62 Cal. App. 4th 54, 68 (1998); *see also Southland Medical*

26   *Constructors Corp. v. Nixen*, 119 Cal. App. 3d 417, 431 (1981)[3] ("we conclude that the

27   ─────────────────────
     [3] Disapproved on other grounds in *Laird v. Blacker*, 2 Cal. 4th 606, 619 (1992).

28

7

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1   Legislature intended to include contract actions within 340.6"); *Stoll*, 9 Cal. App. 4th at 1369

2   (claims of breach of fiduciary duty subject to Cal. Code Civ. Proc. § 340.6 one-year limitations

3   period).

4        Here, Landmark alleges:

5   •    Legal Malpractice in its first cause of action, alleging that Defendants "failed to

6        exercise reasonable care, skill and diligence in performing legal services for

7        Landmark, and were negligent."  FAC ¶ 53.

8   •    Negligence in its second cause of action arising from a purported failure "to

9        exercise reasonable skill in performing legal and other patent-related services for

10       Defendants [sic]."  FAC ¶ 58.

11  •    Breach of Fiduciary Duty in its third cause of action based on "an attorney's

12       fiduciary duties to a client," FAC ¶ 63, and "the attorney-client relationship that

13       existed between Defendants and Landmark."  FAC ¶ 64.

14  •    Breach of Implied Contract in its fourth cause of action based on "an implied-in-

15       fact contract" by which "Morgan Lewis agreed to provide legal services to

16       Landmark."  FAC ¶ 71.

17       Every one of these claims falls squarely within the scope of Cal. Code Civ. Proc. § 340.6

18  because they all relate to the provision of legal services.  As such, to be maintained, they must be

19  brought within one year of discovery.  They were not and therefore are time-barred.

20  **2.    No tolling provisions apply**

21       The statute provides four specific circumstances in which the limitations period may be

22  tolled:

23  (1)    The plaintiff has not sustained actual injury;

24  (2)    The attorney continues to represent the plaintiff regarding the specific
25         subject matter in which the alleged wrongful act or omission occurred;

26  (3)    The attorney willfully conceals the facts constituting the wrongful act or
         omission when such facts are known to the attorney, <u>except that this
         subdivision shall toll only the four-year limitation</u>; and
27

28  (4)    The plaintiff is under a legal or physical disability which restricts the
         plaintiff's ability to commence legal action.

8

1   Cal Code Civ Proc § 340.6 (emphasis added).

2       None of these circumstances apply here. Landmark claims it was injured well before the

3   attorney-client relationship terminated in November 2005, so § 340.6(a)(1) does not apply. *See,*

4   *e.g.,* FAC ¶¶ 19, 25-26, 28, 30, 34, 35, 42. Defendants ceased to represent Landmark in any

5   capacity on November 2, 2005, so there is no tolling available beyond that date for continuing

6   representation pursuant to § 340.6(a)(2). *See* FAC ¶ 43. While Landmark does allege that

7   Defendants concealed certain facts, the 340.6(a)(3) tolling provision does not apply here

8   because it "shall toll only the four-year limitation" period, and (as discussed *supra* III.B.) the

9   shorter one-year limitations period applies here. Finally, Landmark claims no disability that

10  would trigger § 340.6(a)(4).

11      These tolling provisions are the only ones that apply to legal malpractice actions in

12  California. As the California Supreme Court has explained, the "Legislature expressly intended

13  to disallow tolling under any circumstances not enumerated in the statute." *Laird v. Blacker*,

14  2 Cal. 4th 606, 618 (1992). Indeed, "[t]he limitation of one year was designed to counteract the

15  potential of lengthy periods of potential liability wrought by the adoption of the discovery rule,

16  and thereby reduce the costs of malpractice insurance." *Stoll*, 9 Cal. App. 4th at 1368. As the

17  Supreme Court of California has emphasized, section 340.6 strikes a balance between a

18  plaintiff's interest in pursuing claims and the public policy interest in "prompt assertion of

19  known claims," and "[t]he Legislature expressly disallowed tolling under any circumstances not

20  stated in the statute." *Jordache Enters., Inc. v. Brobeck, Phleger & Harrison*, 18 Cal. 4th 739,

21  756 (1998).

22      The California Supreme Court has cautioned that "[t]he courts may not shift that balance

23  by devising expedients that extend or toll the limitations period." *Id.* Indeed, the doctrine of

24  equitable tolling simply <u>does not apply</u> to section 340.6. *Gordon v. Law Offices of Aguirre &*

25  *Meyer*, 70 Cal. App. 4th 972, 979-980 (1999).

26      In the First Amended Complaint, Landmark alleges that "in or around late summer or

27  fall 2005, Landmark discovered the effects of Morgan Lewis' and Kohler's [alleged

28  misconduct]." FAC ¶ 42. Landmark further claims that Defendants continued to represent it "in

9

1    connection with the invention" until November 2, 2005.  FAC ¶ 43.  Therefore, the latest date

2    Landmark can claim the statute of limitations began running is November 2, 2005.  By that time,

3    both federal and state law put Landmark on notice that state law causes of action that raise

4    substantial questions of federal patent law are within the exclusive jurisdiction of the federal

5    courts.  *See*, *e.g.*, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-809 (1988)

6    (federal court jurisdiction is exclusive for "cases in which a well-pleaded complaint establishes

7    … that the plaintiff's right to relief necessarily depends on resolution of a substantial question of

8    patent law"); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1338 (Fed. Cir.

9    1998) (federal jurisdictional exclusivity for substantial questions of patent law important to

10   "ensure the integrity of [patent] law"); *Holiday Matinee, Inc. v. Rambus, Inc.*, 118 Cal. App. 4th

11   1413, 1425-1426 (2004) (state court lacks jurisdiction even where only state law causes of action

12   are pled, if the "heart" of a plaintiff's claim involves "a substantial question of federal patent

13   law").

14       Landmark, therefore, has no basis for tolling its stale claims.

15       **3.    Landmark's federal lawsuit does not "relate back" to prior state court
             litigation**

16

17       Landmark may try to save its time-barred causes of action by claiming they relate back to

18   its state court litigation against Defendants.  But, they do not—and cannot—relate back.

19       Federal Rule of Civil Procedure 15(c)(1) controls whether or not a subsequent filing

20   relates back to an earlier one.  It provides three specific circumstances when "an amendment to a

21   pleading relates back to the date of the original pleading," none of which apply here.  *Id*.

22   Moreover, the relation back doctrine applies only to <u>amendments</u> of pleadings, not separately

23   filed claims (much less separate claims filed in a wholly different jurisdiction).  As the Tenth

24   Circuit has explained, "a separately filed claim, as opposed to an amendment or supplementary

25   pleading, does not relate back to a previously filed claim."  *Benge v. United States*, 17 F.3d 1286,

26   1288 (10th Cir. 1994).  Here, Landmark's initial complaint in this Court was a "separately filed

27   claim" from its state court action filed in 2005.  This action does not "relate back" to the state

28   court litigation.

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

1                              *     *     *     *

2          Landmark's first four causes of action, therefore, are subject to the one year statute of

3   limitations provided by Cal. Code Civ. Proc. § 340.6.  According to Landmark's own allegations,

4   the statute commenced no later than November 2, 2005.  Because Landmark waited more than

5   two-and-a-half years to file this lawsuit, these claims are time-barred and must be dismissed

6   pursuant to Federal Rule of Civil Procedure 12(b)(6).

7   **C.      Landmark's Fifth Cause of Action for Actual Fraud fails to state a claim upon
            which relief can be granted**

8
9          Landmark alleges three acts that it claims constitute actual fraud:  (1) concealment of a

10  June 2004 notice from the Patent and Trademark office, FAC ¶¶ 24, 26, 29, 75-76, 83;

11  (2) misrepresentations in a March 2005 letter, FAC ¶¶ 36-38, 77-80, 83; and

12  (3) misrepresentations in a May 2005 meeting, FAC ¶¶ 40, 81, 83.  None of these allegations

13  state a case for actual fraud under either California law or pursuant to Federal Rule of Civil

14  Procedure 9(b)'s heightened pleading requirements.

15         **1.      Landmark's allegations fail to state a claim for actual fraud under California
                  law**

16         The elements of fraud in California are:  "(a) misrepresentation; (b) knowledge of falsity

17  (scienter); (c) intend to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting

18  damage."  *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989).  For fraud allegations, "[e]very

19  element of the cause of action … must be alleged in the proper manner … and the policy of

20  liberal construction of the pleadings will not ordinarily be invoked to sustain a pleading defective

21  in any material respect."  *Id*.  In other words, "every element of the action … must be alleged in

22  full, factually and specifically."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d

23  1324, 1331-1332 (1986).  California courts have emphasized that "[i]t is bad for courts to allow

24  and lawyers to use vague and artful pleading of fraud simply to get a foot in the courtroom

25  door."  *Id*.; *Hall v. Dept. of Adoptions*, 47 Cal. App. 3d 898, 904 (1975) (same).  Here,

26  Landmark's fraud allegations are defective in multiple material respects, each of which

27  independently requires the cause of action to be dismissed.

28

422756.01

### a. Landmark does not allege misrepresentation of any material fact or any actual reliance thereon sufficient to state a claim for actual fraud

To state a claim for fraud, the alleged misrepresentation must be of a material fact. *South Tahoe Gas Co. v. Hoffman Land Improvement Co.*, 25 Cal. App. 3d 750 (1972). A fact is material only if the plaintiff would not have acted as it did absent its understanding of that fact. *Adkins v. Wycoff*, 152 Cal. App. 2d 684, 689 (1957). A plaintiff cannot state a case for fraud unless he can demonstrate how he would have changed his position had he known that the representation was false at the time. *Bezaire v. Fidelity & Deposit Co.*, 12 Cal. App. 3d 888, 893 (1970). To state a case for fraud, the alleged misrepresentation must be an "immediate cause" of the defendant's conduct. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) ("Actual reliance occurs when the defendant's misrepresentation is an immediate cause of the plaintiff's conduct, altering his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction").

Here, Landmark has not alleged that Defendants misrepresented any <u>material</u> fact. Even if Defendant Kohler did, for example, misrepresent that a senior partner at the firm was involved in the Landmark matter, or that a "clerical" error caused the divisional application to be incomplete, the complaint fails to explain how those facts (or any other fact alleged) would be material as a matter of law. None of the supposed misrepresentations in the March 2005 letter or in the May 2005 meeting are alleged to be material in the sense that Landmark would have acted differently at the time had it known the truth. The First Amended Complaint does nothing to specify the course of action Landmark would have taken had it known the "true" facts behind each of the allegedly fraudulent acts.

In fact, Landmark admits that by the time of the alleged misrepresentations in 2005, "it was not possible to obtain the claims in the '916 divisional application [that had been] lost." FAC ¶ 36b. This means that by the time the alleged fraud occurred, Landmark's patent rights were already "lost." Landmark, therefore, cannot prove it was damaged by Defendants' supposed fraudulent acts in 2005. According to Landmark, the damage was already done. This is a fatal admission that directly contradicts Landmark's actual fraud claim.

12

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1   Landmark's fifth cause of action, therefore, fails to state a claim of actual fraud and

2   should be dismissed.

          **b.    Landmark fails to allege damages sufficient to state a claim for actual fraud**

3

4   It has long been established in California that "[f]raudulent representations which work

5   no damage cannot give rise to an action at law." *Abbot v. Stevens*, 33 Cal. App. 2d 242, 247

6   (1955). Indeed, "[a]n allegation of a definite amount of damage is essential to stating a [fraud]

7   cause of action." *Nagy*, 210 Cal. App. 3d at 1268-1269. A complaint is defective if it does not

8   "allege a definite amount of damage." *Id.* Moreover, the alleged fraud and the damage sustained

9   must have a cause and effect relationship to each other. *Hill v. Wrather*, 158 Cal. App. 2d 818,

10  825 (1958).

11  In *Nagy*, for example, the alleged fraud was the plaintiff's ex-wife's misrepresentation

12  that he was the father of her son, which led him to "develop[] 'a very close and intimate

13  relationship with [a boy] and [he] did and performed all acts that a father would towards a son.'"

14  *Nagy*, 210 Cal. App. 3d at 1268. The plaintiff sufficiently alleged four of the five elements for

15  actual fraud: "(a) misrepresentation; (b) knowledge of falsity (scienter); (c) intend to defraud,

16  i.e., to induce reliance; [and] (d) justifiable reliance." *Id.* But, in an effort to meet the final

17  damages element for actual fraud, the complaint alleged only that the plaintiff "was damaged in

18  an amount to be determined at the time of trial." *Id.* That failed to state a cause of action for

19  fraud because "[the plaintiff] did not allege a definite amount of damage." *Id.*

20  Here, Landmark has made the **exact same defective damages allegation** as did the

21  unsuccessful plaintiff in *Nagy*. Specifically, Landmark alleges that it "has been damaged in an

22  amount to be proven at trial," FAC ¶ 85, and provides no further measure of harm for the alleged

23  actual fraud. Landmark also does not explain in the FAC how the alleged fraud caused any

24  particular harm. No particular harm is alleged whatsoever for the alleged misrepresentations in

25  the March 2005 letter and the May 2005 meeting. *See* FAC ¶¶ 77-85. As for the alleged

26  concealment of the PTO notice, FAC ¶ 28, Landmark alleges only an undefined "lost

27  opportunity" to "take steps" to protect its purported intellectual property. *See* FAC ¶ 30. None

28

13

422756.01

of these allegations particularize the alleged harm sufficiently to satisfy the damages element of actual fraud in California. This cause of action, therefore, fails to state a claim upon which relief can be based and should be dismissed.

### 2. Landmark's Actual Fraud cause of action fails under Federal Rule of Civil Procedure 9(b)

In addition to failing to state a claim for actual fraud under California law, Landmark's allegations do not pass Rule 9 muster. Even though the substantive elements of fraud are determined by state law, Landmark's complaint still must meet the requirements of the Federal Rules of Civil Procedure. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This means that "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).[4] Moreover, the plaintiff must explain "why or how such statements are false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 n. 7 (9th Cir. 1994) (*en banc*);[5] *see also Glen Holly Enter., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999) ("The [party] must set forth what is false or misleading about a statement and why it is false."). Where fraud allegations fail Rule 9(b)'s heightened pleading requirements, they should be dismissed. *See Vess*, 317 F.3d at 1107.

Here, for all the reasons discussed above in relation to state law requirements, the actual fraud allegations lack the specificity required to satisfy the requirements of Rule 9(b). Additionally, Landmark does not explain with reasonable particularity "why or how" the allegedly fraudulent "statements are false or misleading."

---

[4] Superseded by statute on other grounds as stated in *Arnlund v. Deloitte & Touche LLP*, 199 F. Supp. 2d 461, 471 (E.D. Va. 2002).

[5] Superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996);

14

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1    Therefore, Landmark's fifth cause of action fails to plead "the circumstances constituting

2  fraud" with the "particularity" demanded by Federal Rule of Civil Procedure 9(b), and must be

3  dismissed.

4    **D.    If Landmark's First Amended Complaint is not dismissed in its entirety, the**
       **improper allegations regarding Defendants' litigation conduct should be stricken**
5      **pursuant to Federal Rule of Civil Procedure 12(f)**

6    A court may "order stricken from any pleading . . . any redundant, immaterial,

7  impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Impertinent' matter consists of

8  statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v.*

9  *Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993).[6]  Where language "could have no possible bearing

10 on the subject matter of the litigation," it is subject to a motion to strike.  *LeDuc v. Kentucky*

11 *Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D. Cal. 1992).  Although generally disfavored, a

12 Rule 12(f) motion should be granted where necessary to discourage parties from raising

13 allegations completely unrelated to the relevant claims, when the interests of justice so require,

14 and to avoid "litigating spurious issues by dispensing with those issues prior to trial." *Sidney-*

15 *Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc.,* 984 F.2d at 1527;

16 *see also Sapiro v. Encompass Ins.,* 221 F.R.D. 513, 517 (N.D. Cal. 2004); *Colaprico v. Sun*

17 *Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

18    In three paragraphs of its First Amended Complaint, Landmark claims that Defendants'

19 successful demurrer and motion practice before the Santa Clara Superior Court, and Defendants'

20 conduct in obeying the court's order, prevented Landmark from pursuing its claims.  FAC ¶¶ 45,

21 47, 50.  These allegations attack Defendants' litigation efforts by implying that they unfairly

22 impeded Landmark's pursuit of its case.  Though untrue, neither the Court nor the parties should

23 have to spend any time dealing with these allegations.  Defendants' alleged conduct falls

24 squarely within California's litigation privilege.

25

26

27

28 [6] Reversed on other grounds by *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

1       This litigation privilege, Cal. Civ. Code § 47(b), prevents Landmark from using any

2   allegations regarding Defendants' litigation conduct in support of its causes of action.[7]  This

3   doctrine cloaks any communication or communicative act made in "any . . . judicial proceeding"

4   with an absolute privilege, immunizing the speaker from liability under any claim except

5   malicious prosecution.  *Silberg v. Anderson*, 50 Cal. 3d 205, 212, 215 (1990); *see Rubin v.*

6   *Green*, 4 Cal. 4th 1187, 1195-96 (1993).  The privilege applies as long as the communication:

7   (1) it is made in a judicial proceeding; (2) by litigants; (3) to achieve the objective of the

8   litigation; and (4) has some connection or logical relation to the action.  *Neville v. Chudacoff*,

9   160 Cal App. 4th 1255, 1266 (2008).  Any doubts as to whether the privilege applies are resolved

10   in favor of providing the protection.  *Adams v. Superior Ct.*, 2 Cal. App. 4th 521, 529 (1992).

11       Landmark's allegations in paragraphs 45, 47, and 50 of the First Amended Complaint

12   directly attack Defendants' privileged conduct and thus are "impertinent" by the terms of Fed. R.

13   Civ. P. 12(f), and should be stricken.  *Fantasy, Inc.*, 984 F.2d at 1527; *In re 2TheMart.com Secs.*

14   *Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  Because defendants are immune from liability

15   based on the protected conduct complained of, the allegations can "have no possible bearing on

16   the subject matter of the litigation."  *LeDuc*, 814 F.Supp. at 830.  They cannot contribute to

17   Landmark's claims, *Colaprico*, 758 F.Supp. at 1340, or be used to support any of Landmark's

18   causes of action.  *MGA Entertainment, Inc. v. Mattel, Inc.*, No. CV 05-2727, 2005 U.S. Dist.

19   LEXIS 18594 (C.D. Cal. August 25, 2005) (striking allegations about privileged conduct in a

20   past litigation).

21       Because the allegations complain of protected activity and cannot support any of

22   Landmark's claims, they should be stricken.  Therefore, if the First Amended Complaint is not

23   dismissed in its entirety, Defendants ask the Court to strike paragraphs 45, 47 and 50 pursuant to

24   Fed. R. Civ. P. 12(f).

---

25   [7] California Civil Code § 47(b) applies to state law claims brought in federal court.  *See Menjivar*

26   *v. Trophy Propertries IV De, LLC*, No. C 06-03086 SI, 2006 U.S. Dist. LEXIS 76245, *46 (N.D. Cal. October 6, 2006).  It is similar to application of the Noerr-Pennington doctrine, which

27   provides litigation immunity for federal causes of action.  *Id.* at *46-48 (*citing Sosa v.*

28   *DIRECTTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) ("The Noerr-Pennington doctrine derives from the First Amendment's guarantee of 'the right of people…to petition the Government for a

# IV.    CONCLUSION

Years after Defendants and Plaintiff ended their professional services relationship, and after years of pursuing a state court litigation strategy, Landmark belatedly seeks redress in this federal forum.  It is simply too late to bring these legal malpractice claims in this court.  The California legislature has imposed, and California courts have strictly applied, a one-year limitations period for legal malpractice actions.  Landmark's first four causes of action are time-barred and should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Apparently aware of this limitations hurdle, Landmark also now has asserted an actual fraud claim, but it, too, is defective.  Under both federal and state law pleading standards, fraud must be pled with a specificity and particularity that the First Amended Complaint lacks.  The fifth cause of action, too, must be dismissed pursuant to Rule 12(b)(6).

Finally, if this action survives outright dismissal, Defendants ask the Court to strike Landmark's improper allegations based on Defendants' protected conduct defending against Plaintiff's years of state court litigation.

Dated:  August 8, 2008                              KEKER & VAN NEST, LLP


By: */s/ Steven P. Ragland*
STEVEN P. RAGLAND
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP
and THOMAS D. KOHLER

redress of grievances.'"

NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE; MEMO OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 5:08-cv-2581 JF

422756.01

1    KEKER & VAN NEST, LLP
     ELLIOT R. PETERS - #158708
2    WENDY J. THURM - #163558
     STEVEN P. RAGLAND - #221076
3    COURTNEY TOWLE - #221698
     710 Sansome Street
4    San Francisco, CA 94111-1704
     Telephone:    (415) 391-5400
5    Facsimile:    (415) 397-7188
     epeters@kvn.com
6    wthurm@kvn.com
     sragland@kvn.com
7    ctowle@kvn.com

8    Attorneys for Defendants
     MORGAN, LEWIS & BOCKIUS LLP and
9    THOMAS D. KOHLER

10

11                UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

12                SAN JOSE DIVISION

13

14

15    LANDMARK SCREENS, LLC, a Delaware     Case No. 5:08-cv-2581 JF
     Limited Liability Company,

16                           Plaintiff,     **[PROPOSED] ORDER GRANTING**
                                      **DEFENDANTS' MOTION TO DISMISS**
17      v.                               **FIRST AMENDED COMPLAINT AND**
                                      **MOTION TO STRIKE**
18    MORGAN, LEWIS & BOCKIUS LLP, a
     limited liability partnership; and THOMAS D.
19    KOHLER, an individual,

20                           Defendants.

21

22

23

24

25

26

27

28

1    Defendants Morgan Lewis & Bockius, LLP and Thomas D. Kohler's Motion to Dismiss

2  the First Amended Complaint and Motion to Strike came on for hearing in Department 3 of this

3  Court on September 26, 2008.

4    Having carefully considered the papers on this Motion and the arguments by the parties,

5  and good cause appearing therefore,

6    IT IS HEREBY ORDERED that:

7    Counts I, II, III, and IV of Plaintiff's First Amended Complaint are DISMISSED WITH

8  PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) as time barred under Cal. Code. Civ. Proc.

9  § 340.6;

10    Count V of Plaintiff's First Amended Complaint is DISMISSED pursuant to Fed. R. Civ.

11  P. 12(b)(6) for failure to plead all elements of this claim and for failure to meet the particularity

12  requirements of Fed. R. Civ. P. 9(b);

13    Paragraphs 45, 47, and 50 in Plaintiff's First Amended Complaint are stricken pursuant to

14  Fed. R. Civ. P. 12(f) and Cal. Civ. Code § 47(b).

15

16    IT IS SO ORDERED.

17

18  Dated: _____, 2008

19                                        _____
                                          Honorable Jeremy Fogel
                                          United States District Court Judge

20

21

22

23

24

25

26

27

28