CLARK S. STONE (SBN 202123)
STEVEN M. LEVITAN (SBN 148716)
INCHAN A. KWON (SBN 247614)
**MacPHERSON KWOK CHEN & HEID LLP**
2033 Gateway Place, Suite 400
San Jose, California 95110
Phone:  (408) 392-9250
Facsimile: (408) 392-9262
email:
cstone@macpherson-kwok.com
slevitan@macpherson-kwok.com
ikwon@macpherson-kwok.com

EDWARD J. MCINTYRE (SBN 80402)
WILLIAM N. KAMMER (SBN 53848)
**SOLOMON WARD SEIDENWURM & SMITH, LLP**
401 B Street, Suite 1200
San Diego, California 92101
Phone: (619) 231-0303
Facsimile: (619) 231-4755
email:
emcintyre@swsslaw.com
wkammer@swsslaw.com

Attorneys for Plaintiff
LANDMARK SCREENS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK SCREENS, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership and THOMAS D. KOHLER, an individual, <br><br> Defendants. | Case No: 5:08-cv-2581 JF <br><br> **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)** <br><br> Date: September 26, 2008 <br> Time: 9:00 a.m. <br> Judge: Hon. Jeremy Fogel <br> Courtroom 3, 5th Floor <br> Date Action Filed: May 21, 2008 <br> Trial Date: Not set |

Plaintiff, Landmark Screens, LLC ("Landmark") respectfully requests that the Court take judicial notice of the attached public records of the Santa Clara County Superior Court. These records are referenced in Landmark's Memorandum of Points and Authorities in Opposition (the "Opposition") to Defendants' Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) ("Motion to Strike").

Under Rule 201 of the Federal Rules of Evidence, the Court "may take judicial notice of the records of state agencies and other undisputed matters of public record." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2003). *See also Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003) (taking judicial notice of filings in a California superior court); *Biggs v. Terhune*, 334 F.3d 910, 916 (9th Cir. Cal. 2003) (taking judicial notice of transcript of hearing before California state agency and noting that "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice"); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of California state court filings); *Taylor v. Philip Morris Inc.*, Nos. C 03-0758 MMC (PR), C 03-0856 MMC (PR), C 03-0968 MMC (PR), 2003 U.S. Dist. LEXIS 18803, at *4 (N.D. Cal. Oct. 20, 2003) ("The court may take judicial notice of public records, including allegations made in pleadings and other documents filed in other lawsuits in federal and state court."); *Kent v. DaimlerChrysler Corp.*, 200 F. Supp. 2d 1208, 1219 (N.D. Cal. 2002) (taking judicial notice of California state court decisions and a legal memorandum filed in a state court action).

Landmark's state court action was filed on or about November 30, 2005. (FAC ¶ 44.) On or about May 20, 2008, the state court sustained Defendants' Demurrer. (FAC ¶ 51.) The state court ruled that a federal court has exclusive subject matter jurisdiction over Landmark's claims. (*See id.*) Landmark then filed its claims in this Court. Pending before this Court is Defendants' Motion to Dismiss Landmark's First Amended Complaint, in part, because Landmark's claims for legal malpractice, negligence, breach of fiduciary duty, and breach of implied contract are time-barred. Because of this procedural posture, records of the state court proceeding are relevant to Defendants' pending motion. As a result, the Court should take

judicial notice of the attached state court records, all of which are referenced in Landmark's Opposition.

1.      Attached hereto as Exhibit A is a true and correct copy of the Register of Actions/Docket, dated August 27, 2008, of Case Number 1-05-CV-053568 filed in the Santa Clara County Superior Court on November 30, 2005.

2.      Attached hereto as Exhibit B is a true and correct copy of Defendants Morgan, Lewis & Bockius and Thomas D. Kohler's Ex Parte Application to Continue Trial Setting Conference and Memorandum of Points and Authorities in Support Thereof, filed in the Santa Clara County Superior Court on April 14, 2008.

3.      Attached hereto as Exhibit C is a true and correct copy of Defendants Morgan, Lewis & Bockius, LLP and Thomas D. Kohler's Notice of Demurrer and Demurrer to First Amended Complaint, filed in the Santa Clara County Superior Court on April 28, 2008.

4.      Attached hereto as Exhibit D is a true and correct copy of Memorandum of Points and Authorities in Support of Defendants Morgan, Lewis & Bockius LLP and Thomas D. Kohler's Demurrer to First Amended Complaint for Lack of Subject Matter Jurisdiction, filed in the Santa Clara County Superior Court on April 28, 2008.

5.      Attached hereto as Exhibit E is a true and correct copy of Defendants Morgan, Lewis & Bockius, LLP and Thomas D. Kohler's Reply Brief in Support of Their Demurrer to First Amended Complaint for Lack of Subject Matter Jurisdiction, filed in the Santa Clara County Superior Court on May 13, 2008.

6.      Attached hereto as Exhibit F is a true and correct copy of a certified Reporter's Transcript of Proceedings held on May 20, 2008 in the Santa Clara County Superior Court regarding Defendants' Demurrer to First Amended Complaint.

7.      Attached hereto as Exhibit G is a true and correct copy of Order Re: Demurrer to First Amended Complaint, filed in the Santa Clara County Superior Court on May 21, 2008.

8.      Attached hereto as Exhibit H is a true and correct copy of Notice of Appeal, filed in the Santa Clara County Superior Court on August 20, 2008.

9.     Attached hereto as Exhibit I is a true and correct copy of Defendant Morgan, Lewis & Bockius' Answer to Plaintiff Landmark Screens, LLC's Complaint, filed in the Santa Clara County Superior Court on January 26, 2006.

10.     Attached hereto as Exhibit J is a true and correct copy of Defendant Thomas D. Kohler's Answer to Plaintiff Landmark Screen [sic], LLC's Complaint, filed in the Santa Clara County Superior Court on January 26, 2006.

11.     Attached hereto as Exhibit K is a true and correct copy of Notice of Joinder and Joinder to Motion to Compel Arbitration and Stay Judicial Proceedings or, in the Alternative, Motion to Abate the Action Pending Against Morgan, Lewis & Bockius Pending the Outcome of Arbitration, and Memorandum of Points and Authorities in Support Thereof, filed in the Santa Clara County Superior Court on or around July 26, 2006.

Respectfully submitted,

Dated: August 29, 2008                          MacPHERSON KWOK CHEN & HEID LLP


By _____/Clark S. Stone/_____
CLARK S. STONE
Attorneys for Plaintiff
LANDMARK SCREENS LLC

# EXHIBIT A

# Register of Actions/Docket

**Notice:** *The Superior Court of California, County of Santa Clara declares that information provided by and obtained from this site (**www.sccaseinfo.org**) is intended for use on a case by case basis and typically by parties of record and participants, and does not constitute the official record of the court. Any user of the information is hereby advised that it is being provided as is and that the information may be subject to error or omission. The user acknowledges and agrees that the Superior Court of California, County of Santa Clara is not liable for the accuracy or validity of the information provided.*

**Case Information**                                                                  Associated Cases

　Number: **1-05-CV-053568**

　　Title: **Landmark Screens, Llc Vs Pennie & Edmonds Llp, Et Al**

　Category: **Professional Negligence - Unlimited**

　　Filed: **11/30/2005**  Disposed: **6/18/2008**  Status: **Post**

Calendared Events                    **Involved Parties**                    Documents

| Type | Name | Disposition |
|------|------|-------------|
| Plaintiff | Landmark Screens, Llc None | CV-BT EntryReqDism-No ADR |
| | **Attorney:** | Clark S. Stone MacPherson Kwok Chen & Heid LLP , 2033 Gateway Place, Suite 400, San Jose, Ca 95110 |
| | **Attorney:** | Edward J. Mcintyre Solomon Ward Seidenwurm Et Al , 401 "B" Street, Suite 1200, San Diego, Ca 92101 |
| | **Attorney:** | William N Kammer Solomon Ward Seidenwurm Et Al , 401 "B" Street, Suite 1200, San Diego, Ca 92101 |
| Defendant | Pennie & Edmonds Llp None | CV-BT EntryReqDism-No ADR |
| | **Attorney:** | Matthew Rawlinson Latham & Watkins LLP , 140 Scott Drive, Menlo Park, Ca 94025 |
| | **Attorney:** | Michael J. Weaver Latham & Watkins LLP , 600 West Broadway, Suite 1800, San Diego, Ca 92101-3375 |
| Defendant | Morgan, Lewis & Bockius Llp None | CV-BT EntryReqDism-No ADR |
| | **Attorney:** | Wendy Jill Thurm Keker & Van Nest , 710 Sansome St, San Francisco, Ca 94111-1704 |
| Defendant | Thomas D. Kohler None | CV-BT EntryReqDism-No ADR |
| | **Attorney:** | Wendy Jill Thurm Keker & Van Nest , 710 Sansome St, San Francisco, Ca 94111- |

| | | 1704 |
|---|---|---|
| | **Attorney:** | Matthew Rawlinson<br>Latham & Watkins LLP , 140 Scott Drive, Menlo Park, Ca 94025 |
| | **Attorney:** | Michael J. Weaver<br>Latham & Watkins LLP , 600 West Broadway, Suite 1800, San Diego, Ca 92101-3375 |

Involved Parties                    **Calendared Events**                    Documents

| Date | Time | Event Description | Result | | | Notice Printed | Reset | |
|---|---|---|---|---|---|---|---|---|
| | | | Description | By | Date | | To | From |
| 7/22/2008 | 11:00AM | CV Trial Setting Conference | Vacated | C | 06/18/08 | 05/21/08 | None | None |
| 5/30/2008 | 10:00AM | Mtn: Protective Order | Denied | C | 05/30/08 | None | None | None |
| 5/20/2008 | 09:00AM | Demurrer | Taken under Submission | C | 05/20/08 | None | None | None |
| 5/20/2008 | 11:00AM | CV Trial Setting Conference | Continued by Court | C | 05/20/08 | 04/30/08 | None | None |
| 4/29/2008 | 11:00AM | CV Trial Setting Conference | Continued by Court | C | 04/29/08 | 03/13/08 | None | None |
| 4/3/2008 | 09:00AM | Reserved | Off Calendar | C | 03/07/08 | None | None | None |
| 3/13/2008 | 10:15AM | CV Case Status Review Pending Arb | Set For: | C | 03/13/08 | 02/27/08 | None | None |
| 6/14/2007 | 10:15AM | CV Case Status Review Pending Arb | Heard; Reset to future month | C | 06/14/07 | 06/06/07 | None | 06/07/2007 |
| 6/7/2007 | 10:15AM | CV Case Status Review Pending Arb | Vacated; Reset future month | C | 06/06/07 | 03/09/07 | 06/14/2007 | 03/01/2007 |
| 3/1/2007 | 10:15AM | CV Case Status Review Pending Arb | Heard; Reset to future month | C | 03/09/07 | 09/08/06 | 06/07/2007 | None |
| 9/7/2006 | 09:00AM | CV Joinder | Granted | C | 09/07/06 | None | None | None |
| 9/7/2006 | 09:00AM | CV Pet: Compel Arbitration | Granted | C | 09/07/06 | None | None | None |
| 9/7/2006 | 09:00AM | CV Mtn for Stay | Moot | C | 09/07/06 | None | None | None |
| 9/7/2006 | 09:00AM | CV Further | Orders Issued | C | 09/07/06 | None | None | None |

| | | CMC | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8/17/2006 | 09:00AM | CV Misc Motion | Off Calendar | C | 08/21/06 | None | None | None |
| 8/17/2006 | 09:00AM | CV Pet: Compel Arbitration | Cont; future month | C | 08/21/06 | None | None | None |
| 8/17/2006 | 09:00AM | CV Mtn for Stay | Cont; future month | C | 08/21/06 | None | None | None |
| 8/17/2006 | 09:00AM | CV Further CMC | Cont; future month | C | 08/21/06 | None | None | None |
| 8/17/2006 | 09:00AM | CV Joinder | Cont; future month | C | 08/21/06 | None | None | None |
| 8/17/2006 | 10:00AM | CV Further CMC | Vacated | K | 07/07/06 | 07/11/06 | None | None |
| 8/15/2006 | 09:00AM | CV Pet: Compel Arbitration | Cont; current month | C | 07/11/06 | None | None | None |
| 8/15/2006 | 09:00AM | CV Mtn for Stay | Cont; current month | C | 07/11/06 | None | None | None |
| 8/15/2006 | 09:00AM | CV Further CMC | Vacated; Reset current month | C | 07/27/06 | None | None | None |
| 8/15/2006 | 09:00AM | Reserved | Off Calendar | C | 07/11/06 | None | None | None |
| 7/20/2006 | 09:00AM | CV Mtn for Stay | Cont; future month | C | 07/05/06 | None | None | None |
| 7/20/2006 | 09:00AM | CV Pet: Compel Arbitration | Cont; future month | C | 07/05/06 | None | None | None |
| 7/20/2006 | 09:00AM | CV Further CMC | Cont; future month | C | 07/03/06 | None | None | None |
| 5/9/2006 | 10:00AM | CV Further CMC | Set for further CMC | C | 05/09/06 | 05/09/06 | None | None |
| 4/11/2006 | 04:00PM | CV CMC-Case Management Conf | Continued by Court | C | 04/11/06 | None | None | None |

Involved Parties                     **Documents**                     Calendared Events

| Number-Sequence | Document Description | Filed | Ruling | Date |
|---|---|---|---|---|
| 0141-000 | Cv Clerk'S Certif Of Compliance | 08/25/2008 | None | 08/25/2008 |
| 0140-000 | Cv Payment-Clerk'S Transcript | 08/22/2008 | None | 08/22/2008 |
| | **For:** Landmark Screens, LLC / PLT | | | |

| 0139-000 | Cv Appellant'S Default Ntc | 08/21/2008 | None | 08/21/2008 |
|----------|---------------------------|------------|------|------------|
| 0138-000 | Cv Ntc Of Appeal/Unltd | 08/20/2008 | None | 08/20/2008 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0137-000 | Cv Ntc:Entry Of Jgmt W/Proof Of Svc | 07/03/2008 | None | 07/03/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0136-000 | Cv Judgment | 06/18/2008 | None | 06/24/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF<br>**Against:** Landmark Screens, LLC / PLT | | | |
| 0135-000 | Cv Declaration | 06/13/2008 | None | 06/13/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0134-000 | Cv Response | 06/13/2008 | None | 06/13/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0133-000 | Cv Objection... | 06/11/2008 | None | 06/11/2008 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0132-000 | Cv Order | 06/04/2008 | Denied | 06/04/2008 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Morgan, Lewis & Bockius LLP / DEF<br>**Against:** Thomas D. Kohler / DEF | | | |
| 0131-000 | Cv Req:Dismissal, Partial | 05/28/2008 | None | 05/30/2008 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Pennie & Edmonds LLP / DEF | | | |
| 0130-000 | Cv Ntc:Entry Of Order | 05/22/2008 | None | 05/22/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0129-000 | Cv Reply | 05/22/2008 | None | 05/22/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0128-000 | Cv Proof Of Svc/Regular Mail | 05/21/2008 | None | 05/22/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0127-000 | Order On Submitted Matter | 05/21/2008 | None | 05/22/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0126-000 | Cv Ntc:Mtn To Strike | 05/19/2008 | None | 05/19/2008 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |

| 0125-000 | Cv Proof Of Svc/Express/Overnight | 05/16/2008 | None | 05/16/2008 |
|---|---|---|---|---|
| | For: Landmark Screens, LLC / PLT | | | |
| 0124-000 | Cv Decl In Opposition | 05/16/2008 | None | 05/16/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0123-000 | Cv Decl In Support | 05/16/2008 | None | 05/16/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0122-000 | Cv Other | 05/16/2008 | None | None |
| | For: Landmark Screens, LLC / PLT | | | |
| 0121-000 | Cv Memo:Ps & As/Suppt Of Mtn | 05/16/2008 | None | 05/16/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0120-000 | Cv Proof Of Svc/Express/Overnight | 05/16/2008 | None | 05/16/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0119-000 | Cv Supplemental | 05/16/2008 | None | 05/16/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0118-000 | Cv Proof Of Svc/Express/Overnight | 05/13/2008 | None | 05/13/2008 |
| | For: Morgan, Lewis & Bockius LLP / DEF | | | |
| 0117-000 | Cv Reply Brief | 05/13/2008 | None | 05/13/2008 |
| | For: Morgan, Lewis & Bockius LLP / DEF | | | |
| 0116-000 | Cv Appendix | 05/13/2008 | None | 05/13/2008 |
| | For: Morgan, Lewis & Bockius LLP / DEF | | | |
| 0115-000 | Cv Proof Of Svc/Express/Overnight | 05/07/2008 | None | 05/07/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0114-000 | Cv Req:Judicial Ntc | 05/07/2008 | None | 05/07/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0113-000 | Cv Other | 05/07/2008 | None | None |
| | For: Landmark Screens, LLC / PLT | | | |
| 0112-000 | Cv Decl In Support | 05/07/2008 | None | 05/07/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0111-000 | Cv Memo:Ps & As/Opposn To Mtn | 05/07/2008 | None | 05/07/2008 |
| | For: Landmark Screens, LLC / PLT | | | |
| 0110-000 | Cv Decl In Support | 05/06/2008 | None | 05/06/2008 |
| | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0109-000 | Cv Memo:Ps & As/Suppt Of Mtn | 05/06/2008 | None | 05/06/2008 |
| | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0108-000 | Cv Ntc:Mtn For Protective Order | 05/06/2008 | None | 05/06/2008 |
| | For: Morgan, Lewis & Bockius LLP / DEF | | | |

|  | For: Thomas D. Kohler / DEF | | | |
|---|---|---|---|---|
| 0108-001 | Cv Proof Of Svc | 05/06/2008 | None | 05/06/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0107-000 | Cv Appendix | 04/28/2008 | None | 04/28/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0106-000 | Cv Memo:Ps & As/Suppt Of Demurrer | 04/28/2008 | None | 04/28/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0105-000 | Cv Demurrer, 1st Amended Complaint | 04/28/2008 | None | 04/28/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0105-001 | Cv Proof Of Svc | 04/28/2008 | None | 04/28/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF<br>Against: Landmark Screens, LLC / PLT | | | |
| 0104-000 | Cv Ntc:Entry Of Order | 04/17/2008 | None | 04/17/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0103-000 | Cv Case Mgmt Statement | 04/14/2008 | None | 04/14/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0102-000 | Cv Ex Parte Order | 04/14/2008 | Denied | 04/14/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |
| 0101-000 | Cv Declaration | 04/14/2008 | None | 04/14/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF | | | |
| 0100-000 | Cv Opposition | 04/14/2008 | None | 04/14/2008 |
|  | For: Landmark Screens, LLC / PLT | | | |
| 0099-000 | Cv Ex Parte Other | 04/14/2008 | None | 04/14/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF | | | |
| 0098-000 | Cv Substitution Of Attorney | 04/03/2008 | None | 04/03/2008 |
|  | For: Morgan, Lewis & Bockius LLP / DEF | | | |
| 0097-000 | Cv Substitution Of Attorney | 04/03/2008 | None | 04/03/2008 |
|  | For: Thomas D. Kohler / DEF | | | |
| 0096-000 | Cv Arbitration Review Statement | 02/29/2008 | None | 03/03/2008 |
|  | For: Pennie & Edmonds LLP / DEF<br>For: Thomas D. Kohler / DEF | | | |

| 0095-000 | Cv Ntc Of... | 02/29/2008 | None | 02/29/2008 |
|---|---|---|---|---|
| 0094-000 | Arb-Ntc:Case Status Rev Pend Arb | 02/27/2008 | None | 02/27/2008 |
| 0093-000 | Cv Ntc Of... | 02/26/2008 | None | 02/26/2008 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0092-000 | Cv Arbitration Review Statement | 02/20/2008 | None | 02/20/2008 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0091-000 | Cv Association Of Attys | 02/20/2008 | None | 02/20/2008 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0090-000 | Arb-Ntc:Case Status Rev Pend Arb | 06/20/2007 | None | 06/20/2007 |
| 0089-000 | Arb-Ntc:Case Status Rev Pend Arb | 06/06/2007 | None | 06/06/2007 |
| 0088-000 | Cv Ex Parte Stip/Order | 06/05/2007 | Granted | 06/05/2007 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0087-000 | Cv Arbitration Review Statement | 05/25/2007 | None | 05/25/2007 |
|  | **For:** Morgan, Lewis & Bockius LLP / DEF |  |  |  |
| 0086-000 | Cv Arbitration Review Statement | 05/24/2007 | None | 05/24/2007 |
|  | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF |  |  |  |
| 0085-000 | Arb-Ntc:Case Status Rev Pend Arb | 03/09/2007 | None | 03/09/2007 |
| 0084-000 | Cv Ex Parte Appl & Order | 02/26/2007 | None | 02/26/2007 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0083-000 | Cv Statement | 02/20/2007 | None | 02/21/2007 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0082-000 | Cv Ord After Hearing | 10/05/2006 | Granted/Denied in Part | 10/05/2006 |
|  | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF |  |  |  |
| 0081-000 | Cv Change Of Atty Address/Firm | 09/26/2006 | None | 09/26/2006 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0080-000 | Cv Change Of Atty Address/Firm | 09/26/2006 | None | 09/26/2006 |
|  | **For:** Landmark Screens, LLC / PLT |  |  |  |
| 0079-000 | Arb-Ntc:Case Status Rev Pend Arb | 09/08/2006 | None | 09/08/2006 |
| 0078-000 | Cv Supplemental | 09/05/2006 | None | 09/05/2006 |
|  | **For:** Thomas D. Kohler / DEF |  |  |  |
| 0077-000 | Cv Reply | 09/05/2006 | None | 09/05/2006 |
|  | **For:** Pennie & Edmonds LLP / DEF |  |  |  |
| 0076-000 | Cv Proof Of Svc/Express/Overnight | 09/05/2006 | None | 09/05/2006 |
|  | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF |  |  |  |
| 0075-000 | Cv Supplemental | 09/05/2006 | None | 09/05/2006 |

| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
|---|---|---|---|---|
| 0074-000 | Cv Proof Of Svc/Express/Overnight | 09/01/2006 | None | 09/01/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0073-000 | Cv Authorities | 09/01/2006 | None | 09/01/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0072-000 | Cv Declaration | 09/01/2006 | None | 09/01/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0071-000 | Cv Declaration | 09/01/2006 | None | 09/01/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0070-000 | Cv Supplemental | 09/01/2006 | None | 09/01/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0069-000 | Cv Supplemental | 08/25/2006 | None | 08/25/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF<br>**Against:** Landmark Screens, LLC / PLT | | | |
| 0068-000 | Cv Appendix | 08/25/2006 | None | 08/25/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0067-000 | Cv Decl In Support | 08/25/2006 | None | 08/25/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0066-000 | Cv Supplemental | 08/25/2006 | None | 08/25/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0066-001 | Cv Proof Of Svc | 08/25/2006 | None | 08/25/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF<br>**Against:** Morgan, Lewis & Bockius LLP / DEF<br>**Against:** Landmark Screens, LLC / PLT | | | |
| 0065-000 | Cv Case Mgmt Statement | 08/25/2006 | None | 08/25/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0064-000 | Cv Appendix | 08/10/2006 | None | 08/10/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0063-000 | Cv Declaration | 08/10/2006 | None | 08/10/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0062-000 | Cv Reply | 08/10/2006 | None | 08/10/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |

| 0061-000 | Cv Proof Of Svc/Express/Overnight | 08/10/2006 | None | 08/10/2006 |
|---|---|---|---|---|
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0060-000 | Cv Proof Of Svc/Express/Overnight | 08/10/2006 | None | 08/10/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0059-000 | Cv Reply | 08/10/2006 | None | 08/10/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0058-000 | Cv Proof Of Svc/Regular Mail | 08/10/2006 | None | 08/10/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0057-000 | Cv Reply | 08/10/2006 | None | 08/10/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0056-000 | Cv Proof Of Svc/Express/Overnight | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0055-000 | Cv Other | 08/04/2006 | None | None |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0054-000 | Cv Declaration | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0053-000 | Cv Declaration | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0052-000 | Cv Opposition | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0051-000 | Cv Proof Of Svc/Express/Overnight | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0050-000 | Cv Other | 08/04/2006 | None | None |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0049-000 | Cv Opposition | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0048-000 | Cv Proof Of Svc/Express/Overnight | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0047-000 | Cv Declaration | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0046-000 | Cv Other | 08/04/2006 | None | None |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0045-000 | Cv Opposition | 08/04/2006 | None | 08/04/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |

| 0044-000 | Cv Lodged Under Seal | 07/06/2006 | None | 08/03/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0043-000 | Cv Lodged Under Seal | 07/06/2006 | None | 08/03/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0042-000 | Cv Case Mgmt Statement | 08/02/2006 | None | 08/02/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0041-000 | Cv Case Mgmt Statement | 08/02/2006 | None | 08/02/2006 |
| | **For:** Pennie & Edmonds LLP / DEF | | | |
| 0040-000 | Cv Case Mgmt Statement | 08/01/2006 | None | 08/01/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0039-000 | Cv Declaration | 07/26/2006 | None | 07/26/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0038-000 | Cv Declaration | 07/26/2006 | None | 07/26/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0037-000 | Cv Joinder & Mtn | 07/26/2006 | None | 07/26/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0036-000 | Cv Ex Parte Order | 07/07/2006 | None | 07/07/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0035-000 | Cv Decl In Support | 07/07/2006 | None | 07/07/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0034-000 | Cv Ex Parte Appl | 07/07/2006 | None | 07/07/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0033-000 | Cv Appendix | 07/06/2006 | None | 07/06/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0032-000 | Cv Decl In Support | 07/06/2006 | None | 07/06/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0031-000 | Cv Ntc:Mtn To Compel | 07/06/2006 | None | 07/06/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0030-000 | Cv Decl In Support | 07/06/2006 | None | 07/06/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |

| 0029-000 | Cv Ntc:Motion To Seal | 07/06/2006 | None | 07/06/2006 |
|---|---|---|---|---|
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0028-000 | Cv Ex Parte Stip/Order | 07/06/2006 | None | 07/06/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0027-000 | Cv Ord:Continue | 07/03/2006 | Granted | 07/03/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0026-000 | Cv Decl In Support | 07/03/2006 | None | 07/03/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0025-000 | Cv Ex Parte Appl | 07/03/2006 | None | 07/03/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0024-000 | Cv Case Mgmt Statement | 06/30/2006 | None | 06/30/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF | | | |
| 0023-000 | Cv Ntc Of... | 06/28/2006 | None | 06/28/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0023-001 | Cv Proof Of Svc | 06/28/2006 | None | 06/28/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0022-000 | Cv Appendix | 06/27/2006 | None | 06/27/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0021-000 | Cv Decl In Support | 06/27/2006 | None | 06/27/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0020-000 | Cv Ntc:Motion/No Fee | 06/27/2006 | None | 06/27/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0020-001 | Cv Proof Of Svc | 06/27/2006 | None | 06/27/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF<br>**Against:** Landmark Screens, LLC / PLT | | | |
| 0019-000 | Cv Appendix | 06/27/2006 | None | 06/27/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0018-000 | Cv Decl In Support | 06/27/2006 | None | 06/27/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0017-000 | Cv Ntc:Motion/No Fee | 06/27/2006 | None | 06/27/2006 |

| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
|---|---|---|---|---|
| 0017-001 | Cv Proof Of Svc | 06/27/2006 | None | 06/27/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**For:** Thomas D. Kohler / DEF<br>**Against:** Morgan, Lewis & Bockius LLP / DEF | | | |
| 0016-000 | Cv Ex Parte Stip/Order | 06/09/2006 | None | 06/09/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0015-000 | Cv Change Of Atty Address/Firm | 05/05/2006 | None | 05/05/2006 |
| | **For:** Pennie & Edmonds LLP / DEF | | | |
| 0014-000 | Cv Case Mgmt Statement | 04/27/2006 | None | 04/27/2006 |
| | **For:** Pennie & Edmonds LLP / DEF | | | |
| 0013-000 | Cv Case Mgmt Statement | 04/25/2006 | None | 04/25/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0012-000 | Cv Case Mgmt Statement | 04/24/2006 | None | 04/24/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF<br>**For:** Thomas D. Kohler / DEF | | | |
| 0011-000 | Cv Case Mgmt Statement | 03/27/2006 | None | 03/27/2006 |
| | **For:** Landmark Screens, LLC / PLT | | | |
| 0010-000 | Cv Proof Of Svc/Regular Mail | 03/27/2006 | None | 03/27/2006 |
| | **For:** Pennie & Edmonds LLP / DEF | | | |
| 0009-000 | Cv Case Mgmt Statement | 03/27/2006 | None | 03/27/2006 |
| | **For:** Pennie & Edmonds LLP / DEF | | | |
| 0008-000 | Cv Case Mgmt Statement | 03/27/2006 | None | 03/27/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF | | | |
| 0007-000 | Cv Acknowledge Receipt | 02/07/2006 | None | 02/07/2006 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Pennie & Edmonds LLP / DEF | | | |
| 0006-000 | Cv Proof Of Svc<br>Compl/Pet/Summons | 01/27/2006 | None | 01/27/2006 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Thomas D. Kohler / DEF | | | |
| 0005-000 | Cv Summons W/Proof Of Svc | 01/27/2006 | None | 01/27/2006 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Pennie & Edmonds LLP / DEF<br>**Against:** Morgan, Lewis & Bockius LLP / DEF<br>**Against:** Thomas D. Kohler / DEF | | | |
| 0004-000 | Cv Summons Issued | 12/09/2005 | None | 12/09/2005 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Pennie & Edmonds LLP / DEF<br>**Against:** Morgan, Lewis & Bockius LLP / DEF | | | |

| | Against: Thomas D. Kohler / DEF | | | |
|---|---|---|---|---|
| 0003-000 | Cv 1st Amended Complaint | 12/07/2005 | None | 12/07/2005 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Pennie & Edmonds LLP / DEF<br>**Against:** Morgan, Lewis & Bockius LLP / DEF<br>**Against:** Thomas D. Kohler / DEF | | | |
| 0003-001 | Cv Answer, Unltd, W/Fees | 02/02/2006 | None | 02/02/2006 |
| | **For:** Pennie & Edmonds LLP / DEF<br>**Against:** Landmark Screens, LLC / PLT | | | |
| 0002-000 | Cv Complaint Filed/Summs Issued | 11/30/2005 | None | 11/30/2005 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Pennie & Edmonds LLP / DEF<br>**Against:** Morgan, Lewis & Bockius LLP / DEF<br>**Against:** Thomas D. Kohler / DEF | | | |
| 0002-001 | Cv Answer, Unltd, W/Fees | 01/26/2006 | None | 01/26/2006 |
| | **For:** Thomas D. Kohler / DEF | | | |
| 0002-002 | Cv Answer, Unltd, W/Fees | 01/26/2006 | None | 01/26/2006 |
| | **For:** Morgan, Lewis & Bockius LLP / DEF | | | |
| 0001-000 | Cv Case Cover Sheet | 11/30/2005 | None | 11/30/2005 |
| | **For:** Landmark Screens, LLC / PLT<br>**Against:** Pennie & Edmonds LLP / DEF<br>**Against:** Morgan, Lewis & Bockius LLP / DEF<br>**Against:** Thomas D. Kohler / DEF | | | |

RETURN

# EXHIBIT B

1   KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708
2   WENDY J. THURM - #163558
    STEVEN P. RAGLAND - #221076
3   COURTNEY TOWLE - #221698
    710 Sansome Street
4   San Francisco, CA 94111-1704
    Telephone:  (415) 391-5400
5   Facsimile:   (415) 397-7188

6   Attorneys for Defendants
    MORGAN, LEWIS & BOCKIUS and THOMAS D. KOHLER

7

8

                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
        IN AND FOR THE COUNTY OF IN AND FOR THE COUNTY OF SANTA CLARA
10

11

12   LANDMARK SCREENS, LLC, a Delaware     Case No. 1-05-CV-053568
    Limited Liability Company,

13                          **DEFENDANTS MORGAN, LEWIS &**
                  Plaintiff,   **BOCKIUS AND THOMAS D. KOHLER'S**

14                          **EX PARTE APPLICATION TO**
      v.                     **CONTINUE TRIAL SETTING**

15                          **CONFERENCE; MEMORANDUM OF**
    PENNIE & EDMONDS LLP, a Limited     **POINTS AND AUTHORITIES IN**

16   Liability Partnership; MORGAN, LEWIS &     **SUPPORT THEREOF**
    BOCKIUS, LLP a Limited Liability

17   Partnership; THOMAS D. KOHLER, an     Date:      April 14, 2008
    individual; and DOES 1 to 100, Inclusive,     Time:    8:15 a.m.

18                           Dept:      10
                Defendants.

19                          Trial Date: None set

20

21

22

23

24

25

26

27

28

1    **EX PARTE APPLICATION TO CONTINUE TRIAL SETTING CONFERENCE**

2        Pursuant to California Rules of Court 2.20, 3.1200-3.1204, and Local Civil Rule 7.D,

3    Defendants Morgan, Lewis & Bockius and Thomas D. Kohler ("Defendants") hereby request by

4    this *ex parte* application that the Court continue the currently-scheduled April 29, 2008 Trial

5    Setting Conference to June 3, 2008.  Good cause exists for this continuance because (1) lead

6    defense counsel Elliot R. Peters will be in trial in Los Angeles on another matter on April 29th;

7    (2) Mr. Peters' trial is expected to continue through the end of May 2008; and (3) Defendants

8    have secured a May 20, 2008 hearing in this Court for a motion that could dispose of this case –

9    a demurrer for lack of subject matter jurisdiction.

10        This application is supported by the following Memorandum of Points and Authorities

11    and the Declaration of Steven P. Ragland ("Ragland Decl.") filed herewith.  As detailed in the

12    Ragland Declaration, counsel for Defendants provided written notice of this application to

13    counsel for Plaintiff Landmark Screens, LLC, as required by California Rule of Court 3.1203.

14    Landmark opposes this request and intends to appear at the hearing on this application

15        **MEMORANDUM OF POINTS AND AUTHORITIES**

16        **I.    BACKGROUND**

17        Plaintiff's claims against Morgan Lewis & Bockius LLP have been stayed for more than

18    a year and a half and have only recently returned to the Court's active case calendar.  In this

19    case, Plaintiff Landmark Screens, LLC complains that Defendants Morgan, Lewis & Bockius,

20    LLP and Thomas D. Kohler breached their duties as attorneys representing Landmark in relation

21    to patent law services.  The claims of legal malpractice will require resolving substantial issues

22    of federal patent law.

23        On September 26, 2006, this Court ordered Plaintiff to arbitrate its claims against

24    Defendants Pennie & Edmonds and Thomas Kohler (arising from his work at Pennie) and stayed

25    the remainder of the case, pending the arbitration.  *See* Ragland Decl. Exh. A.  Following

26    arbitration, the stay was lifted and on March 13, 2008, this Court set a Trial Setting Conference

27    for April 29, 2008.  *See* Ragland Decl. Exh. B.  Morgan Lewis & Bockius then promptly secured

28    new counsel to defend against Plaintiff's claims and undersigned counsel, Keker & Van Nest,

1

1   LLP, substituted into the case on April 3, 2008. *See* Ragland Decl. Exh. C. After meeting and

2   conferring with Plaintiff's counsel, Keker & Van Nest secured the first available court date, May

3   20, 2008, for a hearing on a demurrer that could result in dismissal of this action. *See* Ragland

4   Decl. ¶ 4.

5       Morgan Lewis & Bockius now respectfully requests that the Trial Setting Conference be

6   continued until June 3, 2008, for two reasons: (1) Morgan Lewis' lead trial counsel, Elliot R.

7   Peters, will be in trial in Los Angeles on April 29 and through the end of May, in a case pending

8   in the United States District Court for the Central District of California; and (2) to conserve

9   judicial resources by holding the Trial Setting Conference, if necessary, after the Court resolves

10  Morgan Lewis' demurrer to dismiss the case for lack of subject matter jurisdiction. No prior

11  continuances of the Trial Setting Conference have been requested.

12                 **II.    ARGUMENT**

13      California Rule of Court 2.20 and Local Civil Rule 7.D provide for continuances of

14  scheduled hearings upon a showing of good cause. Grants of applications to continue any

15  hearing, or even a trial, are within the Court's sound discretion. *See, e.g., Pham v. Nguyen*

16  (1997) 54 Cal. App. 4th 11, 15; Cal. Code Civ. Proc. § 594a; Cal. R. Ct. 3.1332; Local Civil Rule

17  7.D.

18  **A.    The Conference should be continued because lead defense counsel will be in trial in
    another matter from April 29 through the end of May.**

19

20      Unavailability of counsel, particularly due to circumstances beyond counsel's control,

21  provides good cause for a continuance. *Oliveros v. County of Los Angeles*, (2004) 120 Cal. App.

22  4th 1389, 1399 (abuse of discretion to deny continuance of trial where lawyer was involved in

23  another trial in another court). Indeed, even trials may be continued if trial counsel is

24  unavailable for some excusable circumstance. *See* Cal. R. Ct. 3.1332(c)(3). Involvement in

25  another trial is one such specifically contemplated circumstance. *See* Cal. R. Ct. 3.1332(d)(8);

26  *see also Oliveros*, 120 Cal. App. 4th at 1398-1400 (granting continuance of trial date when

27  defense counsel was ordered to trial in another case, and holding that because circumstances

28  were beyond counsel's immediate control, "good cause" existed to continue the trial date).

2

DEFENDANTS MORGAN, LEWIS & BOCKIUS AND THOMAS D. KOHLER'S EX PARTE APPLICATION
TO CONTINUE TRIAL SETTING CONFERENCE; MEMO OF P&A IN SUPPORT THEREOF
CASE NO. 1-05-CV-053568

415172.01

1    Here, Morgan Lewis' lead trial counsel Elliot R. Peters is starting trial in the United

2    States District Court for the Central District of California on April 29, 2008.  *See* Ragland Decl.

3    Exh. D.  That trial is expected to last through the end of May 2008.  Ragland Decl. ¶ 5.

4    Defendants understand that this Court holds Trial Setting Conferences only on Tuesdays.

5    Therefore, Defendants respectfully request that the Court continue the conference until June 3,

6    2008, the first Tuesday on which Mr. Peters will be available.

7    **B.    The Trial Setting Conference should be continued until after the hearing on
        defendants' demurrer for lack of subject matter jurisdiction.**

8

9    The pendency of defendants' demurrer for lack of subject matter jurisdiction provides

10   further good cause to continue the Trial Setting Conference because it is a motion that could

11   obviate the need for a further conference altogether.  In *Silver v. City of Los Angeles* (1966) 245

12   Cal. App. 2d 673, 674-675, the Court recognized that a dispositive motion based on a facial

13   defect in the complaint justifies staying all proceedings until that motion is resolved.  As the

14   Court emphasized, "once it is recognized that the complaint shows that the plaintiff has no claim,

15   all concerned should be spared the expense of further proceedings." *Id.*

16   During the period of time when Plaintiff's claims against Morgan Lewis were stayed, the

17   United States Court of Appeals for the Federal Circuit delivered two opinions conclusively

18   establishing that legal malpractice claims that require resolution of substantial issues of federal

19   patent law are within the exclusive jurisdiction of the federal courts.  *See* Ragland Decl. Exhs. E

20   & F.  Defendants believe this lawsuit falls squarely within that doctrine and, therefore, will soon

21   move this Court to dismiss this action for lack of subject matter jurisdiction.

22   After substituting in as counsel in this case, defense counsel promptly met and conferred

23   with Plaintiff's counsel to discuss this legal issue and to determine Landmark's availability for a

24   hearing on such a Demurrer.  Ragland Decl. ¶ 4.  Defendants then secured the first available

25   date, May 20, 2008, for a hearing on that motion. *Id.*

26   Defendants, therefore, ask that the Trial Setting Conference be continued until the first

27   available date after the May 20, 2008 Demurrer hearing on which counsel may attend.  Because

28   lead defense counsel, Mr. Peters, will be in trial throughout May, we ask that the conference be

DEFENDANTS MORGAN, LEWIS & BOCKIUS AND THOMAS D. KOHLER'S EX PARTE APPLICATION
TO CONTINUE TRIAL SETTING CONFERENCE; MEMO OF P&A IN SUPPORT THEREOF
CASE NO. 1-05-CV-053568

1  set for June 3, 2008.

2  ### III.    CONCLUSION

3  For the foregoing reasons, Defendants Morgan Lewis & Bockius and Thomas D.

4  Kohler respectfully request that the April 29, 2008 Trial Setting Conference be continued to June

5  3, 2008.

6

7  Dated:  April 14, 2008                                          KEKER & VAN NEST, LLP

8

9

                                                          By: _____

10                                                          STEVEN P. RAGLAND
                                                          Attorneys for Defendants
11                                                          MORGAN, LEWIS & BOCKIUS and
                                                          THOMAS D. KOHLER
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS MORGAN, LEWIS & BOCKIUS AND THOMAS D. KOHLER'S EX PARTE APPLICATION
TO CONTINUE TRIAL SETTING CONFERENCE; MEMO OF P&A IN SUPPORT THEREOF
CASE NO. 1-05-CV-053568

415172.01

# EXHIBIT C

1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  WENDY J. THURM - #163558
   STEVEN P. RAGLAND - #221076
3  COURTNEY TOWLE - #221698
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone:     (415) 391-5400
5  Facsimile:     (415) 397-7188

6  Attorneys for Defendants
   MORGAN, LEWIS & BOCKIUS and THOMAS D. KOHLER

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11

12 LANDMARK SCREENS, LLC, a Delaware        Case No. 1-05-CV-053568
   Limited Liability Company,

13                                          **DEFENDANTS MORGAN, LEWIS &**
                              Plaintiff,    **BOCKIUS, LLP AND THOMAS D.**
                                            **KOHLER'S NOTICE OF DEMURRER**
14      v.                                  **AND DEMURRER TO FIRST AMENDED**
                                            **COMPLAINT**
15 PENNIE & EDMONDS LLP, a Limited
   Liability Partnership; MORGAN, LEWIS &
16 BOCKIUS, LLP a Limited Liability         **[CAL. CODE CIV. P. § 430.10(a)]**
   Partnership; THOMAS D. KOHLER, an
17 individual; and DOES 1 to 100, Inclusive,

18                            Defendants.   Date:      May 20, 2008
                                            Time:      9:00 a.m.
19                                          Dept:      10
                                            Judge:     Hon. Neal A. Cabrinha
20
                                            Trial Date: None set
21

22

23

24

25

26

27

28

DEFENDANTS MORGAN, LEWIS & BOCKIUS AND THOMAS D. KOHLER'S NOTICE OF DEMURRER
AND DEMURRER TO FIRST AMENDED COMPLAINT
CASE NO. 1-05-CV-053568

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that on May 20, 2008, at 9:00 a.m., or as soon thereafter as

3    this matter may be heard in Department 10 of the Superior Court for the State of California,

4    County of Santa Clara, located at 191 North First Street, San Jose, California, Defendants

5    Morgan, Lewis & Bockius, LLP and Thomas D. Kohler will and hereby do demur to Plaintiff

6    Landmark Screens, LLC's First Amended Complaint on following grounds:

### DEMURRER TO THE FIRST CAUSE OF ACTION

8    1.    The Court has no jurisdiction of the subject of the cause of action for legal

9    malpractice alleged in the First Amended Complaint. Cal. Code Civ. Proc. § 430.10(a).

### DEMURRER TO THE SECOND CAUSE OF ACTION

11    2.    The Court has no jurisdiction of the subject of the cause of action for negligence

12    alleged in the First Amended Complaint. Cal. Code Civ. Proc. § 430.10(a).

### DEMURRER TO THE THIRD CAUSE OF ACTION

14    3.    The Court has no jurisdiction of the subject of the cause of action for breach of

15    fiduciary duty alleged in the First Amended Complaint. Cal. Code Civ. Proc. § 430.10(a).

16    This Demurrer is based upon this Notice and Demurrer, the accompanying Memorandum

17    of Points and Authorities filed in support thereof, the Appendix of Non-California Authorities,

18    all pleadings and papers on file in this action, and upon such further oral and written argument

19    and evidence as may be presented at or prior to the hearing of this matter.

20    Defendants respectfully request that the Court sustain this Demurrer to all counts of the

21    First Amended Complaint, that the Court deny Plaintiff leave to amend, and that the Court grant

22    such other and further relief as is just and proper.

23    Dated: April 28, 2008                          KEKER & VAN NEST, LLP

24

25

26    By: _____

27    WENDY J. THURM
      Attorneys for Defendants
      MORGAN, LEWIS & BOCKIUS and

28    THOMAS D. KOHLER

---

1

415761.01

# EXHIBIT D

1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  WENDY J. THURM - #163558
   STEVEN P. RAGLAND - #221076
3  COURTNEY TOWLE - #221698
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone:    (415) 391-5400
5  Facsimile:    (415) 397-7188

6  Attorneys for Defendants
   MORGAN, LEWIS & BOCKIUS and THOMAS D. KOHLER
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              IN AND FOR THE COUNTY OF SANTA CLARA
10

11

12 LANDMARK SCREENS, LLC, a Delaware        Case No. 1-05-CV-053568
   Limited Liability Company,
13                                          **MEMORANDUM OF POINTS AND**
                              Plaintiff,    **AUTHORITIES IN SUPPORT OF**
14                                          **DEFENDANTS MORGAN, LEWIS &**
           v.                               **BOCKIUS LLP AND THOMAS D.**
15                                          **KOHLER'S DEMURRER TO FIRST**
   PENNIE & EDMONDS LLP, a Limited          **AMENDED COMPLAINT FOR LACK OF**
16 Liability Partnership; MORGAN, LEWIS &   **SUBJECT MATTER JURISDICTION**
   BOCKIUS, LLP a Limited Liability
17 Partnership; THOMAS D. KOHLER, an        **[CAL. CODE CIV. P. § 430.10(a)]**
   individual; and DOES 1 to 100, Inclusive,
18
                              Defendants.   Date:      May 20, 2008
19                                          Time:      9:00 a.m.
                                            Dept:      10
20                                          Judge:     Hon. Neal A. Cabrinha
21                                          Trial Date: None set
22
23
24
25
26
27
28

MEMO OF P&A ISO DEFENDANTS MORGAN, LEWIS & BOCKIUS LLP AND THOMAS D. KOHLER'S
DEMURRER BASED ON SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

1

# TABLE OF CONTENTS

2

**Page**

3   I.    INTRODUCTION ..................................................................................................1

4   II.   FACTUAL AND PROCEDURAL BACKGROUND.........................................2

5   III.  ARGUMENT......................................................................................................3

6         A.    This case cannot proceed until this Demurrer is resolved. ...................3

7         B.    Because this Court lacks jurisdiction over this dispute, this Demurrer
                must be sustained. ................................................................................4
8
9               1.    Federal courts have exclusive jurisdiction over cases requiring
                      resolution of patent prosecution or patent law issues. ................4

10              2.    Because this case requires resolution of substantial issues of
                      federal patent law, this Court lacks jurisdiction and should
11                    sustain this Demurrer. ................................................................5

12        C.    Recent Federal Circuit authority further mandates dismissal of this
                action.................................................................................................7
13
14              1.    California courts follow the Federal Circuit's guidance on the
                      scope of "arising under" jurisdiction. .........................................8

15              2.    *Air Quality* and *Immunocept* confirm the *Holiday Matinee*
                      analysis and apply it to two separate legal malpractice actions,
16                    finding them both within the exclusive jurisdiction of the
                      federal courts.................................................................................8
17
   IV.   CONCLUSION..................................................................................................11
18

19

20

21

22

23

24

25

26

27

28

i

MEMO OF P&A ISO DEFENDANTS MORGAN, LEWIS & BOCKIUS LLP AND THOMAS D. KOHLER'S
DEMURRER BASED ON SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

415344.07

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*3D System, Inc. v. Aarotech Laboratoriess, Inc.,*
    160 F.3d 1373 (Fed. Cir. 1998) ................................................................8

*Additive Controls & Measurement System v. Flowdata,*
    986 F.2d 476 (Fed. Cir. 1993) ................................................................8

*Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld,*
    504 F.3d 1262 (Fed. Cir. 2007) ........................................2, 7, 8, 9

*Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800 (1988)........................................................1, 5, 6, 8, 9

*In re Comiskey,*
    499 F.3d 1365 (Fed. Cir. 2007) ................................................................6

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,*
    545 U.S. 308 (2005)........................................................................4

*Hunter Douglas, Inc. v. Harmonic Design, Inc.,*
    153 F.3d 1318 (Fed. Cir. 1998) ........................................4, 8, 10

*Immunocept, LLC v. Fulbright & Jaworski, LLP,*
    504 F.3d 1281 (Fed. Cir. 2007) ....................................2, 7, 9, 10, 11

*Midwest Indus.l, Inc. v. Karavan Trailers, Inc.,*
    175 F.3d 1356 (Fed. Cir. 1999) ................................................................4

*Parker v. Flook,*
    437 U.S. 584 (1978)........................................................................6

*Peeler v. Hughes & Luce,*
    909 S.W. 2d 494 (Tex. 1995)........................................................10

## STATE CASES

*Abelleira v. District Court of Appeal,*
    17 Cal. App. 2d 280 (1941) ................................................................3

*Ambriz v. Kelegian,*
    146 Cal. App. 4th 1519 (2007) ........................................................6, 10

*Consol. Theatres, Inc. v. Theatrical Stage Employees Union,*
    69 Cal. 2d 713 (1968) ................................................................3

*Dial 800 v. Fesbinder,*
    118 Cal. App. 4th 32 (2004) ................................................................3

*Holiday Matinee, Inc. v. Rambus, Inc.,*
    118 Cal. App. 4th 1413 (2004) ................................................ passim

*Keiffer v. Bechtel Corp.,*
    65 Cal. App. 4th 893 (1998) ................................................................3

*Miranda v. 21st Century Ins. Co.,*
    117 Cal. App. 4th 913 (2004) ................................................................3

ii

MEMO OF P&A ISO DEFENDANTS MORGAN, LEWIS & BOCKIUS LLP AND THOMAS D. KOHLER'S
DEMURRER BASED ON SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

415344.07

# TABLE OF AUTHORITIES
### (cont'd)

Page(s)

*Viner v. Sweet,*
   30 Cal. 4th 1232 (2003) .................................................................................................6

## FEDERAL STATUTES

35 U.S.C. §§ 102 & 103.............................................................................................6

28 U.S.C. § 1295(a)(1)...............................................................................................4

28 U.S.C. § 1338................................................................................................ passim

U.S. Const. Art. III, § 2...............................................................................................4

## OTHER

California Code of Civil Procedure § 430.10(a) ..........................................................1

Weil & Brown, Civil Procedure Before Trial at §3:611 (West 2008) ............................5

Wright, Law of Federal Courts § 5 n. 11-12 ...............................................................4

iii

MEMO OF P&A ISO DEFENDANTS MORGAN, LEWIS & BOCKIUS LLP AND THOMAS D. KOHLER'S
DEMURRER BASED ON SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

415344.07

# I.   INTRODUCTION

This case—regardless of the merits—does not belong in the Superior Court.  Because all of Plaintiff Landmark Screens, LLC's claims require resolving substantial issues of patent law, the federal district courts have *exclusive* jurisdiction to adjudicate this dispute.  Defendants Morgan, Lewis & Bockius, LLP and Thomas D. Kohler, therefore, demur to Landmark's First Amended Complaint ("Complaint") pursuant to California Code of Civil Procedure § 430.10(a) and ask that this matter be dismissed without leave to amend.

Landmark complains that Defendants breached their duties as attorneys retained to provide patent prosecution services to the company.  Landmark pleads three causes of action: legal malpractice, negligence, and breach of fiduciary duty.  To prove each of its claims, Landmark must address substantial issues of patent law—a subject matter which Congress chose to vest exclusively in the jurisdiction of the federal courts.  Federal law provides that federal courts "shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents" and that "[s]uch jurisdiction shall be exclusive of the courts of the states." 28 U.S.C. § 1338(a).  As the United States Supreme Court has held, section 1338(a)'s "arising under" language means that federal court jurisdiction is exclusive for "cases in which a well-pleaded complaint establishes ... that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-809 (1988).  California law similarly provides that even where only state law causes of action are pled, if the "heart" of a plaintiff's claim involves "a substantial question of federal patent law," the Superior Court lacks subject matter jurisdiction over the dispute. *Holiday Matinee, Inc. v. Rambus, Inc.*, 118 Cal. App. 4th 1413, 1425-1426 (2004).

Here, this lawsuit necessarily requires the Court to resolve substantial questions of federal patent law.  To prevail, Landmark must prove that had Defendants acted otherwise, it would have secured additional patent protection for the technology at issue.  The trial court, therefore, must sit in the place of the United States Patent and Trademark Office in evaluating the patentability of Landmark's technology and the scope of protection that would have been afforded but for the alleged attorney errors.  The Superior Court simply cannot fill that role.

1

1    Indeed, this is the exact conclusion recently reached by the United States Court of Appeals for

2    the Federal Circuit, in a pair of cases decided on October 15, 2007—while this case was stayed.

3    In *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld*, 504 F.3d 1262

4    (Fed. Cir. 2007) and *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir.

5    2007), the Federal Circuit held that state law legal malpractice claims are within the *exclusive*

6    jurisdiction of the federal courts where the "case within a case" involves patent prosecution or

7    patent litigation. Thus, promptly after this case returned to the Superior Court, Defendants

8    secured a hearing date and prepared this Demurrer.

9        Federal statute, United States Supreme Court precedent, and cases from both the

10    California Court of Appeal and the United States Court of Appeals for the Federal Circuit,

11    therefore, all establish that this case falls within the exclusive jurisdiction of the federal courts.

12    Because this Court lacks subject matter jurisdiction over this dispute, therefore, this Demurrer

13    should be sustained and this case dismissed.

14          **II.    FACTUAL AND PROCEDURAL BACKGROUND**

15        This case involves patent law services Defendants provided to the Plaintiff. In short,

16    Landmark claims that Defendants committed legal malpractice (count I), acted negligently

17    (count II), and breached a fiduciary duty owed to Landmark (count III) in conjunction with

18    representing the company in prosecuting patent applications covering alleged inventions used in

19    one of its products—an outdoor LED billboard. *See generally* First Amended Complaint

20    ("FAC") (attached hereto as Exhibit A). Landmark sued attorney Thomas D. Kohler and two

21    firms where he worked while serving as counsel to Landmark—Pennie & Edmonds, LLP and

22    Morgan, Lewis & Bockius, LLP.

23        Specifically, Landmark claims that "Defendants" failed properly to draft patent claims to

24    protect its inventions, failed to submit a complete "divisional application" to the United States

25    Patent and Trademark Office (USPTO), failed to take proper steps to correct those mistakes, and

26    failed to inform Landmark of the mistakes. *See, e.g.*, FAC ¶¶ 33, 38, 40. Landmark further

27    alleges that it would have received broader patent protection for the technology had Defendants

28    not made these mistakes and instead been afforded the initial filing date for the divisional

1   application to the USPTO. All three of Landmark's causes of action allege the same essential

2   facts. *See* FAC ¶¶ 6-30 ("Facts Common to all Causes of Action); *see also* FAC ¶¶ 31, 36, 40

3   (incorporating prior allegations by reference).

4          Landmark's claims against Morgan Lewis & Bockius LLP and Thomas Kohler (arising

5   from his work at Morgan Lewis) were stayed by Court order for more than a year and a half and

6   only recently returned to the Court's active case calendar. On September 26, 2006, this Court

7   ordered Landmark to arbitrate its claims against Defendants Pennie & Edmonds and Thomas

8   Kohler (arising from his work at Pennie) and stayed the remainder of the case, pending the

9   arbitration. After Landmark reached a settlement with Pennie & Edmonds, the stay was lifted

10  and on March 13, 2008, this Court set a Trial Setting Conference for April 29, 2008. Morgan

11  Lewis & Bockius then promptly secured new counsel to defend against Landmark's claims and

12  undersigned counsel, Keker & Van Nest, LLP, substituted into the case on April 3, 2008. After

13  meeting and conferring with Landmark's counsel, Morgan Lewis secured the first available court

14  date, May 20, 2008, for a hearing on this Demurrer.

## III.    ARGUMENT

**A.    This case cannot proceed until this Demurrer is resolved.**

17         The question of subject matter jurisdiction is a purely legal issue for the Court to decide.

18  *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 42 (2004). The lack of subject matter jurisdiction is

19  "an entire absence or power to hear or determine the case." *Abelleira v. District Court of*

20  *Appeal*, 17 Cal. App. 2d 280, 288 (1941). Challenges to the Court's subject matter jurisdiction

21  may be raised at any time and cannot be waived. *Miranda v. 21st Century Ins. Co.*, 117 Cal.

22  App. 4th 913, 920 (2004); *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 896 (1998). Once

23  raised, the issue of subject matter jurisdiction must be addressed immediately by the trial court.

24  *Keiffer*, 65 Cal. App. 4th at 896; *see also Consolidated Theatres, Inc. v. Theatrical Stage*

25  *Employees Union*, 69 Cal. 2d 713, 721 (1968).

26

27

28

415344.07

**B.    Because this Court lacks jurisdiction over this dispute, this Demurrer must be sustained.**

    **1.    Federal courts have exclusive jurisdiction over cases requiring resolution of patent prosecution or patent law issues.**

The United States Constitution gives the federal courts jurisdiction for "all Cases, in Law and Equity, arising under … the Laws of the United States." U.S. Const. Art. III, § 2.  Cases involving patent prosecution, proceedings before the United States Patent and Trademark Office, and patent law generally arise under the laws of the United States.  28 U.S.C. § 1338(a). Congress long ago codified this exclusive federal jurisdiction over patent-related litigation, providing:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents…. Such jurisdiction shall be exclusive of the courts of the states in patent … cases.

*Id.*

This federal jurisdictional exclusivity is important to "ensure the integrity of [patent] law." *Hunter Douglas, Inc. v. Harmonic Design, Inc*, 153 F.3d 1318, 1338 (Fed. Cir. 1998).[1]  As the United States Supreme Court has emphasized, there exists a strong federal interest in adjudicating such questions in the federal forum, thus "justif[ying] resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Indeed, integrity of the law and consistency in its application are so important that nearly 100 years ago, Congress created a special federal appeals court to exercise exclusive appellate jurisdiction over district court decisions involving patents.  *See* Wright, LAW OF FEDERAL COURTS § 5 n. 11-12 and accompanying text (6th ed. West 2002); *see also* 28 U.S.C. § 1295(a)(1) (giving United States Court of Appeals for the Federal Circuit exclusive jurisdiction over district court decisions involving patent law).

---

[1] Overruled in part on other grounds by *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1358-1359 (Fed. Cir. 1999) (Federal Circuit will apply its own law rather than that of the regional circuit for preemption analysis).

4

415344.07

**2.      Because this case requires resolution of substantial issues of federal patent law, this Court lacks jurisdiction and should sustain this Demurrer.**

It is axiomatic that California courts lack subject matter jurisdiction over disputes entrusted to the exclusive jurisdiction of the federal courts.  *See generally* Weil & Brown, Civil Procedure Before Trial at §3:611 (West 2008) (specifying claims involving patents as an area of exclusive federal jurisdiction).   Indeed, California courts have demonstrated concern and respect for the proper allocation of power between their fora and the federal judiciary.

In *Holiday Matinee, Inc. v. Rambus, Inc.*, 118 Cal. App. 4th 1413 (2004), the California Court of Appeal recognized that state law claims involving substantial patent law issues belong in federal—not state—court.  The Court explained that exclusive federal jurisdiction exists where "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law."  118 Cal. App. 4th at 1422; *see also Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 808-809 (1988) (same).  Here, the second prong of this test applies and the Court must "determine[] whether a claim arises under patent law ... from what necessarily appears in the plaintiff's statement of his own claim." *Holiday Matinee*, 118 Cal. App. 4th at 1423 (internal quotation marks omitted).

This does not mean that the Complaint must plead federal causes of action.  In fact, there need not even be an allegation of patent infringement at all in the complaint.  *Id.* at 1427.  Rather, federal jurisdiction is triggered where the plaintiff cannot prove its case without proving a patent law issue, such as whether a patent was in fact infringed upon, whether a valid patent ever existed, whether a patent would have issued but for the alleged error, or whether any such patent, if issued, would have been valid or enforceable.

The *Holiday Matinee* lawsuit was in fact brought as a state law consumer class action alleging, *inter alia*, violations of various sections of the California Business and Professions Code. *Id.* at 1415.  The plaintiff claimed damages for various anticompetitive acts involving defendant's patented technology. *Id.* at 1416-17.  Even though the complaint did not allege causes of action for patent infringement or fraud on the United States Patent and Trademark

5

415344.07

1    Office, the state law claims alleging anticompetitive conduct necessarily put the enforceability

2    and validity of defendant's patents at issue. *Id.* Therefore, "each of Holiday's claims required a

3    showing that [defendant's] patents were invalid and unenforceable." *Holiday Matinee*, 118 Cal.

4    App. 4th at 1427. Even though Holiday pled state law causes of action, "Holiday's 'right to

5    relief necessarily depend[ed] on resolution of a substantial question of federal patent law, in that

6    patent law is a necessary element of one of the well-pleaded claims.'" *Id.* at 1427 (quoting

7    *Christianson*, 486 U.S. at 809). The Superior Court, therefore, lacked "jurisdiction over the

8    subject matter of the action" and "the Complaint was demurrable." *Id.* at 1427.

9         Here, Landmark's right to relief necessarily depends on resolving substantial questions of

10   federal patent law. In a legal malpractice action, the Plaintiff must prove duty, breach, causation

11   and damages. The test for causation is a strict one—that is, plaintiff must prove that but for the

12   alleged attorney errors, it would have obtained a more favorable result. *See Ambriz v. Kelegian*,

13   146 Cal. App. 4th 1519, 1531-1532 (2007); *see also Viner v. Sweet*, 30 Cal. 4th 1232, 1242

14   (2003) ("In both litigation and transactional malpractice cases, the crucial causation inquiry is

15   *what would have happened* if the defendant attorney had not been negligent. This is so because

16   the very idea of causation necessarily involves comparing historical events to a hypothetical

17   alternative.") (emphasis in original).

18        This "case within a case" proof element requires the Court to determine whether or not

19   Landmark would have secured additional patent protection for other alleged inventions had the

20   Defendants acted otherwise. *See Viner*, 30 Cal. 4th at 1242; *Ambriz*, 146 Cal. App. 4th at 1532.

21   To make that determination, the Court must sit in the place of the United States Patent and

22   Trademark Office and evaluate the patentability of Landmark's technology. This in turn requires

23   determining whether these alleged inventions meet federal "novelty" and "non-obvious"

24   requirements among others. 35 U.S.C. §§ 102 & 103. Such issues are threshold matters in

25   deciding whether an invention is patentable and the scope of that patent. *See In re Comiskey*,

26   499 F.3d 1365, 1371 (Fed. Cir. 2007), (citing *Parker v. Flook,* 437 U.S. 584 (1978)).

27        Numerous other patent law issues must also be resolved. For example, Landmark's

28   allegations that Defendants failed to properly draft patent claims require the Court to decide

MEMO OF P&A ISO DEFENDANTS MORGAN, LEWIS & BOCKIUS LLP AND THOMAS D. KOHLER'S
DEMURRER BASED ON SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

415344.07

1    issues such as (1) whether and how alternative claims could have been drafted in light of prior art

2    and other concerns, (2) whether any alternative claims would ultimately have proved patentable,

3    (3) whether any proposed difference in the scope of Landmark's patent protection would prove

4    significant in terms of its alleged harms; and (4) whether and how the scope of any pending

5    claims differ from any of the "lost" claims from the abandoned divisional application.  And, the

6    allegation that Defendants' patent filings were incomplete not only requires determining whether

7    or not any additional patents would have in fact issued even if the application was more

8    complete, but also demands an analysis of whether any of the claims that would have issued

9    from the divisional application differ from the claims pending in plaintiff's reissue patent

10   application, currently pending before the United States Patent and Trademark Office ("PTO").

11           Additionally, Landmark did in fact receive a patent by the PTO.  FAC ¶ 19.  So, to

12   resolve the claims here, a court must further compare the scope of the claims in the issued patent

13   with the scope of the claims in any hypothetical patents that did not issue.  Again, this is a highly

14   technical determination of federal patent law that requires the Court to sit in the place of the

15   PTO.

16           In short, there is simply no way to determine the "case within a case" without resolving

17   substantial questions of federal patent law.  Because cases that require such inquiries are within

18   the exclusive jurisdiction of the federal courts, this Demurrer must be sustained.

19   **C.      Recent Federal Circuit authority further mandates dismissal of this action.**

20           Two recent Federal Circuit decisions, employing an analysis similar to that of the court of

21   appeal in *Holiday Matinee*, held that state law legal malpractice suits belong in federal court

22   where the "case within a case" involves patent prosecution and patent litigation.  *See Air*

23   *Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld*, 504 F.3d 1262 (Fed. Cir. 2007);

24   *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007).  Because

25   California courts look to the Federal Circuit for guidance on the scope of "arising under"

26   jurisdiction pursuant to 28 U.S.C. § 1338, Federal Circuit decisions should control this inquiry,

27   absent contrary controlling authority.  Defendants have not found any inapposite authority and so

28   *Air Measurement* and *Immunocept* should control.

7

415344.07

1.   **California courts follow the Federal Circuit's guidance on the scope of "arising under" jurisdiction.**

In *Holiday Matinee*, the California Court of Appeal discussed in detail several Federal Circuit decisions regarding subject matter jurisdiction for state law causes of action.  *See Holiday Matinee*, 118 Cal. App. 4th at 1422-1425.  Specifically, in performing its legal analysis, the Court cited and relied on three Federal Circuit decisions:  (1) *Hunter Douglas v. Harmonic Design, Inc.*, 153 F.3d 1318, 1329 (Fed. Cir. 1998), providing that a state law claim "depend[s] on resolving a question of federal patent law" and therefore the case belongs in federal court; (2) *Additive Controls & Measurement Sys. v. Flowdata*, 986 F.2d 476, 479 (Fed. Cir. 1993), holding that the case was properly in federal court because the state law business disparagement claim "arose under" patent law and therefore the plaintiff's "right to relief depends upon the resolution of a substantial question of patent law"; and (3) *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998), finding federal jurisdiction over a state law trade libel claim because plaintiff had to prove infringement in order to make out the claim.  The California Court of Appeal not only cited each of these Federal Circuit decisions with approval and followed their reasoning, it in fact "appli[ed] the forgoing authorities" to the case at bar.  *See Holiday Matinee* 118 Cal. 4th. at 1425..  Federal Circuit determinations of patent law jurisdiction and the scope of § 1338, therefore, deserve deference by this Court.

2.   ***Air Quality*** **and** ***Immunocept*** **confirm the** ***Holiday Matinee*** **analysis and apply it to two separate legal malpractice actions, finding them both within the exclusive jurisdiction of the federal courts.**

To the extent *Holiday Matinee* and *Christianson*, discussed above, left any uncertainty as to the applicability of § 1338 on state law legal malpractice claims, on October 15, 2007, the Federal Circuit resolved the matter.  That day, the Circuit published two decisions regarding justiciability of state law legal malpractice actions that involve alleged errors in patent prosecution and patent litigation services.  These decisions leave no doubt that this Court lacks subject matter jurisdiction over Landmark's claims.

In *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld*, 504 F.3d 1262 (Fed. Cir. 2007), the Federal Circuit upheld the district court's denial of a motion to

8

415344.07

1  remand plaintiff's legal malpractice action to state court. The Federal Circuit explained that the

2  lawsuit "necessarily depends on resolution of a substantial question of federal patent law," *id.* at

3  1266, because the plaintiff had to clear the "'case within a case' requirement of the proximate

4  cause element of malpractice." *Id.* at 1269. Since the underlying litigation at issue involved

5  patent prosecution and patent litigation services, to make the "case within a case" determination,

6  "the district court will have to adjudicate, hypothetically, the merits of the [patent] infringement

7  claim" in the underlying suit. *Id.* Patent infringement, therefore, was a "necessary element" in

8  the legal malpractice claim and thus "present[ed] a substantial question of patent law conferring

9  § 1338 jurisdiction." *Air Measurement*, 504 F.3d at 1269 (citing *Christianson*, 486 U.S. at 809).

10       Similarly here, the very patentability of Landmark's alleged inventions is a necessary

11  element of all of its claims. If, for example, the alleged inventions would never have received a

12  patent—regardless of the diligence of counsel—then Landmark cannot make its case for legal

13  malpractice, negligence, or breach of fiduciary duty. Similarly, the diligence of counsel in the

14  patent prosecution process, including taking any available "corrective steps," cannot be judged

15  without determining the hypothetical perfect patent prosecution protocol and deciding how the

16  results would have differed (if at all) from what actually came to pass. Indeed, to resolve these

17  issues, the Court will essentially perform the role of a PTO patent examiner.

18       The other recent Federal Circuit Case, *Immunocept, LLC v. Fulbright & Jaworski, LLP*,

19  504 F.3d 1281 (Fed. Cir. 2007), is equally—if not more—on point. There, the plaintiff brought

20  its lawsuit in federal district court, basing jurisdiction on 28 U.S.C. § 1338, and alleging legal

21  malpractice based on Texas law. When Immunocept appealed the district court's summary

22  judgment order, the Federal Circuit ordered briefing on "whether there is 'arising under'

23  jurisdiction over the malpractice claim under 28 U.S.C. § 1338." *Immunocept*, 504 F.3d at 1283.

24  In the underlying "case within the case," Immunocept had hired the Fulbright firm "to secure

25  patent protection for [its] technology." *Id.*. Ultimately, Immunocept alleged, Fulbright's legal

26  services were deficient and resulted in a potential loss of valuable patent rights. *Id.* at 1284. As

27  the Federal Circuit explained, "the alleged attorney error narrowed the scope of the patent." *Id.*

28  at 1285. Thus, Immunocept received less patent protection for its technology than it arguably

MEMO OF P&A ISO DEFENDANTS MORGAN, LEWIS & BOCKIUS LLP AND THOMAS D. KOHLER'S
DEMURRER BASED ON SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

1 would have secured but for the alleged malpractice.

2      The Federal Circuit held that "there is no way Immunocept can prevail without

3 addressing claim scope." *Id.* In other words, Immunocept would have to prove, and the court

4 would have to determine, the scope of patent protection actually afforded to Immunocept and the

5 scope of patent protection that would have been secured absent the alleged malpractice. This

6 claim scope determination "is the first step of a patent infringement analysis" and necessarily

7 involves "a substantial question of patent law." *Id.* at 1285. Thus, the Court concluded, "§ 1338

8 jurisdiction is proper here." *Id.* at 1285-1286.

9      Here, Landmark's claims are strikingly similar to the legal malpractice claim in

10 *Immunocept.* First, the elements of legal malpractice under both Texas and California law are

11 identical: duty, breach, causation, and damages. *Compare Immunocept*, 504 F.3d at 1284

12 (setting forth Texas law and citing *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995)),

13 *with Ambriz*, 146 Cal. App. 4th at 1531. Second, Landmark claims that attorney error in patent

14 prosecution work resulted in "loss of valuable and pioneering patent rights and has damaged

15 Landmark." FAC ¶¶ 33, 38; *see also* FAC ¶ 40. Thus, as in *Immunocept*, "the alleged attorney

16 error narrowed the scope of the patent" to which Landmark claims a right—in this case failing to

17 secure the full scope of patent protection. Third, as was the case in *Immunocept*, to prevail here

18 Landmark must prove, and the trial court must determine, the scope of patent protection (if any)

19 that would have been secured absent the alleged error. As the Federal Circuit explained,

20 determining the scope of patent protection due "surely" is "a substantial question of patent law"

21 and is, therefore, reserved to the exclusive jurisdiction of the federal courts. *Immunocept*, 504

22 F.3d at 1285. As the California Court of Appeal recognized, "questions of patent validity and

23 enforceability, like patent infringement, are substantial issues of patent law that invoke exclusive

24 federal jurisdiction under section 1338(a)." *Holiday Matinee*, 118 Cal. App. 4th at 1426-27

25 (citing *Hunter Douglas*, 153 F.3d at 1330). This exclusive federal jurisdiction makes sense, as a

26 determination of the appropriate scope of patent protection that was or could have been garnered

27 "is a question of law that can be complex in that it may involve many claim construction

28 doctrines" and "[l]itigants will benefit from federal judges who are used to handling these

10

415344.07

1   complicated rules." *Id.*

2       Just like *Immunocept*, Landmark's lawsuit is "a legal malpractice case based on alleged

3   errors in patent prosecution" and, just like *Immunocept*, the issues regarding the legal services

4   that must be resolved "present[] a substantial question[s] of patent law, [so] jurisdiction is proper

5   under § 1338." *Immunocept*, 504 F.3d at 1282-1283. This lawsuit, therefore, "arises under"

6   federal law "relating to patents" and is within the exclusive jurisdiction of the federal courts.

7   This Court, therefore, should sustain this Demurrer.

8   **IV.    CONCLUSION**

9       For the foregoing reasons, Defendants Morgan, Lewis & Bockius, LLP and Thomas D.

10  Kohler ask the Court to sustain this Demurrer and deny Plaintiff Landmark Screens, LLC leave

11  to amend. Because "[t]he claims alleged in the Complaint arise under federal patent law …

12  California courts lack subject matter jurisdiction" over this dispute. *Holiday*, 118 Cal. App. 4th

13  at 1428.

14

15  Dated: April 28, 2008             KEKER & VAN NEST, LLP

16

17

18                      By: _Wendy Thurm /s/ sac_
                          WENDY J. THURM

19                        Attorneys for Defendants
                          MORGAN, LEWIS & BOCKIUS and

20                        THOMAS D. KOHLER

21

22

23

24

25

26

27

28

11

415344.07

# Exhibit A

1   CLARK S. STONE (SBN 202123)
    STEVEN M. LEVITAN (SBN 148716)
2   MacPHERSON KWOK CHEN & HEID LLP
    1762 Technology Drive, Suite 226
3   San Jose, California 95110
    Phone:  (408) 392-9250
4   Facsimile: (408) 392-9262

5   Attorneys for Plaintiff
    LANDMARK SCREENS, LLC

6

7

**ENDORSED**

2005 DEC -7 P 5: 56

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____
        DEPUTY CLERK

Shanon Cullen

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SANTA CLARA

10                      UNLIMITED JURISDICTION

11

| | |
|---|---|
| 12 LANDMARK SCREENS, LLC, a Delaware Limited Liability Company, | Case No. 1-05-CV-053568 |
| 13              Plaintiff, | **FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY** |
| 14       v. | |
| 15 PENNIE & EDMONDS LLP, a limited liability partnership; MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership; THOMAS D. KOHLER, an individual; and DOES 1 to 100, inclusive, | Amount demanded exceeds $25,000 |
| 16 | |
| 17 | |
| 18 | |
| 19              Defendants. | |

20

21       Plaintiff Landmark Screens, LLC alleges as follows:

22                      **THE PARTIES**

23       1.    Plaintiff LANDMARK SCREENS, LLC ("Plaintiff" or "Landmark") is a

24   Delaware limited liability company with its principal place of business at 1068 East Meadow

25   Circle, Palo Alto, California.

26       2.    Landmark is informed and believes, and thereon alleges, that Defendant

27   PENNIE & EDMONDS LLP ("Pennie & Edmonds") is a limited liability partnership that

28   during at least a portion of the times alleged herein had law offices throughout the United States

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY       1

1  and California, including an office at 3300 Hillview Avenue, Palo Alto, Santa Clara County,

2  California, 94304.  Pennie & Edmonds currently is organized and existing under the laws of the

3  State of New York, and lists its principal executive office at 1155 Avenue of the Americas,

4  New York, New York, 10036.  At all times alleged herein, Pennie & Edmonds held itself out as

5  having specialized knowledge and skill in patent prosecution and filing.

6      3.      Landmark is informed and believes, and thereon alleges, that Defendant

7  MORGAN, LEWIS & BOCKIUS LLP ("Morgan Lewis") is a limited liability partnership with

8  law offices throughout the United States and California, including an office 2 Palo Alto Square,

9  3000 El Camino Real, Suite 700, Palo Alto, Santa Clara County, California, 94306.  Morgan

10  Lewis is organized and existing under the laws of the State of Pennsylvania and lists its

11  principal executive office at 1701 Market Street, Philadelphia, Pennsylvania, 19103.  At all

12  times alleged herein, Morgan Lewis held itself out as having specialized knowledge and skill in

13  patent prosecution and filing.

14      4.      Landmark is informed and believes, and thereon alleges, that Defendant THOMAS

15  D. KOHLER ("Kohler") is an individual currently practicing law as a partner of Defendant

16  Morgan Lewis at One Market, Spear Street Tower, San Francisco, California, 94105.

17  Landmark is further informed and believes, and thereon alleges, that, during at least a portion of

18  the times alleged herein, that Kohler was a partner of Defendant Pennie & Edmonds and

19  engaged in the practice of law at Pennie & Edmond's offices in Palo Alto, Santa Clara County,

20  California.  At all times alleged herein, Kohler held himself out as having specialized

21  knowledge and skill in patent prosecution and filing.

22      5.      Landmark is ignorant of the true names and capacities of the persons sued as

23  DOES 1 through 100 and therefore sue these persons by such fictitious names.  Landmark is

24  informed and believes and on this basis alleges, that each of these fictitiously named persons is

25  responsible in some manner for the acts and omissions herein alleged, including being

26  responsible for the liabilities of Pennie & Edmonds under its partnership agreement or under

27  applicable law.  Landmark will seek leave to amend this complaint to allege their true names

28  and capacities when ascertained.

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY      2

## FACTS COMMON TO ALL CAUSES OF ACTION

6.    Since 2000, Landmark has been in the business of conducting pioneering development and implementation of a two-sided, electronically-controlled, outdoor light emitting diode ("LED") display, or electronic billboard.

7.    Landmark's revolutionary electronic billboard consists of a high-resolution LED display screen, measuring 34 feet wide and 19 feet high, and associated proprietary control systems and software, including "smart" technology for automatically adjusting for all lighting conditions, maximizing clarity and visibility.  With its capability to display 36,600 discernibly different colors in a single image, Landmark's electronic billboard can display extremely high quality images and graphics, at color ranges and contrasts that exceed high definition television ("HDTV") quality and brilliance.

8.    Landmark's revolutionary electronic billboard has been in operation along U.S. Highway 101 in San Carlos, California since December, 2000.  Mounted 40 feet above the ground, Landmark's electronic billboard is visible to both directions of traffic at distances between one-half to two-thirds of a mile, and is seen by an estimated seven million viewers per month.  Companies placing advertisements on Landmark's electronic billboard include Sun Microsystems, Intel, Disney, and United Airlines.

9.    Landmark's electronic billboard is a pioneering invention that is revolutionizing the outdoor advertising industry.  Its large size and high quality images, combined with the ability to display different images up to ten times per minute, make it a highly noticed and effective method for display advertising as compared to traditional static print billboards.  A recent Harris Interactive study concluded that Landmark's electronic billboard was six times more effective as an advertising medium than conventional static billboards, with the majority of the survey respondents stating that they noticed Landmark's electronic bulletin board every time they drive by.

10.    In addition to its high-quality and effective LED display, Landmark's electronic billboard provides significant advantages for advertisers over traditional static print billboards. Content for the electronic billboard is provided by advertisers in digital format, thus

1   significantly reducing time-to-market and eliminating the printing, shipping, and additional

2   production costs associated with conventional billboards.  Additionally, Landmark's unique

3   online management of the electronic billboard content allows for fast changes of advertising

4   materials based on changing business conditions, as well as providing the means for multiple

5   advertisers to share the same advertising space, or for a single advertiser to place multiple

6   images, each with varying display times, on the highly visible LED screen.

7       11.   The use of high-definition electronic displays in place of conventional static print

8   billboards is projected to capture a significant portion of the future spending in the outdoor

9   advertising market, a market currently estimated at greater than $5.5 billion.  In order to

10  compete in this lucrative and rapidly-developing marketplace, Landmark took steps to procure

11  both United States and international patent protection on the unique and valuable aspects of

12  Landmark's pioneering electronic billboard, as to allow Landmark to become a key player in the

13  development, sales, and marketing of electronic billboards and related advertising and services.

14      12.   In connection with patenting its pioneering development work, on or about

15  November 17, 2000 at Palo Alto, Santa Clara County, California, Landmark retained and

16  employed Pennie & Edmonds and Kohler to represent Landmark as Landmark's attorneys at

17  law in connection with all appropriate patent and intellectual property filings worldwide in

18  order to patent Landmark's inventions conceived in connection with development of the

19  electronic billboard.  At such time and place, Pennie & Edmonds and Kohler accepted such

20  employment and agreed to perform such services for Landmark.

21      13.   As patent counsel to Landmark, Pennie & Edmonds and Kohler owed Landmark

22  duties of care commensurate with the specialized standards of legal practice within this area.  In

23  the course of the relationship, there existed a fiduciary relationship, wherein Landmark reposed

24  trust and confidence on Pennie & Edmonds and Kohler.  Pennie & Edmonds and Kohler

25  accepted and acknowledged this fiduciary responsibility to Landmark regarding these matters.

26      14.   Landmark is informed and believes and thereon alleges that in connection with this

27  representation, on or about January 9, 2002, Pennie & Edmonds and Kohler filed a patent

28  application with the United States Patent and Trademark Office ("PTO") on Landmark's

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY     4

1    pioneering electronic billboard, said application including 72 claims directed to different

2    aspects of Landmark's invention. This application was assigned Application No. 10/045,096

3    ("the '096 application"), and has since issued as U.S. Patent No. 6,639,574 ("the '574 patent").

4        15.   Landmark is informed and believes and thereon alleges that, in connection with

5    the filing of the '096 application and in violation of the duties of care commensurate with the

6    specialized standards of legal practice within the patent prosecution area and in violation of

7    their fiduciary duties, Pennie & Edmonds and Kohler failed to properly and with due care draft

8    patent claims sufficient to adequately claim the unique and novel aspects of Landmark's

9    pioneering electronic billboard, resulting in the loss of Landmark's valuable patent rights.

10       16.   Landmark is informed and believes and thereon alleges that, on or about May 6,

11   2003, in response to a restriction requirement by the PTO, Pennie & Edmonds and Kohler

12   elected to pursue claims 26-31 and 56-72 covering Landmark's invention in the '096

13   application, and cancelled the remaining claims, with patent protection on the remaining claims

14   to be obtained through a "divisional application" claiming the same filing date as the '096

15   application.

16       17.   Landmark is informed and believes and thereon alleges that, on or about August

17   13, 2003, Pennie & Edmonds and Kohler filed a divisional application with the PTO on

18   Landmark's invention, including in this divisional application those novel and valuable claims

19   covering Landmark's invention that had earlier been cancelled in response to the PTO's

20   restriction requirement on the '096 application. This application was assigned Application No.

21   10/640,916 ("the '916 divisional application").

22       18.   Landmark is informed and believes and thereon alleges that, in violation of the

23   duties of care commensurate with the specialized standards of legal practice within the patent

24   prosecution area and in violation of their fiduciary duties, Pennie & Edmonds and Kohler failed

25   to properly and with due care submit to the PTO the '916 divisional application, which included

26   those claims covering novel and valuable aspects of Landmark's invention, by at least the

27   following negligent errors and/or omissions:  (a) failing to include a copy of the specification

28   and drawings with the '916 divisional application, as required by the PTO, thus rendering

1  Landmark's divisional application incomplete; (b) submitting an obsolete and out of date

2  transmittal letter with the '916 divisional application that failed to contain an incorporation by

3  reference statement concerning the specifications and drawings filed with the '096 application,

4  thus rendering Landmark's divisional application incomplete; and (c) failing to utilize a

5  "postcard receipt," method by which the PTO could have notified Pennie & Edmonds and

6  Kohler in a timely manner of the missing portions of the '916 divisional application.

7      19.    On or about October 28, 2003, the earlier-filed '096 application was issued as the

8  '574 patent by the PTO.

9      20.    The improper and incomplete filing of the '916 divisional application for

10  Landmark's invention by Pennie & Edmonds and Kohler resulted in the loss of "continuity," as

11  the later-filed divisional application consequently could not claim the January 9, 2002 filing

12  date for the '574 patent.  Thus, to the extent any of the subject matter claimed in the '916

13  divisional application was in public use, sold or offered for sale, or disclosed in a printed

14  publication greater than one year prior to the filing date of the '916 divisional application,

15  including disclosure by the '574 patent, Landmark could now not obtain patent protection on

16  such novel and valuable subject matter.

17      21.    Landmark is informed and believes and thereon alleges that, on or about February

18  9, 2004, Kohler ceased practicing law as a partner of Pennie & Edmonds and joined the law

19  firm of Morgan Lewis as a partner in the San Francisco office.

20      22.    Landmark is informed and believes and thereon alleges that, on or about April 13,

21  2004, Landmark executed a Revocation and Power of Attorney with the PTO appointing

22  Morgan Lewis as Landmark's attorney in connection with the '574 patent and the '916

23  divisional application, resulting in the creation of an attorney-client relationship between

24  Landmark and Morgan Lewis, and continuing Landmark's attorney-client relationship with

25  Kohler, to represent Landmark as Landmark's attorneys at law in connection with all

26  appropriate patent and intellectual property filings worldwide in order to patent any and all

27  inventions conceived in connection with development of Landmark's electronic billboard.  At

28

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY   6

1    such time and place, Morgan Lewis and Kohler accepted such employment and agreed to

2    perform such services for Landmark.

3        23.   As patent counsel to Landmark, Morgan Lewis and Kohler owed Landmark duties

4    of care commensurate with the specialized standards of legal practice within this area. In the

5    course of the relationship, there existed a fiduciary relationship, wherein Landmark reposed

6    trust and confidence on Morgan Lewis and Kohler. Morgan Lewis and Kohler accepted and

7    acknowledged this fiduciary responsibility to Landmark regarding these matters.

8        24.   Landmark is informed and believes and thereon alleges that, on or about June 22,

9    2004, the PTO notified Morgan Lewis and Kohler of the incomplete nature of the August 13,

10   2003 '916 divisional application that Pennie & Edmonds and Kohler had submitted to the PTO.

11       25.   Landmark is informed and believes and thereon alleges that, in violation of the

12   duties of care commensurate with the specialized standards of legal practice within the patent

13   prosecution area, and the fiduciary duty to keep the client informed, Pennie & Edmonds,

14   Morgan Lewis, Kohler, and Does 1 through 100 intentionally failed to disclose to Landmark

15   this significant and material development affecting Landmark's valuable patent rights, and

16   instead intentionally and actively embarked on a deceptive course of action by which Pennie &

17   Edmonds, Morgan Lewis, Kohler, and Does 1 through 100, and each of them, actively

18   concealed from Landmark the nature of Pennie & Edmonds, and Kohler's negligent actions in

19   connection with the August 13, 2003 filing of the '916 divisional application.

20       26.   Landmark is informed and believes and thereon alleges that, in furtherance of their

21   active efforts to conceal from Landmark the negligent actions in connection with August 13,

22   2003 filing of the '916 divisional application, without Landmark's knowledge or consent and in

23   further violation of the fiduciary duty to keep the client informed, on or about August 23, 2004,

24   Morgan Lewis and Kohler filed with the PTO a "Petition to Grant a Filing Date Pursuant to 37

25   C.F.R. §'s 1.183 and/or 1.53(e)," ("Petition"), by which Morgan Lewis and Kohler attempted to

26   convince the PTO to grant the earlier incompletely-filed divisional application the earlier filing

27   date of the '574 patent.

28

1       27.    Landmark is informed and believes and thereon alleges that, on or about

2    November 30, 2004, the PTO dismissed Morgan Lewis and Kohler's Petition, stating

3    unequivocally that the relief requested in the Petition was not warranted due to "applicants'

4    failure to exercise due care, or lack of knowledge of, or failure to properly apply, the patent

5    statutes or rules of practice. . .."

6       28.    Landmark is informed and believes and thereon alleges that, on or about December

7    6, 2004, Morgan Lewis and Kohler were informed of the PTO's decision dismissing the

8    petition. It was only after this December 6, 2004 dismissal by the PTO of the Petition that

9    Landmark was made aware of Pennie & Edmonds, Morgan Lewis, Kohler, and Does 1 through

10    100's negligent and/or intentional actions in connection with the incomplete filing of the '916

11    divisional application, and the unauthorized filing of the Petition with the PTO.

12       29.    By letter dated March 29, 2005, Kohler and Morgan Lewis represented to

13    Landmark that Landmark was not charged for the work related to researching and filing the

14    Petition with the PTO. This representation was false. On or about June 7, 2005, Morgan Lewis

15    requested Landmark pay an outstanding balance for legal services of $7,924.40 for an invoice

16    dated April 30, 2005, for legal fees and costs in connection with researching and filing the

17    Petition with the PTO.

18       30.    Until on or about November 2, 2005, Morgan Lewis and Kohler continued to

19    represent Landmark as Landmark's attorney at law in connection with the invention and all

20    appropriate patent and intellectual property filings worldwide in order to patent, protect and

21    encourage licensing of Landmark's unique and pioneering intellectual property and technology

22    concerning the electronic billboard.

23                          **FIRST CAUSE OF ACTION**

24                   **Legal Malpractice - Against All Defendants**

25       31.    Landmark realleges and incorporates herein by reference each and every allegation

26    set forth in paragraphs 1- 30 above.

27       32.    At all times alleged above, Pennie & Edmonds, Morgan Lewis, Kohler, and Does

28    1 through 100 (hereinafter referred to collectively as "Defendants"), and each of them, failed to

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY    8

1   exercise reasonable care, skill and diligence in performing legal services for Landmark, and

2   were negligent.

3       33.   Defendants' wrongful actions in the form of failure to properly and with due care

4   draft patent claims sufficient to adequately claim the unique and novel aspects of Landmark's

5   pioneering electronic billboard, the incomplete filing of the '916 divisional application and the

6   failure to take proper steps to correct, or to at least minimize, the harm to Landmark caused by

7   the incomplete filing of the '916 divisional application, the intentional concealment of, and the

8   failure to fully and properly inform Landmark as to the status of, the '916 divisional application

9   and Defendants' Petition to the PTO resulted in the loss of valuable and pioneering patent rights

10  and has damaged Landmark.

11      34.   Landmark is informed and believes and thereon alleges that, had Defendants

12  exercised proper care, skill and diligence in the foregoing matter, Landmark's valuable and

13  pioneering divisional patent for the electronic billboard would have been afforded the benefit of

14  the filing date of the application for the '574 patent, thus preserving and providing to Landmark

15  valuable patent rights to the invention.

16      35.   As a proximate result of Defendants' negligence described herein, Landmark has

17  been damaged in an amount to be proven at trial, but at least in an amount in excess of the

18  jurisdictional minimum of this Court.

19                          **SECOND CAUSE OF ACTION**

20                          **Negligence - Against All Defendants**

21      36.   Landmark realleges and incorporates herein by reference each and every allegation

22  set forth in paragraphs 1-35 above.

23      37.   As Landmark's patent counsel, Defendants, and each of them, had a duty to

24  exercise reasonable skill in performing legal and other patent-related services for Defendants.

25      38.   In breach of this duty, Defendants, and each of them, among other things, failed to

26  properly and with due care draft patent claims sufficient to adequately claim the unique and

27  novel aspects of Landmark's pioneering electronic billboard, failed to properly file Landmark's

28  '916 divisional application, failed to take proper steps to correct, or to at least minimize, the

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY    9

1    harm to Landmark caused by the incomplete filing of the '916 divisional application, and failed

2    to fully and properly inform Landmark as to the status of the '916 divisional application and

3    Defendants' Petition to the PTO, resulting in the loss of valuable and pioneering patent rights

4    and has damaged Landmark.

5         39.    As a proximate result of Defendants' negligence described herein, Landmark has

6    been damaged in an amount to be proven at trial, but at least in an amount in excess of the

7    jurisdictional minimum of this Court.

8                            **THIRD CAUSE OF ACTION**

9                    **Breach of Fiduciary Duty - Against All Defendants**

10        40.    Landmark realleges and incorporates herein by reference each and every allegation

11   set forth in paragraphs 1-39 above.

12        41.    An attorney-client relationship is a fiduciary relationship of the very highest

13   character.

14        42.    The scope of an attorney's fiduciary duties to a client are determined as a matter

15   of law based on the California Rules of Professional Conduct together with other statutes and

16   general principles relating to other fiduciary relationships.  As a fiduciary, an attorney's

17   obligations include the duty of care and the duty to keep the client informed.

18        43.    By virtue of the attorney-client relationship that existed between Defendants and

19   Landmark, Defendants, and each of them, owed to Landmark a fiduciary duty.

20        44.    By virtue of Landmark having placed confidence and trust in the fidelity and

21   integrity of Defendants, and entrusting Defendants with the prosecution of all appropriate patent

22   and intellectual property filings worldwide in order to patent the invention and protect and make

23   possible licensing of the invention, a confidential relationship existed at all relevant times

24   herein mentioned between one or more of Defendants and Landmark.

25        45.    In spite of having voluntarily accepted the trust and confidence of Landmark

26   with regard to the prosecution of all appropriate patent and intellectual property filings

27   worldwide in order to patent the invention and thus to protect and encourage licensing of the

28   invention, Defendants, and each of them, violated and abused the trust and confidence of

1  Landmark by failing to properly and diligently perform legal services for Landmark and by

2  intentionally concealing and failing to fully and properly inform Landmark of the status of the

3  '916 divisional application and Defendants' Petition to the PTO.

4       46.    The above-described actions by Defendants, and each of them, were contrary to

5  the best interests of Landmark, and were done in the absence of good faith with a reckless

6  disregard for Defendants' fiduciary duties and Landmark's rights and with intent to defraud,

7  under circumstances Defendants knew would damage Landmark.

8       47.    As a proximate result of the acts of Defendants described herein, Landmark has

9  been damaged in the amount to be proven at trial, but at least in an amount in excess of the

10  jurisdictional minimum of this Court.

11       48.    The above-described actions by Defendants, and each of them, were done with

12  bad faith, malice, fraud and oppression and with reckless disregard of the likelihood that the

13  harm would result in substantial damages to Landmark.  Accordingly, Landmark seeks an

14  award of punitive damages.

15                           **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff LANDMARK SCREENS, LLC ("Landmark") prays for the

17  following relief:

18      A.    That Landmark be awarded  its attorneys' fees paid to Defendants;

19      B.    That Landmark be awarded its actual damages, in an amount to be proven at trial;

20      C.    That Landmark be awarded its incidental and consequential damages in an amount

21  to be proven at trial;

22      D.    That Landmark be awarded such exemplary and punitive damages as allowed by

23  law;

24      E.    That Landmark be awarded its costs;

25      F.    That Landmark be awarded pre-judgment and post-judgment interest at the

26  maximum legal rate; and

27  ///

28

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY   11

1        G.    That Landmark be granted other and further relief as this Court may deem proper.

2    Dated: December 7, 2005            MacPHERSON KWOK CHEN & HEID LLP

3

4                      By _____
                        CLARK S. STONE

5                            Attorneys for Plaintiff
                        LANDMARK SCREENS, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  WENDY J. THURM - #163558
   STEVEN P. RAGLAND - #221076
3  COURTNEY TOWLE - #221698
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:    (415) 391-5400
5  Facsimile:    (415) 397-7188

6  Attorneys for Defendants
   MORGAN, LEWIS & BOCKIUS, LLP
7  and THOMAS D. KOHLER

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE COUNTY OF SANTA CLARA

11

12  LANDMARK SCREENS, LLC, a Delaware        Case No. 1-05-CV-053568
    Limited Liability Company,
13                                            **DEFENDANTS MORGAN, LEWIS &
                              Plaintiff,       BOCKIUS, LLP AND THOMAS D.
14                                             KOHLER'S REPLY BRIEF IN SUPPORT
         v.                                    OF THEIR DEMURRER TO FIRST
15                                             AMENDED COMPLAINT FOR LACK OF
    PENNIE & EDMONDS LLP, a Limited            SUBJECT MATTER JURISDICTION**
16  Liability Partnership; MORGAN, LEWIS &
    BOCKIUS, LLP a Limited Liability           Date:      May 20, 2008
17  Partnership; THOMAS D. KOHLER, an          Time:      9:00 a.m.
    individual; and DOES 1 to 100, Inclusive,  Dept:      10
18                                             Judge:     Hon. Neal A. Cabrinha
                              Defendants.
19                                             Date Comp. Filed:    November 30, 2005

20                                             Trial Date: N/A

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR DEMURRER TO
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

417173.03

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................1

II.   ARGUMENT.........................................................................................2

    A.    The Timeliness of this Demurrer Cannot Seriously Be Disputed...........................2

    B.    Because Landmark Cannot Prove Its Claims Without the Court First
        Resolving Substantial Issues of Federal Patent Law, this Court Lacks
        Subject Matter Jurisdiction Over Landmark's Complaint. ...........................3

        1.    Landmark's Own Allegations Demonstrate that this Case
            Arises Under Patent Law. ...........................................................3

        2.    To Establish its Prima Facie Case, Landmark Must Litigate—
            And the Court Must Resolve—Substantial Issues of Federal
            Patent Law. .................................................................................4

            a.    Causation Cannot Be Established Without Resolution
                of Substantial Issues of Federal Patent Law. ...................5

            b.    Landmark Cannot Establish Injury Without Resolution
                of Substantial Issues of Federal Patent Law ....................6

        3.    Both California and Federal Law Establish That This Demurrer
            Should Be Sustained. ..................................................................8

III.  CONCLUSION....................................................................................10

417173.03

1

# TABLE OF AUTHORITIES

2
**Page(s)**

3

## FEDERAL CASES

4

*Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld,*
5     504 F.3d 1262 (Fed. Cir. 2007) ....................................................................8, 9, 10

6 *Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800 (1988)........................................................................................5, 8

7 *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,*
    545 U.S. 308 (2005) ............................................................................................9

8 *Immunocept, LLC v. Fulbright & Jaworski, LLP,*
    504 F.3d 1281 (Fed. Cir. 2007) ....................................................................8, 9, 10
9

*The Moses Taylor,*
10     71 U.S. 411 (1866)..............................................................................................9

## STATE CASES

11

12 *Adkins v. Lear, Inc.,*
    67 Cal. 2d 882 (1967) ........................................................................................10

13 *Am. Advert. & Sales Co. v. Mid-Western Transp.,*
    152 Cal. App. 3d 875 (1984) ................................................................................3
14

*Aubry v. Tri-City Hosp. Dist.,*
15     2 Cal. 4th 962 (1992) ..........................................................................................4

16 *Banis Rest. Design, Inc. v. Serrano,*
    134 Cal. App. 4th 1035 (2005) ............................................................................4

17 *H.J. Heinz Co. v. Superior Court,*
    42 Cal. 2d 164 (1954) ........................................................................................10

18 *Holiday Matinee v. Rambus,*
    118 Cal. App. 4th 1413 (2004) ....................................................................6, 7, 8, 10
19

*Holmes v. Cal. Nat'l Guard,*
20     90 Cal. App. 4th 297 (2001) ................................................................................6

21 *Linear Tech. Corp. v. Applied Materials, Inc.,*
    152 Cal. App. 4th 115 (2007) ....................................................................1, 8, 9, 10

22 *In re Marriage of Oddino,*
    16 Cal. 4th 67 (1997) ..........................................................................................2

23 *McAllister v. County of Monterey,*
    147 Cal. App. 4th 253 (2007) ..............................................................................3
24

*Pendleton v. Ferguson,*
25     15 Cal. 2d 319 (1940) ........................................................................................10

*Viner v. Sweet,*
26     30 Cal. 4th 1232 (2003) ................................................................................5, 6, 9

27 ## FEDERAL STATUTES

35 U.S.C. § 102........................................................................................................6
28
28 U.S.C. § 1338(a) ..........................................................................................5, 7, 8, 9

ii

417173.03

1

**TABLE OF AUTHORITIES**
(cont'd)

2                                                                              <u>Page(s)</u>

3                              **MISCELLANEOUS**

4

Bishop, *The Challenge of Valuing Intellectual Property Assets*,
5    1 N.W. J. of Tech. & Intell. Prop. 1, 60 (2003) .................................................................7

Berman, FROM IDEAS TO ASSETS: INVESTING WISELY IN INTELLECTUAL PROPERTY
6    78 (2002).............................................................................................................................7

7    Wright, LAW OF FEDERAL COURTS
     § 48 (6th ed. West 2002)..................................................................................................9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

417173.03

1 **I.    INTRODUCTION**

2    Throughout its Opposition[1] Landmark Screens, LLC refers to its "pioneering invention,"

3 its "valuable opportunity to pursue patent rights," and its "revolutionary electronic billboard."

4 Yet, Landmark argues that it is irrelevant whether or not the U.S. Patent and Trademark Office

5 ("PTO") ever would have issued a patent on "its pioneering invention." Of course, that cannot

6 be true. To meet its burden of proof on its claims for legal malpractice, negligence, and breach

7 of fiduciary duty, Landmark must show what would have happened, but for the alleged attorney

8 errors. If, at the end of the day Landmark would not have been entitled to some greater bundle

9 of patent rights than it now has, it has no case. And there is no way for Landmark to meet its

10 burden of proof without presenting for resolution substantial issues of patent law. Therefore, this

11 Court must dismiss Landmark's case in favor of federal court jurisdiction, or dismiss it for

12 failing to state a claim.

13    Unfortunately for Landmark, courts have confronted this exact issue and held that state

14 law legal malpractice claims are within the exclusive jurisdiction of the federal courts where the

15 underlying case involves patent prosecution or patent litigation. Landmark does not—and

16 cannot—dispute these holdings. Instead, it tries to argue around the issue by presenting its

17 allegations in a manner divorced from the actual language of the First Amended Complaint, by

18 ignoring the prima facie elements of its own claims, and by throwing up inapposite and outdated

19 authority. None of these efforts, however, can overcome the law.

20    The primary case upon which Landmark relies, *Linear Technology Corp. v. Applied*

21 *Materials, Inc.*, 152 Cal. App. 4th 115 (2007), does not support Landmark's position. That case

22 looked to the Federal Circuit for guidance on the scope of arising under jurisdiction, but was

23 decided months before the Federal Circuit published two opinions addressing the very issue

24 presented in this lawsuit. Also, *Linear Technology* involved contract claims, not allegations of

25 legal malpractice. In fact, the court emphasized that it needed only to construe equipment

26 purchase orders and an indemnification contract to decide the dispute. Here, however, patent

27 ─────────────────────────

28 [1] Plaintiff's Memorandum of Points and Authorities in Support of Opposition to Defendants Morgan, Lewis & Bockius LLP and Thomas D. Kohler's Demurrer to First Amended Complaint

1

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR DEMURRER TO
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

417173.03

1    law issues are at the heart of Landmark's claims.

2          Landmark also alleges it lost some theoretical nascent licensing rights of a pending patent

3    due to attorney error, even if additional patent protection never would have materialized. This

4    does not, however save it from the patent law issues that must be resolved to adjudicate this

5    dispute. Not only is there almost no reference to licensing rights in Landmark's complaint, but

6    even then they are tied to some scope of patent protection. Additionally, a license to a pending

7    patent application in fact grants no enforceable rights and, even if there is some cognizable value

8    to such a license, the Court must resolve substantial patent law issues such as claim scope to

9    determine what (if any) value that theoretical license might have had. Moreover, Landmark's

10    argument based on speculative license rights to a pending application still requires the Court to

11    determine whether Landmark in fact suffered any injury or damages at all and that necessarily

12    brings us back to patent law. In sum, this licensing argument cannot overcome Landmark's

13    burden to prove its prima facie case—a case necessarily dependant on resolution of patent law

14    issues.

15          While Landmark's Opposition is pregnant with parsing, it fails to provide any sound

16    basis for overruling Defendants' demurrer. This Court lacks subject matter jurisdiction over this

17    lawsuit and Defendants' Demurrer should be sustained.

## II.    ARGUMENT

### A.    The Timeliness of this Demurrer Cannot Seriously Be Disputed.

20          Landmark's first attack on Defendants' Demurrer is telling. Without any direct legal

21    support, Landmark claims that this Demurrer is untimely. That is simply wrong as a matter of

22    well-established black-letter law. As explained in Defendants' moving papers, challenges to a

23    court's subject matter jurisdiction may be raised at any time—even for the first time on appeal—

24    and cannot be waived. *See* Demurrer[2] at 3; *see also In re Marriage of Oddino*, 16 Cal. 4th 67, 73

25    (1997). Landmark neither addresses nor attempts to distinguish such authority, choosing instead

---

for Lack of Subject Matter Jurisdiction ("Opposition").

[2] Memorandum of Points and Authorities In Support of Defendants Morgan, Lewis & Bockius LLP and Thomas D. Kohler's Demurrer to First Amended Complaint for Lack of Subject Matter Jurisdiction ("Demurrer").

2

417173.03

1   to cite a case that in fact supports Defendants' position—*McAllister v. County of Monterey*, 147

2   Cal. App. 4th 253, 279-282 (2007). *See* Opposition at 5. That case, however, has nothing to do

3   with the timeliness of a demurrer based on subject matter jurisdiction. Instead, *McAllister* in fact

4   holds that a court has the inherent power to entertain a demurrer *even if it is "untimely."*

5   *McAllister*, 147 Cal. App. 4th at 279-282. The timeliness of this demurrer simply is not and

6   should not be an issue.

7   **B.    Because Landmark Cannot Prove Its Claims Without the Court First Resolving
        Substantial Issues of Federal Patent Law, this Court Lacks Subject Matter
8       Jurisdiction Over Landmark's Complaint.**

9           Landmark's position—that it can prove its claims without resolution of substantial issues

10  of patent law (thus triggering federal jurisdiction) is demonstrably wrong. First, Landmark's

11  argument is untethered from its actual complaint. Those allegations demonstrate that this Court

12  lacks subject matter jurisdiction over this dispute. Second, Landmark ignores what it must prove

13  to maintain this action, conflating patent law defenses with the necessary elements of its prima

14  facie case. There is no path to proof for Landmark that does not require resolving substantial

15  issues of federal patent law. Third, Landmark misconstrues the law requiring dismissal here.

16          **1.    Landmark's Own Allegations Demonstrate that this Case Arises Under
                Patent Law.**

17

18          Landmark spends much of its Opposition reinventing its allegations, seeking to divorce

19  them from the actual language of its First Amended Complaint.[3] This is improper. In ruling on

20  this Demurrer the Court must consider, and take as true, the actual allegations in the complaint.

21  *Aubry v. Tri-City Hosp. Dist.*, 2 Cal. 4th 962, 966-967 (1992). A brief look at the First Amended

22  Complaint demonstrates that Landmark does not carve out Morgan, Lewis & Bockius, and/or

23  Kohler in his capacity as a Morgan, Lewis & Bockius partner, from its general allegations of

24  malpractice, negligence, and breach of fiduciary duty in the patent prosecution process.

25  Although Landmark baldly asserts that "[t]his case is not about an issued patent or malpractice

26  committed in patent litigation," Opposition at 1, the First Amended Complaint proves otherwise.

27  It alleges, *inter alia*:

28  _____
    [3] Attached hereto as Exhibit A for the Court's convenience.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR DEMURRER TO
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

417173.03

1      •   "It was only after this December 6, 2004 dismissal by the PTO of the Petition that Landmark was made aware of Pennie & Edmonds, **Morgan Lewis, Kohler,** and

2      Does 1 through 100's **negligent and/or intentional actions in connection with the incomplete filing of the '916 divisional application, and the unauthorized**

3      **filing of the Petition with the PTO.**" FAC ¶ 28 (emphasis added).

4      •   "**Defendants'** wrongful actions in the form of … the **incomplete filing of the '916 divisional application** and the **failure to take proper steps to correct,** or at

5      least to minimize, the harm to Landmark caused by **the incomplete filing of the '916 divisional application…**" FAC ¶ 33 (emphasis added).

6      •   "[H]ad **Defendants** exercised proper care, skill and diligence in the foregoing matter, Landmark's valuable and pioneering **divisional patent for the electronic**

7      **billboard would have been afforded the benefit of the filing date** of the application for the '574 patent, thus **preserving and providing to Landmark**

8      **valuable patent rights to the invention.**" FAC ¶ 34 (emphasis added).

9      •   "**Defendants, and each of them,** among other things … **failed to take proper steps to correct,** or at least to minimize, the harm to Landmark caused by the

10      **incomplete filing of the '916 divisional application….**" FAC ¶ 38 (emphasis added).

11      •   "Landmark … entrust[ed] **Defendants with the prosecution of all appropriate patent and intellectual property filings worldwide** in order to patent the

12      invention and make possible licensing of the invention…" FAC ¶ 44 (emphasis added).

13      •   "**[I]n order to patent the invention** and thus protect and encourage the licensing of the invention, **Defendants, and each of them**…" FAC ¶ 45 (emphasis added).

14

15      A commonsense read of the complaint shows that all of Landmark's claims against

16 Morgan, Lewis & Bockius and Kohler are premised on some alleged malpractice in the patent

17 prosecution process. Whether alleged mistakes in various patent applications or alleged mistakes

18 responding to PTO notices, this entire case turns on the theoretical patent protection Landmark

19 would have received absent attorney error. Thus, the First Amended Complaint raises

20 substantial issues of federal patent law and this Demurrer should be sustained.

21      **2.   To Establish its Prima Facie Case, Landmark Must Litigate—And the Court Must Resolve—Substantial Issues of Federal Patent Law.**

22      Even if Landmark *could* divorce this Demurrer from the actual allegations in the First

23 Amended Complaint, it still must be sustained.[4] Landmark itself admits that where "the

24

25 ───────────────

[4] And the Court should deny Landmark leave to amend because it cannot divorce the substantial patent law issues from the facts alleged and asserted in this litigation. Indeed, to evade the patent

26 law issues that are fatal to state court jurisdiction here, Landmark would have to so fundamentally alter its allegations that the amended complaint would likely amount to a sham

27 pleading. *See, e.g., Banis Rest. Design, Inc. v. Serrano,* 134 Cal. App. 4th 1035, 1045 (2005) (plaintiff could not amend its complaint where amendment would directly contradict its earlier

28 pleadings); *Am. Advert. & Sales Co. v. Mid-Western Transport.,* 152 Cal. App. 3d 875 (1984) (plaintiff's attempt to change the facts regarding a licensing issue affecting his claims

4

417173.03

1   plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

2   patent law," the dispute belongs in federal court.  Opposition at 5 (quoting *Christianson v. Colt*

3   *Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)).  We have that exact situation here.

4   Moreover, Landmark admits that it must prove "duty, breach, causation, and injury" to satisfy its

5   prima facie case.  Opposition at 6.  Here, at least two of these elements require resolving

6   substantial issues of patent law and therefore this case arises under federal law pursuant to 28

7   U.S.C. § 1338(a) and the caselaw interpreting that statute.[5]

8               **a.      Causation Cannot Be Established Without Resolution of Substantial**
                         **Issues of Federal Patent Law.**
9

10          As Landmark admits, to establish causation, it must prove "that the conduct of the

11  defendant was a cause in fact of the result."  *Viner v. Sweet*, 30 Cal.4th 1232, 1243 (2003); *see*

12  Opposition at 7 (quoting *Viner*).  The "result" Landmark complains of in all three causes of

13  action is the alleged loss of "valuable patent rights to [its] invention."  FAC ¶ 34; *see also* FAC

14  ¶ 38 (complaining of "the loss of valuable and pioneering patent rights"); FAC ¶ 40

15  (incorporating prior paragraphs); FAC ¶ 45 (alleging that Defendants "fail[ed] to properly and

16  diligently perform legal services for Landmark" ... "in order to patent the invention and thus to

17  protect and encourage licensing of the invention").  Thus, Defendants' actions cannot be a cause

18  in fact of Landmark's alleged injury <u>unless</u> Landmark's alleged inventions were indeed

19  "valuable," "pioneering," and entitled to "patent rights" beyond those secured by the '574 patent

20  that did actually issue.  As the California Supreme Court has emphasized, "*[i]t must be shown*

21  *that the loss suffered was in fact caused by the alleged attorney malpractice.  It is far too easy to*

22  make the legal advisor a scapegoat for a variety of business misjudgments unless the courts pay

23  close attention to the cause in fact element."  *Viner* at 1241 (emphasis in original).

24          Regardless of how it parses its allegations, therefore, Landmark cannot establish the

25  prima facie element of causation without resolution of substantial issues of federal patent law.  If

26  Landmark's technology is not, in fact, "novel," it's not entitled to any patent protection at all

27  contradicted prior complaints and was considered a sham).

28  [5] While the "breach" element may well also turn on patent law issues, in the interest of brevity,
    we here only address causation and injury.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR DEMURRER TO
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

417173.03

1  beyond that already granted in the '574 patent. The novelty and value of any invention

2  necessarily turns on federal patent law such as 35 U.S.C. § 102 ("Conditions for patentability;

3  novelty and loss of right to patent"). These patent law requirements are not defenses to

4  Landmark's claims, they are inherent in establishing the basic elements of a prima facie case.

5  Landmark must prove that some other course of conduct would have garnered more patent

6  protection for its technology. As the *Viner* Court explained, this but-for causation requirement in

7  legal malpractice actions "has been in use for more than 120 years … to safeguard against

8  speculative and conjectural claims." *Viner*, 30 Cal.4[th] at 1241.

9        Simply put, there is no way Landmark can prove its but-for case without resolution of

10  substantial issues of patent law. Defendants' Demurrer, therefore, should be sustained.

11              **b.      Landmark Cannot Establish Injury Without Resolution of
                         Substantial Issues of Federal Patent Law**

12

13        Injury in fact is not only a necessary element of Landmark's prima facie case, it is also a

     fundamental requirement of standing and justiciability. *See, e.g., Holmes v. Cal. Nat. Guard,*
14
     90 Cal. App. 4th 297, 315 (2001). Unless Landmark in fact was injured by Defendants' acts or
15
     omissions, this case doesn't belong in any court. There is no route to proving injury that does
16
     not involve substantial issues of patent law and Landmark does not—and cannot—articulate a
17
     way to prove injury without resolution of the patent issues that are at the heart of this case.
18

19        Landmark simply was not injured unless the alleged inventions are less valuable today

     than they would have been absent Defendants' conduct. The relative value of Landmark's
20
     alleged inventions can only be determined by examining, for example, the alleged technology at
21
     issue, the prior art extant when the original patent application was filed in 2001, the scope of the
22
     '574 patent claims, the scope of Landmark's currently-pending divisional patent application, and
23
     the petition that was filed with the PTO. The Court then must apply patent law principles to all
24
     of these concerns to resolve whether or not there was some injury in fact—whether Landmark's
25
     alleged inventions were entitled to more patent protection than they received. As the Court of
26
     Appeal explained in *Holiday Matinee, Inc. v. Rambus, Inc.*, where the "heart of each of
27
     [plaintiff's] claims" turn on questions of federal patent law, they "invoke exclusive federal
28

6

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR DEMURRER TO
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

417173.03

1    jurisdiction under section 1338(a)." 118 Cal. App. 4th 1413, 1426-1427 (2004).

2    Even if (notwithstanding the actual allegations) this case were only about Kohler's

3    alleged failure to inform Landmark of the incompleteness notice on the divisional application,

4    Landmark would still have to prove that the alleged failure to inform made a difference—that *but*

5    *for* Kohler's acts or omissions Landmark would have received a bigger bundle of patent rights.

6    That bundle of rights cannot be constructed without resolving substantial issues of patent law.

7    Finally, Landmark argues that it lost licensing rights by virtue of Kohler's alleged failure

8    to inform it of the incomplete notice, even if no additional patent ever issues. *See* Opposition at

9    9-10. This argument is a red herring. First, the First Amended Complaint makes only oblique

10   reference to licensing rights amid all its claims of loss of "valuable and pioneering patent rights."

11   Even that reference ties licensing rights to "patent[ing] the invention." FAC ¶ 45. Thus,

12   according to the complaint, licensing is secondary to securing patent protection.

13   Second, while one may indeed try to license technology where a patent application is

14   pending, there is no right to enforce a license without an actual patent. As the authority

15   Landmark cites to explains, "a pending patent application confers no enforceable rights."

16   Bishop, *The Challenge of Valuing Intellectual Property Assets*, 1 N.W. J. of Tech. & Intell. Prop.

17   1, 60 (2003).[6] And, one of the "fundamental concepts that should be kept in mind" regarding

18   attempts to license a patent "is that a patent is not enforceable until the day it issues." Berman,

19   FROM IDEAS TO ASSETS: INVESTING WISELY IN INTELLECTUAL PROPERTY 78 (2002).[7]

20   Third, even assuming some value to a license, that value cannot be determined without

21   resolving substantial issues of patent law. As, again, Landmark's own authority explains,

22   valuation of either a patent or a pending application "is a factor of market size, claim scope, and

23   many somewhat subjective determinations such as the quality of the file history." Berman,

24   *supra*. The federal courts have exclusive jurisdiction over legal malpractice actions where such

25   issues are raised. As the Federal Circuit recently explained, state legal malpractice claims belong

26   in federal court where "there is no way [the plaintiff] can prevail without addressing claim

27   _____

28   [6] Exhibit 9 to Plaintiff's Appendix of Non-California Authorities.
     [7] Exhibit 8 to Plaintiff's Appendix of Non-California Authorities.

417173.03

1  scope." *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281, 1284 (Fed. Cir. 2007).

2  Fourth, Landmark's licensing argument turns the burden of proof on its head. It assumes

3  the claims in the divisional application would have issued but for the attorney error, or at the

4  least that they would have remained pending in perpetuity had Kohler informed Landmark

5  sooner of the PTO action. Therefore, even if this were really just a case about licensing (which it

6  is not), injury and damages still turn on patent prosecution procedure, claim scope, patent

7  principles, and the federal patent law.

8  In short, because Landmark must litigate and resolve substantial issues of patent law to

9  establish any injury at all, this case arises under federal law pursuant to 28 U.S.C. § 1338(a) and

10  this Demurrer should be sustained.

11  ### 3.    Both California and Federal Law Establish That This Demurrer Should Be Sustained.

12

13  Defendants need not repeat the analysis of *Christianson v. Colt Indus. Operating Corp.*,

14  486 U.S. 800 (1998), *Holiday Matinee v. Rambus*, 118 Cal. App. 4th 1413 (2004), *Air*

15  *Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld*, 504 F.3d 1262 (Fed. Cir.

16  2007), and *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007) set

17  forth in their moving papers. *See* Demurrer at 4-11. These cases mandate that this Demurrer be

18  sustained and Landmark's attempts to distinguish them are unavailing.

19  Landmark does, however, try to diminish the value of Federal Circuit authority to

20  California Courts considering the scope of 28 U.S.C. § 1338(a)'s arising under jurisdiction.

21  Landmark goes so far as claiming that "federal courts have no interest in deciding the

22  hypothetical patent issues that Defendants raise." Opposition at 2. Landmark is wrong. First, as

23  explained in Defendants' moving papers, California courts regularly look to Federal Circuit

24  decisions on questions of subject matter jurisdiction where patent law is at issue. *See, Holiday*

25  *Matinee*, 118 Cal. App. 4th at 1422-1425 (analyzing and relying on several Federal Circuit

26  cases); *see also Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 125-

27  127 (2007) (relying on and analyzing several Federal Circuit opinions).

28

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR DEMURRER TO
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

417173.03

1    Second, these jurisdictional concerns are not insignificant or arcane concepts. Rather,

2    "questions as to the jurisdiction of the federal courts are not mere details of procedure, but go to

3    the very heart of a federal system and affect the allocation of power between the United States

4    and the several states." Wright, LAW OF FEDERAL COURTS § 48 (6th ed. West 2002). Indeed, the

5    right of the federal courts to exercise exclusive jurisdiction over certain subject matters dates

6    back to the Judiciary Act of 1789 and was considered well-settled before the dawn of the

7    20th Century. *See, e.g., The Moses Taylor,* 71 U.S. 411 (1866). The arising-under doctrine

8    "captures the commonsense notion that a federal court ought to be able to hear claims recognized

9    under state law that nonetheless turn on substantial questions of federal law." *Grable & Sons*

10   *Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005).

11      Additionally, the authorities Landmark cites do not help its case. Landmark relies

12   primarily on *Linear Technology Corp. v. Applied Materials, Inc.,* 152 Cal. App. 4th 115 (2007),

13   and chides Defendants for not addressing this case. *See* Opposition at 10. This case, however,

14   further demonstrates why this Demurrer should be sustained. First, *Linear Technology* itself

15   looks to the Federal Circuit for guidance on the scope of section 1338(a)'s arising under

16   jurisdiction. *See Linear Technology,* 152 Cal. App. 4th at 125-127. This is particularly telling

17   because the case was decided on June 18, 2007—four months before *Air Measurement* and

18   *Immunocept,* the two October 15, 2007 Federal Circuit decisions that definitively decided that

19   state law legal malpractice claims are within the exclusive jurisdiction of the federal courts

20   where the underlying case involved patent prosecution or patent litigation.

21      Second, *Linear Technology* involved contract-based claims, *not* claims of legal

22   malpractice. The plaintiff, therefore, did not have to prove that "*but for* the alleged malpractice,

23   it is more likely than not that the plaintiff would have obtained a more favorable result." *Viner,*

24   30 Cal.4th at 1244. Moreover, in *Linear Technology,* the Court did not have to examine complex

25   patent law issues, but rather the terms of a contact and the various promises the parties made to

26   each other. Recovery turned not on patent law issues, but on whether the plaintiff could "prove

27   that respondents promised to indemnify Linear and hold it harmless from *claims arising from* its

28   use of the equipment respondents sold to it." *Id.* at 126. Although a patent infringement lawsuit

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR DEMURRER TO
FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 1-05-CV-053568

1    by a third party was part of the case background, the factual issues involved for the court were

2    whether or not one party used another's equipment and what contractual promises were made.

3    *Id.* As the court explained:

4        It is not necessary to determine whether Linear actually infringed on the patent of
         TI, an entity not involved in this action. If the matter goes to trial, the central
5        question will be only whether respondents breached the contract to Linear when
         they failed to defend and indemnify Linear upon TI's action against it. This issue
6        turns on a judicial construction of the purchase orders in dispute and the
         application of contract law to the specific facts surrounding the controversy.
7
     *Id.* at 130.
8
9        The other cases Landmark relies on similarly provide no basis to overrule this Demurrer.

10   None of them involve claims of legal malpractice. All of them were decided <u>decades</u> before the

11   California Court of Appeal in *Holiday Matinee* recognized that state law claims involving

12   substantial patent law issues belong in federal court. And, these cases pre-date *Air Measurement*

13   and *Immunocept* by between 40 and 67 years. *See* Opposition at 11 (citing and relying on *H.J.*

14   *Heinz Co. v. Superior Court*, 42 Cal.2d 164 (1954), *Pendleton v. Ferguson*, 15 Cal.2d 319

15   (1940), and *Adkins v. Lear, Inc.*, 67 Cal.2d 882 (1967)).

16       In sum, the only authority directly on point holds that this Court lacks subject matter

17   jurisdiction over state law legal malpractice claims such as this one where the underlying case

18   involves patent prosecution. Therefore, this Demurrer should be sustained.

### III.    CONCLUSION

19       For the foregoing reasons, and those presented in Defendants' moving papers, the Court

20   should sustain this Demurrer. Because there is no way for Landmark to prove its case without

21   resolution of substantial issues of patent law—no matter how it crafts its allegations—the Court

22   should deny Landmark leave to amend its complaint.

23   Dated:  May 13, 2008                          KEKER & VAN NEST, LLP

24

25                                             By: _____
                                                   STEVEN P. RAGLAND
26                                                 Attorneys for Defendants
                                                   MORGAN, LEWIS & BOCKIUS, LLP
27                                                 and THOMAS D. KOHLER

28

                                    10

417173.03

# Exhibit A

1 | CLARK S. STONE (SBN 202123)
STEVEN M. LEVITAN (SBN 148716)
2 | MacPHERSON KWOK CHEN & HEID LLP
1762 Technology Drive, Suite 226
3 | San Jose, California 95110
Phone: (408) 392-9250
4 | Facsimile: (408) 392-9262

5 | Attorneys for Plaintiff
LANDMARK SCREENS, LLC

6

7

ENDORSED

2005 DEC -7 P 5: 56

KIRI JOSE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____
DEPUTY CLERK

Shanon Cullen

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SANTA CLARA

10 | UNLIMITED JURISDICTION

11

12 | LANDMARK SCREENS, LLC, a Delaware
Limited Liability Company,

13 | Plaintiff,

14 | v.

15

16 | PENNIE & EDMONDS LLP, a limited liability
partnership; MORGAN, LEWIS & BOCKIUS
17 | LLP, a limited liability partnership; THOMAS D.
KOHLER, an individual; and DOES 1 to 100,
18 | inclusive,

19 | Defendants.

Case No. 1-05-CV-053568

**FIRST AMENDED COMPLAINT FOR
LEGAL MALPRACTICE,
NEGLIGENCE, AND BREACH OF
FIDUCIARY DUTY**

Amount demanded exceeds $25,000

20

21 | Plaintiff Landmark Screens, LLC alleges as follows:

22 | **THE PARTIES**

23 | 1.    Plaintiff LANDMARK SCREENS, LLC ("Plaintiff" or "Landmark") is a

24 | Delaware limited liability company with its principal place of business at 1068 East Meadow

25 | Circle, Palo Alto, California.

26 | 2.    Landmark is informed and believes, and thereon alleges, that Defendant

27 | PENNIE & EDMONDS LLP ("Pennie & Edmonds") is a limited liability partnership that

28 | during at least a portion of the times alleged herein had law offices throughout the United States

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY    1

1   and California, including an office at 3300 Hillview Avenue, Palo Alto, Santa Clara County,

2   California, 94304. Pennie & Edmonds currently is organized and existing under the laws of the

3   State of New York, and lists its principal executive office at 1155 Avenue of the Americas,

4   New York, New York, 10036. At all times alleged herein, Pennie & Edmonds held itself out as

5   having specialized knowledge and skill in patent prosecution and filing.

6       3.    Landmark is informed and believes, and thereon alleges, that Defendant

7   MORGAN, LEWIS & BOCKIUS LLP ("Morgan Lewis") is a limited liability partnership with

8   law offices throughout the United States and California, including an office 2 Palo Alto Square,

9   3000 El Camino Real, Suite 700, Palo Alto, Santa Clara County, California, 94306. Morgan

10  Lewis is organized and existing under the laws of the State of Pennsylvania and lists its

11  principal executive office at 1701 Market Street, Philadelphia, Pennsylvania, 19103. At all

12  times alleged herein, Morgan Lewis held itself out as having specialized knowledge and skill in

13  patent prosecution and filing.

14      4.    Landmark is informed and believes, and thereon alleges, that Defendant THOMAS

15  D. KOHLER ("Kohler") is an individual currently practicing law as a partner of Defendant

16  Morgan Lewis at One Market, Spear Street Tower, San Francisco, California, 94105.

17  Landmark is further informed and believes, and thereon alleges, that, during at least a portion of

18  the times alleged herein, that Kohler was a partner of Defendant Pennie & Edmonds and

19  engaged in the practice of law at Pennie & Edmond's offices in Palo Alto, Santa Clara County,

20  California. At all times alleged herein, Kohler held himself out as having specialized

21  knowledge and skill in patent prosecution and filing.

22      5.    Landmark is ignorant of the true names and capacities of the persons sued as

23  DOES 1 through 100 and therefore sue these persons by such fictitious names. Landmark is

24  informed and believes and on this basis alleges, that each of these fictitiously named persons is

25  responsible in some manner for the acts and omissions herein alleged, including being

26  responsible for the liabilities of Pennie & Edmonds under its partnership agreement or under

27  applicable law. Landmark will seek leave to amend this complaint to allege their true names

28  and capacities when ascertained.

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY    2

1    **FACTS COMMON TO ALL CAUSES OF ACTION**

2    6.    Since 2000, Landmark has been in the business of conducting pioneering

3    development and implementation of a two-sided, electronically-controlled, outdoor light

4    emitting diode ("LED") display, or electronic billboard.

5    7.    Landmark's revolutionary electronic billboard consists of a high-resolution LED

6    display screen, measuring 34 feet wide and 19 feet high, and associated proprietary control

7    systems and software, including "smart" technology for automatically adjusting for all lighting

8    conditions, maximizing clarity and visibility.  With its capability to display 36,600 discernibly

9    different colors in a single image, Landmark's electronic billboard can display extremely high

10   quality images and graphics, at color ranges and contrasts that exceed high definition television

11   ("HDTV") quality and brilliance.

12   8.    Landmark's revolutionary electronic billboard has been in operation along U.S.

13   Highway 101 in San Carlos, California since December, 2000.  Mounted 40 feet above the

14   ground, Landmark's electronic billboard is visible to both directions of traffic at distances

15   between one-half to two-thirds of a mile, and is seen by an estimated seven million viewers per

16   month.  Companies placing advertisements on Landmark's electronic billboard include Sun

17   Microsystems, Intel, Disney, and United Airlines.

18   9.    Landmark's electronic billboard is a pioneering invention that is revolutionizing

19   the outdoor advertising industry.  Its large size and high quality images, combined with the

20   ability to display different images up to ten times per minute, make it a highly noticed and

21   effective method for display advertising as compared to traditional static print billboards.  A

22   recent Harris Interactive study concluded that Landmark's electronic billboard was six times

23   more effective as an advertising medium than conventional static billboards, with the majority

24   of the survey respondents stating that they noticed Landmark's electronic bulletin board every

25   time they drive by.

26   10.    In addition to its high-quality and effective LED display, Landmark's electronic

27   billboard provides significant advantages for advertisers over traditional static print billboards.

28   Content for the electronic billboard is provided by advertisers in digital format, thus

1    significantly reducing time-to-market and eliminating the printing, shipping, and additional

2    production costs associated with conventional billboards.  Additionally, Landmark's unique

3    online management of the electronic billboard content allows for fast changes of advertising

4    materials based on changing business conditions, as well as providing the means for multiple

5    advertisers to share the same advertising space, or for a single advertiser to place multiple

6    images, each with varying display times, on the highly visible LED screen.

7         11.   The use of high-definition electronic displays in place of conventional static print

8    billboards is projected to capture a significant portion of the future spending in the outdoor

9    advertising market, a market currently estimated at greater than $5.5 billion.  In order to

10   compete in this lucrative and rapidly-developing marketplace, Landmark took steps to procure

11   both United States and international patent protection on the unique and valuable aspects of

12   Landmark's pioneering electronic billboard, as to allow Landmark to become a key player in the

13   development, sales, and marketing of electronic billboards and related advertising and services.

14        12.   In connection with patenting its pioneering development work, on or about

15   November 17, 2000 at Palo Alto, Santa Clara County, California, Landmark retained and

16   employed Pennie & Edmonds and Kohler to represent Landmark as Landmark's attorneys at

17   law in connection with all appropriate patent and intellectual property filings worldwide in

18   order to patent Landmark's inventions conceived in connection with development of the

19   electronic billboard.  At such time and place, Pennie & Edmonds and Kohler accepted such

20   employment and agreed to perform such services for Landmark.

21        13.   As patent counsel to Landmark, Pennie & Edmonds and Kohler owed Landmark

22   duties of care commensurate with the specialized standards of legal practice within this area.  In

23   the course of the relationship, there existed a fiduciary relationship, wherein Landmark reposed

24   trust and confidence on Pennie & Edmonds and Kohler.  Pennie & Edmonds and Kohler

25   accepted and acknowledged this fiduciary responsibility to Landmark regarding these matters.

26        14.   Landmark is informed and believes and thereon alleges that in connection with this

27   representation, on or about January 9, 2002, Pennie & Edmonds and Kohler filed a patent

28   application with the United States Patent and Trademark Office ("PTO") on Landmark's

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY    4

1  pioneering electronic billboard, said application including 72 claims directed to different

2  aspects of Landmark's invention.  This application was assigned Application No. 10/045,096

3  ("the '096 application"), and has since issued as U.S. Patent No. 6,639,574 ("the '574 patent").

4        15.    Landmark is informed and believes and thereon alleges that, in connection with

5  the filing of the '096 application and in violation of the duties of care commensurate with the

6  specialized standards of legal practice within the patent prosecution area and in violation of

7  their fiduciary duties, Pennie & Edmonds and Kohler failed to properly and with due care draft

8  patent claims sufficient to adequately claim the unique and novel aspects of Landmark's

9  pioneering electronic billboard, resulting in the loss of Landmark's valuable patent rights.

10       16.    Landmark is informed and believes and thereon alleges that, on or about May 6,

11  2003, in response to a restriction requirement by the PTO, Pennie & Edmonds and Kohler

12  elected to pursue claims 26-31 and 56-72 covering Landmark's invention in the '096

13  application, and cancelled the remaining claims, with patent protection on the remaining claims

14  to be obtained through a "divisional application" claiming the same filing date as the '096

15  application.

16       17.    Landmark is informed and believes and thereon alleges that, on or about August

17  13, 2003, Pennie & Edmonds and Kohler filed a divisional application with the PTO on

18  Landmark's invention, including in this divisional application those novel and valuable claims

19  covering Landmark's invention that had earlier been cancelled in response to the PTO's

20  restriction requirement on the '096 application.  This application was assigned Application No.

21  10/640,916 ("the '916 divisional application").

22       18.    Landmark is informed and believes and thereon alleges that, in violation of the

23  duties of care commensurate with the specialized standards of legal practice within the patent

24  prosecution area and in violation of their fiduciary duties, Pennie & Edmonds and Kohler failed

25  to properly and with due care submit to the PTO the '916 divisional application, which included

26  those claims covering novel and valuable aspects of Landmark's invention, by at least the

27  following negligent errors and/or omissions:  (a) failing to include a copy of the specification

28  and drawings with the '916 divisional application, as required by the PTO, thus rendering

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY        5

1  Landmark's divisional application incomplete; (b) submitting an obsolete and out of date

2  transmittal letter with the '916 divisional application that failed to contain an incorporation by

3  reference statement concerning the specifications and drawings filed with the '096 application,

4  thus rendering Landmark's divisional application incomplete; and (c) failing to utilize a

5  "postcard receipt," method by which the PTO could have notified Pennie & Edmonds and

6  Kohler in a timely manner of the missing portions of the '916 divisional application.

7      19.    On or about October 28, 2003, the earlier-filed '096 application was issued as the

8  '574 patent by the PTO.

9      20.    The improper and incomplete filing of the '916 divisional application for

10  Landmark's invention by Pennie & Edmonds and Kohler resulted in the loss of "continuity," as

11  the later-filed divisional application consequently could not claim the January 9, 2002 filing

12  date for the '574 patent.  Thus, to the extent any of the subject matter claimed in the '916

13  divisional application was in public use, sold or offered for sale, or disclosed in a printed

14  publication greater than one year prior to the filing date of the '916 divisional application,

15  including disclosure by the '574 patent, Landmark could now not obtain patent protection on

16  such novel and valuable subject matter.

17      21.    Landmark is informed and believes and thereon alleges that, on or about February

18  9, 2004, Kohler ceased practicing law as a partner of Pennie & Edmonds and joined the law

19  firm of Morgan Lewis as a partner in the San Francisco office.

20      22.    Landmark is informed and believes and thereon alleges that, on or about April 13,

21  2004, Landmark executed a Revocation and Power of Attorney with the PTO  appointing

22  Morgan Lewis as Landmark's attorney in connection with the '574 patent and the '916

23  divisional application, resulting in the creation of an attorney-client relationship between

24  Landmark and Morgan Lewis, and continuing Landmark's attorney-client relationship with

25  Kohler, to represent Landmark as Landmark's attorneys at law in connection with all

26  appropriate patent and intellectual property filings worldwide in order to patent any and all

27  inventions conceived in connection with development of Landmark's electronic billboard.  At

28

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY       6

1  such time and place, Morgan Lewis and Kohler accepted such employment and agreed to

2  perform such services for Landmark.

3      23.   As patent counsel to Landmark, Morgan Lewis and Kohler owed Landmark duties

4  of care commensurate with the specialized standards of legal practice within this area.  In the

5  course of the relationship, there existed a fiduciary relationship, wherein Landmark reposed

6  trust and confidence on Morgan Lewis and Kohler.  Morgan Lewis and Kohler accepted and

7  acknowledged this fiduciary responsibility to Landmark regarding these matters.

8      24.   Landmark is informed and believes and thereon alleges that, on or about June 22,

9  2004, the PTO notified Morgan Lewis and Kohler of the incomplete nature of the August 13,

10  2003 '916 divisional application that Pennie & Edmonds and Kohler had submitted to the PTO.

11     25.   Landmark is informed and believes and thereon alleges that, in violation of the

12  duties of care commensurate with the specialized standards of legal practice within the patent

13  prosecution area, and the fiduciary duty to keep the client informed, Pennie & Edmonds,

14  Morgan Lewis, Kohler, and Does 1 through 100 intentionally failed to disclose to Landmark

15  this significant and material development affecting Landmark's valuable patent rights, and

16  instead intentionally and actively embarked on a deceptive course of action by which Pennie &

17  Edmonds, Morgan Lewis, Kohler, and Does 1 through 100, and each of them, actively

18  concealed from Landmark the nature of Pennie & Edmonds, and Kohler's negligent actions in

19  connection with the August 13, 2003 filing of the '916 divisional application.

20     26.   Landmark is informed and believes and thereon alleges that, in furtherance of their

21  active efforts to conceal from Landmark the negligent actions in connection with August 13,

22  2003 filing of the '916 divisional application, without Landmark's knowledge or consent and in

23  further violation of the fiduciary duty to keep the client informed, on or about August 23, 2004,

24  Morgan Lewis and Kohler filed with the PTO a "Petition to Grant a Filing Date Pursuant to 37

25  C.F.R. §'s 1.183 and/or 1.53(e)," ("Petition"), by which Morgan Lewis and Kohler attempted to

26  convince the PTO to grant the earlier incompletely-filed divisional application the earlier filing

27  date of the '574 patent.

28

1   27.   Landmark is informed and believes and thereon alleges that, on or about

2   November 30, 2004, the PTO dismissed Morgan Lewis and Kohler's Petition, stating

3   unequivocally that the relief requested in the Petition was not warranted due to "applicants'

4   failure to exercise due care, or lack of knowledge of, or failure to properly apply, the patent

5   statutes or rules of practice. . .."

6   28.   Landmark is informed and believes and thereon alleges that, on or about December

7   6, 2004, Morgan Lewis and Kohler were informed of the PTO's decision dismissing the

8   petition.  It was only after this December 6, 2004 dismissal by the PTO of the Petition that

9   Landmark was made aware of Pennie & Edmonds, Morgan Lewis, Kohler, and Does 1 through

10   100's negligent and/or intentional actions in connection with the incomplete filing of the '916

11   divisional application, and the unauthorized filing of the Petition with the PTO.

12   29.   By letter dated March 29, 2005, Kohler and Morgan Lewis represented to

13   Landmark that Landmark was not charged for the work related to researching and filing the

14   Petition with the PTO.  This representation was false.  On or about June 7, 2005, Morgan Lewis

15   requested Landmark pay an outstanding balance for legal services of $7,924.40 for an invoice

16   dated April 30, 2005, for legal fees and costs in connection with researching and filing the

17   Petition with the PTO.

18   30.   Until on or about November 2, 2005, Morgan Lewis and Kohler continued to

19   represent Landmark as Landmark's attorney at law in connection with the invention and all

20   appropriate patent and intellectual property filings worldwide in order to patent, protect and

21   encourage licensing of Landmark's unique and pioneering intellectual property and technology

22   concerning the electronic billboard.

23   **FIRST CAUSE OF ACTION**

24   **Legal Malpractice - Against All Defendants**

25   31.   Landmark realleges and incorporates herein by reference each and every allegation

26   set forth in paragraphs 1- 30 above.

27   32.   At all times alleged above, Pennie & Edmonds, Morgan Lewis, Kohler, and Does

28   1 through 100 (hereinafter referred to collectively as "Defendants"), and each of them, failed to

1  exercise reasonable care, skill and diligence in performing legal services for Landmark, and

2  were negligent.

3    33.  Defendants' wrongful actions in the form of failure to properly and with due care

4  draft patent claims sufficient to adequately claim the unique and novel aspects of Landmark's

5  pioneering electronic billboard, the incomplete filing of the '916 divisional application and the

6  failure to take proper steps to correct, or to at least minimize, the harm to Landmark caused by

7  the incomplete filing of the '916 divisional application, the intentional concealment of, and the

8  failure to fully and properly inform Landmark as to the status of, the '916 divisional application

9  and Defendants' Petition to the PTO resulted in the loss of valuable and pioneering patent rights

10  and has damaged Landmark.

11    34.  Landmark is informed and believes and thereon alleges that, had Defendants

12  exercised proper care, skill and diligence in the foregoing matter, Landmark's valuable and

13  pioneering divisional patent for the electronic billboard would have been afforded the benefit of

14  the filing date of the application for the '574 patent, thus preserving and providing to Landmark

15  valuable patent rights to the invention.

16    35.  As a proximate result of Defendants' negligence described herein, Landmark has

17  been damaged in an amount to be proven at trial, but at least in an amount in excess of the

18  jurisdictional minimum of this Court.

19                    **SECOND CAUSE OF ACTION**

20                  **Negligence – Against All Defendants**

21    36.  Landmark realleges and incorporates herein by reference each and every allegation

22  set forth in paragraphs 1-35 above.

23    37.  As Landmark's patent counsel, Defendants, and each of them, had a duty to

24  exercise reasonable skill in performing legal and other patent-related services for Defendants.

25    38.  In breach of this duty, Defendants, and each of them, among other things, failed to

26  properly and with due care draft patent claims sufficient to adequately claim the unique and

27  novel aspects of Landmark's pioneering electronic billboard, failed to properly file Landmark's

28  '916 divisional application, failed to take proper steps to correct, or to at least minimize, the

1    harm to Landmark caused by the incomplete filing of the '916 divisional application, and failed

2    to fully and properly inform Landmark as to the status of the '916 divisional application and

3    Defendants' Petition to the PTO; resulting in the loss of valuable and pioneering patent rights

4    and has damaged Landmark.

5    39.    As a proximate result of Defendants' negligence described herein, Landmark has

6    been damaged in an amount to be proven at trial, but at least in an amount in excess of the

7    jurisdictional minimum of this Court.

8    ### THIRD CAUSE OF ACTION

9    **Breach of Fiduciary Duty - Against All Defendants**

10    40.    Landmark realleges and incorporates herein by reference each and every allegation

11    set forth in paragraphs 1-39 above.

12    41.    An attorney-client relationship is a fiduciary relationship of the very highest

13    character.

14    42.    The scope of an attorney's fiduciary duties to a client are determined as a matter

15    of law based on the California Rules of Professional Conduct together with other statutes and

16    general principles relating to other fiduciary relationships.  As a fiduciary, an attorney's

17    obligations include the duty of care and the duty to keep the client informed.

18    43.    By virtue of the attorney-client relationship that existed between Defendants and

19    Landmark, Defendants, and each of them, owed to Landmark a fiduciary duty.

20    44.    By virtue of Landmark having placed confidence and trust in the fidelity and

21    integrity of Defendants, and entrusting Defendants with the prosecution of all appropriate patent

22    and intellectual property filings worldwide in order to patent the invention and protect and make

23    possible licensing of the invention, a confidential relationship existed at all relevant times

24    herein mentioned between one or more of Defendants and Landmark.

25    45.    In spite of having voluntarily accepted the trust and confidence of Landmark

26    with regard to the prosecution of all appropriate patent and intellectual property filings

27    worldwide in order to patent the invention and thus to protect and encourage licensing of the

28    invention, Defendants, and each of them, violated and abused the trust and confidence of

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY    10

1    Landmark by failing to properly and diligently perform legal services for Landmark and by

2    intentionally concealing and failing to fully and properly inform Landmark of the status of the

3    '916 divisional application and Defendants' Petition to the PTO.

4         46.     The above-described actions by Defendants, and each of them, were contrary to

5    the best interests of Landmark, and were done in the absence of good faith with a reckless

6    disregard for Defendants' fiduciary duties and Landmark's rights and with intent to defraud,

7    under circumstances Defendants knew would damage Landmark.

8         47.     As a proximate result of the acts of Defendants described herein, Landmark has

9    been damaged in the amount to be proven at trial, but at least in an amount in excess of the

10   jurisdictional minimum of this Court.

11        48.     The above-described actions by Defendants, and each of them, were done with

12   bad faith, malice, fraud and oppression and with reckless disregard of the likelihood that the

13   harm would result in substantial damages to Landmark.  Accordingly, Landmark seeks an

14   award of punitive damages.

15                              **PRAYER FOR RELIEF**

16        **WHEREFORE,** Plaintiff LANDMARK SCREENS, LLC ("Landmark") prays for the

17   following relief:

18        A.     That Landmark be awarded  its attorneys' fees paid to Defendants;

19        B.     That Landmark be awarded its actual damages, in an amount to be proven at trial;

20        C.     That Landmark be awarded its incidental and consequential damages in an amount

21   to be proven at trial;

22        D.     That Landmark be awarded such exemplary and punitive damages as allowed by

23   law;

24        E.     That Landmark be awarded its costs;

25        F.     That Landmark be awarded pre-judgment and post-judgment interest at the

26   maximum legal rate; and

27   ///

28

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY     11

)                    )

G.    That Landmark be granted other and further relief as this Court may deem proper.

Dated:  December 7, 2005                    MacPHERSON KWOK CHEN & HEID LLP

By _____
   CLARK S. STONE
   Attorneys for Plaintiff
   LANDMARK SCREENS, LLC

# EXHIBIT F

1       IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

2          SANTA CLARA COUNTY JUDICIAL DISTRICT

3        BEFORE THE HONORABLE JAMES P. KLEINBERG, JUDGE

4                  DEPARTMENT NO. 12

5                     ---oOo---

6

7

8   LANDMARK SCREENS, LLC,      )   NO. 1-05-CV-053568
                                )
9                               )
               Plaintiff,       )   Demurrer to Portions
10                              )   of First Amended Complaint
          -vs-                  )   by Defendants Morgan, Lewis
11                              )
    THOMAS D. KOHLER,           )
12  MORGAN, LEWIS & BOCKIUS,    )
    LLP, PENNIE & EDMONDS, LLP, )
13                              )
               Defendants.      )
14  _____)

15                     ---oOo---

16

17          REPORTER'S TRANSCRIPT OF PROCEEDINGS

18

19                   May 20, 2008

20

21   A P P E A R A N C E S:

22

23   FOR THE PLAINTIFF:        CLARK S. STONE, ESQ.
                               MACPHERSON, KWOK, CHEN & HEID, LLP
24

25   FOR THE DEFENDANTS:       ELLIOTT PETERS, ESQ.
26                             STEPHEN RAGLAND, ESQ.
                               KEKER & VAN NEST, LLP
27

28   OFFICIAL COURT REPORTER:  JOANNE M. ROCHA, CSR 7655



```
 1   SAN JOSE FACILITY                          DEPARTMENT 12
 2                         PROCEEDINGS
 3                        May 20, 2008
 4          THE COURT:  All right.  Line Number 3, Landmark
 5   Screens.
 6          MR. STONE:  Good morning, your Honor.  Clark Stone
 7   appearing on behalf of Plaintiff, Landmark Screen, LLC.
 8          MR. PETERS:  Good morning.  Elliott Peters and Stephen
 9   Ragland on behalf of Morgan, Lewis and Thomas Kohler.
10          THE COURT:  Good morning to all of you.  I have seen
11   that screen many, many times.
12          MR. STONE:  Keep your eyes on it, your Honor, it is
13   going to be changing significantly soon.
14          MR. PETERS:  Don't keep your eyes on it while driving,
15   your Honor.
16          THE COURT:  I have often wondered if there was some
17   governmental entity that might have stepped in and said I don't
18   know if that is a safe thing to have there.  But, I have seen
19   it and it certainly gets your eye.  No question about it.
20          Anyway, I assume you have all seen the tentative
21   ruling; and because of all of you are still here, I assume
22   somebody wants to say something.
23          MR. STONE:  Well, because -- I am, obviously because
24   you have ruled against my client.  Of course, we would like to
25   say a few words, your Honor.
26          THE COURT:  Sure.
27          MR. STONE:  Of course, we disagree that the demurrer
28   should be sustained.  And we think that there are valid claims
```

1    that do not implicate patent law in particular.  But, the lack
2    of the ability to amend, we think, would really be manifestly
3    unjust.
4         The case now is two-and-a-half years old and, in fact,
5    it has changed significantly.  And to the point that the
6    operative pleading doesn't reflect that, we should be given the
7    opportunity to amend and more clearly allege the claims against
8    Morgan, Lewis and Kohler, which do not relate to the filing of
9    patents, patent applications, do not relate to the drafting of
10   claims.  Those claims will resolve in the arbitration that this
11   Court ordered almost two years ago.
12        Rather, the claims against Morgan, Lewis and Kohler in
13   his capacity as a Morgan, Lewis partner relates strictly to
14   concealment of Kohler's malpractice that occurred.  So, we
15   think the pleading, because it does reflect all of the actions
16   of all of the parties, should be allowed to be -- should be
17   allowed to amend and more clearly state the claims against
18   Morgan, Lewis and Kohler in the capacity as a Morgan partner,
19   particularly in light of the fact a significant amount of the
20   claims were severed and decided in arbitration.
21        THE COURT:  Okay.  Thank you.
22        Counsel.
23        MR. PETERS:  Your Honor, I would say the fact that the
24   case was filed by Plaintiffs two-and-a-half years ago and then
25   the Complaint, which is the operative pleading, couldn't be
26   clearer that this is a case about patent prosecution, it's a
27   case about the duties of a patent lawyer, it's a case which
28   places front and center a claim about a patent application and

1    what would have happened had things been done differently and

2    asserts that is malpractice.  That under California law and

3    under the teachings of the Federal Circuit in *Immunocept*, it

4    could not be clearer that this Court lacks subject matter

5    jurisdiction.  And if the Plaintiff wants to pursue the case in

6    Federal Court, they are free to do so.  But I think that

7    continuing to litigate this matter in this court should not be

8    permitted, and I think the Court's tentative is completely

9    correct.

10           THE COURT:  I am going to ask both sides a very unfair

11   question.  At the beginning of this year there was a case

12   assigned to me for trial involving patent rights to the primary

13   patents for digital cameras.  A very significant case.  A lot

14   of money potentially at stake.  And when it came to me, it was

15   for trial.

16           Now that case did involve patents and, yet, it remained

17   here because, I gather, of some previous decision.  And it had

18   been argued -- I don't know if it's ever been argued because

19   that case involved who owned the rights to the patents, sort of

20   a contract employment law issue.  The Kodak case.

21           And I thought about that case and I also went back and

22   I read the very recent case from the Sixth District, *Linear*.

23   And, of course, we always pay close attention to what our

24   learned colleagues down the street say.

25           I would like your thoughts, on the Defense side, about

26   the *Linear* case and why you don't think --

27           MR. PETERS:  The *Linear* case?

28           THE COURT:  *Linear Tech v. Applied Materials*.

1        MR. PETERS:  Because that really was a contract case
2   and this is a case -- if you read the Complaint, it is about
3   malpractice in connection with patent applications.  And if the
4   pleading itself, which is what we have to look at on the
5   demurrer, raises specific questions about a patent application,
6   a pleading that was filed with the Patent Office, it
7   necessarily raises a question of what the Patent Office would
8   have done had what is alleged to have been malpractice had not
9   occurred.  It raises specific questions about the duties of a
10  patent lawyer practicing before the Patent Office and that is
11  just fundamentally different than *Linear*, which involved -- at
12  bottom it involved contract claims.  It did not require a court
13  or a jury, State Court, to make judgments about what would have
14  happened had there not been what has been alleged as
15  malpractice in connection with a patent application and follow
16  on dealings with the Patent Office.
17        There is -- Mr. Stone presents this as a case which
18  doesn't involve patent applications in his argument to the
19  Court today.  I think that is understandable.  But, we have to
20  look at his Complaint.  And his Complaint, as I am sure the
21  Court is aware, based on the Court's tentative, is replete with
22  specific allegations about patent applications and a pleading
23  filed before the Patents Office, the valuable rights of this
24  screen and what would have happened had it been patented.  It
25  all involves claims about what the Patent Office would have
26  done, what the scope of claims would have been had a different
27  application been filed before the Patent Office.  And really
28  under *Immunocept*, which is the case we think most closely

1    governs, that is a case which said, boy, when you make -- that
2    is a malpractice case.  In *Immunocept* -- when you allege
3    malpractice in your Complaint in connection with the filing of
4    a patent, and the Court is going to have to decide issues of
5    claim, scope, patentability, prior art, things like that, which
6    is exactly what this case presents, there is the exclusive
7    federal jurisdiction.  And that is our argument, Your Honor.
8             THE COURT:  Thank you.
9             Mr. Stone.
10            MR. STONE:  Well, the holding in *Immunocept* isn't as
11   broad as Defendants would lead the Court to believe.
12   *Immunocept* was limited on the facts to an underlying case where
13   the allegations were that the Defendant failed to properly
14   draft claims of an issued patent and the Federal Circuit simply
15   said that because *Immunocept* involved determining the scope of
16   those issued patent claims, that gives rise to federal
17   jurisdiction.
18            We have no issued patent here.  We never had the
19   ability to get a patent because of the malpractice.  The issue
20   here is not what the Patent Office would have done, it is not
21   what would have been the proper procedure.  The issue is simply
22   that an attorney committed an error.  Other attorneys at other
23   law firms became aware of that error in connection with an
24   existing client and did not disclose it, and that caused the
25   harm.
26            Your Honor is -- and also, it is important to point out
27   that the Federal Circuit decisions are not binding on this
28   Court.  They may be advisory.  But this Court needs to look to

1    the Sixth Circuit and California Courts, and *Linear* is, indeed,

2    the authority. And *Linear*, in fact, makes it very clear in

3    over seven years of California jurisprudence that California

4    courts can and do decide questions of patent law that give rise

5    to other claims. And, in fact, the *Linear* court clearly

6    distinguishes, based on California Supreme Court authority, a

7    case arising under the patent laws and questions arising under

8    patents. Here we have questions of patents. What should have

9    been done? What should the client have been told? But, that

10   is not a case that arises under the patent laws.

11         Landmark's case arises under the laws of attorney

12   conduct in the State of California. The Federal Circuit has no

13   interest in those sort of cases and Federal Courts have no

14   interest in adjudicating them. The case belongs in State

15   Court. It should be in State Court. It's a legal malpractice

16   action. There are patent issues that go along with it. But,

17   much like the case in *Linear* and the long line of cases that go

18   back almost 70 years we cited in our briefs, this Court

19   certainly has jurisdiction to decide on those issues and is

20   fully capable.

21         THE COURT: I know you want to say more. And I don't

22   mean to cut you off unduly. Maybe you don't want to say more.

23         I am going to take this under submission because I want

24   to consider the very point Mr. Stone started with, and that is

25   without leave to amend.

26         Now, as I take it from what has been said here, and

27   there is nothing in the papers that has said that if it is

28   without leave to amend that Plaintiffs are without recourse and

1    they couldn't go down the street to our colleagues in the
2    Federal Court presumably.
3         But, I do want to take another look at that.  I will
4    take another look at *Linear* and the other cases that were
5    cited, and take it under submission and get you a decision.
6    All right.
7         MR. PETERS:  Your Honor, just a take a look at his
8    Complaint, too.
9         THE COURT:  Oh.  I will.  Thanks very much.
10        MR. STONE:  Thank you, your Honor.
11        MR. PETERS:  Thank you, your Honor.
12                      ---oOo---
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA        )
                           )
COUNTY OF SANTA CLARA      )


        I, JOANNE M. ROCHA, CSR, do hereby certify:

        That I am a duly appointed and acting shorthand
reporter of the Superior Court of the State of California in
and for the County of Santa Clara;

        That the foregoing proceedings were reported by me in
stenotype at the time and place mentioned and
thereafter reduced to typewriting under my direction;

        That said transcript is a true and correct
statement of the proceedings and evidence given and had in
said matter to the best of my ability.

     In said capacity, I have adhered to Civil Code of Procedure
Section 237(A)(2), Sixth Appellate District miscellaneous order
96-2, by sealing through redaction all references to juror
identifying information, including but not limited to names,
addresses and telephone numbers.


     DATED:  This 11th day of June            2008.




                      Joanne M. Rocha
                      Joanne M. Rocha, CSR #7655

# EXHIBIT G

1
2
3
4
5
6
7



8                        SUPERIOR COURT OF CALIFORNIA

9                           COUNTY OF SANTA CLARA

10    LANDMARK SCREENS, LLC,

11                    Plaintiff,

12        v.

13    PENNIE & EDMONDS, LLP, MORGAN,          Case No.    1 – 05 – CV053568

14    LEWIS & BOCKIUS LLP, and THOMAS D.      ORDER RE: DEMURRER TO FIRST
                                              AMENDED COMPLAINT
15    KOHLER,

16                    Defendants.

17

18        The demurrer to first amended complaint by Defendants Morgan, Lewis & Bockius and

19    Thomas D. Kolher (Defendants) came on for hearing before the Honorable James P. Kleinberg

20    on May 20, 2008, at 9:00 A.M. in Department 1. Clark S. Stone, Esq. appeared for Plaintiff.

21    Elliott R. Peters, Esq. and Steven P. Ragland, Esq. appeared for Defendants Morgan, Lewis &

22    Bockius and Thomas D. Kohler. The Court, having reviewed and considered the memoranda

23    submitted by both sides, having heard the argument of counsel and being fully advised, orders as

24    follows:

25            1. Plaintiff's request for judicial notice is granted.

26            2. Plaintiff's objection that the demurrer is untimely has no merit.  An objection for lack

27    of subject matter jurisdiction is never waived and can be raised at any time.  (See CCP §

28    430.80(a).)

                               ORDER RE: DEMURRER

                                        1

1        3. Defendants' motion to strike Plaintiff's supplemental points and authorities is denied.

2        4. State and federal cases agree that exclusive federal jurisdiction exists where the

3    complaint establishes either that federal patent law creates the cause of action or that the

4    plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

5    patent law. (See *Linear Tech. Corp. v. Applied Materials, Inc.* (2007) 152 Cal.App.4[th] 115; *Air*

6    *Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP* (Fed. Cir. 2007) 504

7    F.3d 1262; *Immunocept, LLC v. Fulbright Jaworski, LLP* (Fed. Cir. 2007) 504 F.3d 1281.)

8        Plaintiff's claims against Defendants arise from their concealment of the June 22, 2004

9    notice from the PTO concerning the incomplete nature of the August 13, 2003 '916 divisional

10   application and their filing of an unauthorized and ineffective petition attempting to convince the

11   PTO to grant the incompletely-filed divisional application the earlier filing date of the '574

12   patent. (See ¶¶ 25-29.) Plaintiff seeks compensation for the loss of valuable and pioneering

13   patent rights to its invention.

14       Plaintiff's reliance on *Linear Technologies* is misplaced. *Linear Technologies* involved

15   the alleged breach of a contractual duty to indemnify the plaintiff for attorney's fees and costs

16   incurred as a result of defending a patent infringement claim. The Court of Appeal for the Sixth

17   Appellate District concluded that the plaintiff could meet its burden without engaging the

18   superior court in a substantial question of federal law. It reasoned that whether the duty to

19   indemnify exists depends on contract law, not federal patent law. (See id. at 125-126.)

20       In contrast, Plaintiff's claims in this case require a determination of whether Defendants'

21   alleged legal malpractice and breach of fiduciary duty led to a loss of valuable patent rights. In

22   order for Plaintiff to prove causation, it must prove that it would have obtained those patent

23   rights but for Defendants' legal malpractice and breach of fiduciary duty. This necessarily

24   would engage the superior court in a substantial question of federal law concerning whether the

25   PTO would have granted Plaintiff certain patent rights if Defendants had not concealed the June

26   22, 2004 notice and had not filed an unauthorized and ineffective petition. The issue of the loss

27   of patent rights is not merely relevant to the amount of damages, it goes to the heart of Plaintiff's

28

ORDER RE: DEMURRER

2

1  case in chief and is essential to proving entitlement to any relief. Accordingly, the demurrer is

2  SUSTAINED on the ground that the court has no jurisdiction of the subject of the cause of action

3  alleged in the pleading. (See CCP § 430.10(a).)

4      Plaintiff did not show in what manner it can amend the complaint so as to avoid the legal

5  effect of the pleading. (See *Hendy v. Losse* (1991) 54 Cal.3d 723, 742.) Moreover, a plaintiff

6  may not defeat section 1338(a) jurisdiction by omitting to plead necessary federal patent-law

7  questions. (See *Linear Technologies, supra*, 152 Cal.App.4th at 124 [quoting *Christianson v.*

8  *Colt Industries Operating Corp.* (1988) 486 U.S. 800, 809, fn. 3.].) Accordingly, Plaintiff's

9  request for leave to amend is DENIED.

10  IT IS SO ORDERED

11  Dated: May 21, 2008

12  

13  _Honorable James P. Kleinberg_
    Judge of the Superior Court

14  

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28  

ORDER RE: DEMURRER

3

# EXHIBIT H

APP-002

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):* <br> Clark S. Stone, SBN 202123 <br> MacPherson, Kwok, Chen & Heid LLP <br> 2033 Gateway Place, Suite 400 <br> San Jose, California 95110 <br> TELEPHONE NO.: (408) 392-9250   FAX NO. *(Optional):* (408) 392-9262 <br> E-MAIL ADDRESS *(Optional):* cstone@macpherson-kwok.com <br> ATTORNEY FOR *(Name):* Landmark Screens, LLC | **FOR COURT USE ONLY** <br><br> **FILED** <br><br> 2008 AUG 20  P 12: 54 <br><br> David H. Yamasaki, Clerk of the Superior Court <br> County of Santa Clara, California <br> By: <br> A. Ilas   Deputy Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA <br> STREET ADDRESS: 191 North First Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Jose, California 95113 <br> BRANCH NAME: | |

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** Landmark Screens, LLC <br><br> **DEFENDANT/RESPONDENT:** Morgan, Lewis & Bockius, LLP <br> and Thomas D. Kohler | |

| | |
|---|---|
| ☑ **NOTICE OF APPEAL** ☐ **CROSS-APPEAL** <br> (UNLIMITED CIVIL CASE) | **CASE NUMBER:** <br> 105CV 053568 |

**Notice: Please read** *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) **before completing this form. This form must be filed in the superior court, not in the Court of Appeal.**

1.  NOTICE IS HEREBY GIVEN that *(name):* Plaintiff Landmark Screens, LLC

    appeals from the following judgment or order in this case, which was entered on *(date):* June 18, 2008 - mailed July 3, 2008

    ☐ Judgment after jury trial
    ☐ Judgment after court trial
    ☐ Default judgment
    ☐ Judgment after an order granting a summary judgment motion
    ☐ Judgment of dismissal under Code of Civil Procedure sections 581d, 583.250, 583.360, or 583.430
    ☑ Judgment of dismissal after an order sustaining a demurrer
    ☐ An order after judgment under Code of Civil Procedure section 904.1(a)(2)
    ☐ An order of judgment under Code of Civil Procedure section 904.1(a)(3)–(13)
    ☐ Other *(describe and specify code section that authorizes this appeal):*

2.  For cross-appeals only:

    a. Date notice of appeal was filed in original appeal:

    b. Date superior court clerk mailed notice of original appeal:

    c. Court of Appeal case number *(if known):*

Date: August 20, 2008

Copy of Notice of Appeal sent to DCA and counsel <br> AUG 21 2008 <br> C. MADRAZO Deputy Clerk

Clark S. Stone
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Form Approved for Optional Use <br> Judicial Council of California <br> APP-002 [Rev. January 1, 2007]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
(Appellate)

Page 1 of 2

Cal. Rules of Court, rule 8.100
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**APP-002**

| | |
|---|---|
| CASE NAME:<br>Landmark Screens, LLC v. Morgan, Lewis & Brockius, LLP, et al. | CASE NUMBER:<br>105CV 053568 |

**NOTICE TO PARTIES:** A copy of this document must be mailed or personally delivered to the other party or parties to this appeal. A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. A person who is at least 18 years old and is not a party to this appeal must complete the information below and mail (by first-class mail, postage prepaid) or personally deliver the front and back of this document. When the front and back of this document have been completed and a copy mailed or personally delivered, the original may then be filed with the court.

FILED

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: **A. Ilas**    Deputy Clerk

## PROOF OF SERVICE

☑ Mail    ☐ Personal Service

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify):*

   2033 Gateway Place, Suite 400
   San Jose, California 95110

3. I mailed or personally delivered a copy of the *Notice of Appeal/Cross-Appeal (Unlimited Civil Case)* as follows *(complete either a or b):*

   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope **and**

         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

         (b) ☑ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served:  Wendy J. Thurm, Esq. and Elliot Peters, Esq.

         (b) Address on envelope:

            KEKER & VAN NEST, LLP
            710 Sansome Street, San Francisco, California  94111-1704

         (c) Date of mailing:  August 20, 2008

         (d) Place of mailing *(city and state):*  San Jose, California

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:

      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  August 20, 2008

Kirsten K. Mickelson
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

# EXHIBIT I

1   James A. Murphy - 062223
    Harlan B. Watkins - 176458
2   Janet L. Everson - 211161
    MURPHY, PEARSON, BRADLEY & FEENEY
3   88 Kearny Street, 10th Floor
    San Francisco, CA  94108-5530
4   Tel:   (415) 788-1900
    Fax:   (415) 393-8087
5
    Attorneys for Defendant
6   MORGAN, LEWIS & BOCKIUS, LLP and THOMAS D. KOHLER

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SANTA CLARA

10

11  LANDMARK SCREENS, LLC, a Delaware          Case No.: 1-05-CV-053568
    Limited Liability Company,
12                                             DEFENDANT MORGAN, LEWIS &
             Plaintiff,                        BOCKIUS' ANSWER TO PLAINTIFF
13                                             LANDMARK SCREENS, LLC'S
    v.                                         COMPLAINT
14
    PENNIE & EDMONDS LLP, a limited liability
15  partnership; MORGAN LEWIS & BOCKIUS LLP,
    a limited liability partnership; and Does 100,
16  inclusive,

17           Defendants.

18

19

20       Defendant Morgan, Lewis & Bockius responds to the unverified Complaint of Plaintiff

21  Landmark Screens, LLC as follows:

22       1.    Denies each and every, all and singular, generally and specifically, the allegations

23  contained in the complaint on file herein and the whole thereof; denies that this answering Defendant

24  was negligent and/or careless or breached any duties of any nature whatsoever to Plaintiff; further

25  denies that Plaintiff has been damaged in any sum or sums or at all.

26       2.    AS A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE

27  HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff's

28  complaint fails to state facts sufficient to constitute causes of action against this answering Defendant.

                                        - 1 -

3.    AS A SECOND SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff itself was negligent and careless in and about the matters referred to in the complaint on file herein, and to the extent that such negligence and carelessness on the part of Plaintiff caused and/or contributed to the cause of the subject incident and damages, if any, Plaintiff may not recover damages from this answering Defendant.

4.    AS A THIRD SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff's action is barred by reason of the provisions of Part Two, Title II, Chapter 3, §§335, et seq. of the California Code of Civil Procedure.

5.    AS A FOURTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff misused and abused the product referred to in the Complaint on file herein and to the extent that such misuse and abuse of said product caused and/or contributed to the cause of the subject incident and damages, if any, Plaintiff may not recover damages from this answering Defendant; furthermore such misuse and abuse was not reasonably foreseeable by this answering Defendant at the time of the sale to Plaintiff.

6.    AS A FIFTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that persons or entities other than the parties hereto were negligent and/careless in connection with the matters referred to in plaintiff's complaint on file herein, and to the extent that such negligence and carelessness on the part of said persons or entities not parties to this action caused and/or contributed to the cause of the subject incident and damages, if any, plaintiff may not recover damages from this answering defendant.

7.    AS A SIXTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the technology for which plaintiff sought patent protection was not subject to a valid patent because:

(a) the alleged technology, in all material and substantial parts, was invented, known to, and

- 2 -

1   used by others before Plaintiff's alleged technological invention; or

2        (b) the alleged technology was patented and described in printed publications in this and

3 foreign countries before Plaintiff's alleged technological invention thereof, and more than one year

4 before January 9, 2002, the date of Plaintiff's patent application;

5        (c) the alleged technological invention was in public use in this country more than one year

6 before January 9, 2002; or

7        (d) the alleged technological inventions were described in patent applications filed in the

8 United States by another person before Plaintiff's alleged conception of the technological inventions;

9 or

10        (e)    the alleged technological inventions were described in a patent granted on an

11 application for patent by another filed in the United States before Landmark's alleged invention

12 thereof; or

13        (f)    the Plaintiff did not invent the subject matter sought to be patented, but derived those

14 subject matters from others who had previously used the equipment and methods involved therein; or

15        (g)    the alleged technological inventions were made in this country, before plaintiff's

16 alleged technological inventions, by another who had not abandoned, suppressed or concealed the

17 subject matters of the technological inventions; or

18        (h)    the differences between the subject matters of the alleged technological inventions and

19 the prior art are such that the subject matters as a whole would have been obvious, at the time of the

20 alleged technological inventions to a person having ordinary skill in the art to which the subject

21 matters pertain; or

22        (i)    the technological inventions are not patentable because they cover inoperative subject

23 matters that have no utility; or

24        (j)    the technological inventions are not patentable because they constitute an attempt to

25 patent ideas, scientific theories, mental processes or mathematic expressions related to such ideas or

26 theories.

27       8.    AS A SEVENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT

28 ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that

1  Plaintiff has failed to mitigate its damage.

2      9.    AS AN EIGHTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT

3  ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the

4  technological inventions Plaintiff claims are subject to patent protection have no commercial,

5  marketable value.

6      10.    AS A NINTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON

7  FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the

8  complaint, and each cause of action asserted therein, is barred by the equitable doctrines of waiver,

9  estoppel and/or abandonment.

10      11.    AS A TENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON

11  FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the

12  complaint, and each cause of action asserted therein, is barred by the doctrine of laches by reason of

13  unreasonable delay in commencing this action, which delay has caused prejudice to this answering

14  Defendant.

15      12.    AS AN ELEVENTH SEPARATE AND DISTINCT DEFENSE TO THE

16  COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon

17  alleges that the complaint, and each cause of action asserted therein, is barred under the docrrine of

18  unclean hands.

19      WHEREFORE, Defendant MORGAN, LEWIS & BOCKIUS, LLP prays that Plaintiff take

20  nothing by way of its Complaint on file herein, and that it be dismissed with its costs.

21  DATED: January 25, 2006

22                  MURPHY, PEARSON, BRADLEY & FEENEY

23

24          By _____

25             James A. Murphy
           Attorneys for Defendant
           MORGAN, LEWIS & BOCKIUS, LLP

26

27  JAM.10303026.doc

28

DEFENDANT MORGAN, LEWIS & BOCKIUS' ANSWER TO PLAINTIFF LANDMARK SCREENS, LLC'S COMPLAINT

# CERTIFICATE OF SERVICE

I, Debbie A. Smith, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On January 26, 2006, I served the following document(s) on the parties in the within action:

**DEFENDANT MORGAN, LEWIS & BOCKIUS' ANSWER TO PLAINTIFF LANDMARK SCREENS, LLC'S COMPLAINT**

| | |
|---|---|
| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE:** The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |

Clark S. Stone
MacPherson Kwok Chen & Heid, LLP
1762 Technology Drive, Suite 226
San Jose, CA 95110

Attorney For Plaintiff
LANDMARK SCREENS, LLC

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on January 26, 2006.

By ___Debbie Smith___

Debbie A. Smith

- 5 -

# EXHIBIT J

1   James A. Murphy – 062223
    Harlan B. Watkins – 176458
2   Janet L. Everson – 211161
    MURPHY, PEARSON, BRADLEY & FEENEY
3   88 Kearny Street, 10th Floor
    San Francisco, CA  94108-5530
4   Tel:    (415) 788-1900
    Fax:    (415) 393-8087
5
    Attorneys for Defendants
6   MORGAN, LEWIS & BOCKIUS AND THOMAS D. KOHLER
7   Matthew Rawlinson – 231890
    Jill Zimmerman – 230338
8   LATHAM & WATKINS LLP
    135 Commonwealth Drive
9   Menlo Park, CA 94025
    Tel:    (650) 328-4600
10  Fax:    (650) 463-2600
11  Michael J. Weaver - 058581
    LATHAM & WATKINS LLP
12  600 West Broadway, Suite 1800
    San Diego, CA 92101-3375
13  Tel:    (619) 236-1234
    Fax:    (616) 696-7419
14
    Attorneys for Defendants PENNIE & EDMONDS LLP and THOMAS D. KOHLER
15
16              SUPERIOR COURT OF THE STATE OF CALIFORNIA
17                     COUNTY OF SANTA CLARA
18
    LANDMARK SCREENS, LLC,  a Delaware       | Case No.: 1-05-CV-053568
19  Limited Liability Company,
                                             | **DEFENDANT THOMAS D. KOHLER'S**
20          Plaintiff,                       | **ANSWER TO PLAINTIFF LANDMARK**
                                             | **SCREEN, LLC'S COMPLAINT**
21  v.
22  PENNIE & EDMONDS LLP, a Limited Liability
    Partnership; MORGAN, LEWIS & BOCKIUS,
23  LLP a Limited Liability Partnership; THOMAS D.
    KOHLER, an Individual; and DOES 1 to 100,
24  Inclusive,
25          Defendants.
26
27          Defendant Thomas D. Kohler responds to the unverified Complaint of Plaintiff Landmark
28  Screens, LLC as follows:

                                    - 1 -

1.   Denies each and every, all and singular, generally and specifically, the allegations contained in the complaint on file herein and the whole thereof; denies that this answering Defendant was negligent and/or careless or breached any duties of any nature whatsoever to Plaintiff; further denies that Plaintiff has been damaged in any sum or sums or at all.

2.   AS A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff's complaint fails to state facts sufficient to constitute causes of action against this answering Defendant.

3.   AS A SECOND SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff itself was negligent and careless in and about the matters referred to in the complaint on file herein, and to the extent that such negligence and carelessness on the part of Plaintiff caused and/or contributed to the cause of the subject incident and damages, if any, Plaintiff may not recover damages from this answering Defendant.

4.   AS A THIRD SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff's action is barred by reason of the provisions of Part Two, Title II, Chapter 3, §§335, et seq. of the California Code of Civil Procedure.

5.   AS A FOURTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that Plaintiff misused and abused the product referred to in the Complaint on file herein and to the extent that such misuse and abuse of said product caused and/or contributed to the cause of the subject incident and damages, if any, Plaintiff may not recover damages from this answering Defendant; furthermore such misuse and abuse was not reasonably foreseeable by this answering Defendant at the time of the sale to Plaintiff.

6.   AS A FIFTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that persons or entities other than the parties hereto were negligent and/careless in connection with the matters referred to in plaintiff's complaint on file herein, and to the extent that such negligence and carelessness on the

- 2 -

1 part of said persons or entities not parties to this action caused and/or contributed to the cause of the

2 subject incident and damages, if any, plaintiff may not recover damages from this answering

3 defendant.

4     7.    AS A SIXTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON

5 FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the

6 technology for which plaintiff sought patent protection was not subject to a valid patent because:

7     (a) the alleged technology, in all material and substantial parts, was invented, known to, and

8 used by others before Plaintiff's alleged technological invention; or

9     (b) the alleged technology was patented and described in printed publications in this and

10 foreign countries before Plaintiff's alleged technological invention thereof, and more than one year

11 before January 9, 2002, the date of Plaintiff's patent application;

12     (c) the alleged technological invention was in public use in this country more than one year

13 before January 9, 2002; or

14     (d) the alleged technological inventions were described in patent applications filed in the

15 United States by another person before Plaintiff's alleged conception of the technological inventions;

16 or

17     (e)    the alleged technological inventions were described in a patent granted on an

18 application for patent by another filed in the United States before Landmark's alleged invention

19 thereof; or

20     (f)    the Plaintiff did not invent the subject matter sought to be patented, but derived those

21 subject matters from others who had previously used the equipment and methods involved therein; or

22     (g)    the alleged technological inventions were made in this country, before plaintiff's

23 alleged technological inventions, by another who had not abandoned, suppressed or concealed the

24 subject matters of the technological inventions; or

25     (h)    the differences between the subject matters of the alleged technological inventions and

26 the prior art are such that the subject matters as a whole would have been obvious, at the time of the

27 alleged technological inventions to a person having ordinary skill in the art to which the subject

28 matters pertain; or

1    (i)    the technological inventions are not patentable because they cover inoperative subject

2    matters that have no utility; or

3    (j)    the technological inventions are not patentable because they constitute an attempt to

4    patent ideas, scientific theories, mental processes or mathematic expressions related to such ideas or

5    theories.

6    8.    AS A SEVENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT

7    ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that

8    Plaintiff has failed to mitigate its damage.

9    9.    AS AN EIGHTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT

10    ON FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the

11    technological inventions Plaintiff claims are subject to patent protection have no commercial,

12    marketable value.

13    10.    AS A NINTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON

14    FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the

15    complaint, and each cause of action asserted therein, is barred by the equitable doctrines of waiver,

16    estoppel and/or abandonment.

17    11.    AS A TENTH SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON

18    FILE HEREIN, this answering Defendant is informed and believes and thereon alleges that the

19    complaint, and each cause of action asserted therein, is barred by the doctrine of laches by reason of

20    unreasonable delay in commencing this action, which delay has caused prejudice to this answering

21    Defendant.

22    12.    AS AN ELEVENTH SEPARATE AND DISTINCT DEFENSE TO THE

23    COMPLAINT ON FILE HEREIN, this answering Defendant is informed and believes and thereon

24    alleges that the complaint, and each cause of action asserted therein, is barred under the docrrine of

25    unclean hands.

26    ////

27    ////

28    ////

- 4 -

1    WHEREFORE, Defendant THOMAS D. KOHLER prays that Plaintiff take nothing by way of

2    its Complaint on file herein, and that it be dismissed with its costs.

3    DATED: January 26, 2006

4                                          MURPHY, PEARSON, BRADLEY & FEENEY

5
                                           By
6                                               Harlan B. Watkins
                                                Attorneys for Defendants
7                                               MORGAN, LEWIS & BOCKIUS and THOMAS D.
                                                KOHLER
8

9    DATED: January 26, 2006

10                                         LATHAM & WATKINS LLP
                                                Michael J. Weaver
11                                              Matthew Rawlinson
                                                Jill Zimmerman
12

13                                         By
14                                              Matthew Rawlinson
                                                Attorneys for Defendants
15                                              PENNIE & EDMONDS LLP and THOMAS D.
                                                KOHLER
16

17   JLE.10305574.doc

18

19

20

21

22

23

24

25

26

27

28

- 5 -

1    WHEREFORE, Defendant THOMAS D. KOHLER prays that Plaintiff take nothing by way of

2  its Complaint on file herein, and that it be dismissed with its costs.

3  DATED: January 26, 2006

                                    MURPHY, PEARSON, BRADLEY & FEENEY

4

5

6                                   By _____
                                        Harlan B. Watkins
7                                       Attorneys for Defendants
                                        MORGAN, LEWIS & BOCKIUS and THOMAS D.
8                                       KOHLER

9  DATED: January 27, 2006

                                    LATHAM & WATKINS LLP
10                                      Michael J. Weaver
                                        Matthew Rawlinson
11                                      Jill Zimmerman

12

13                                  By _____
                                        Matthew Rawlinson
14                                      Attorneys for Defendants
                                        PENNIE & EDMONDS LLP and THOMAS D.
15                                      KOHLER

16

17  JLE.10305574.doc
18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Debbie A. Smith, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On January 26, 2006, I served the following document(s) on the parties in the within action:

**DEFENDANT THOMAS D. KOHLER'S ANSWER TO PLAINTIFF LANDMARK SCREENS, LLC'S COMPLAINT**

| | |
|---|---|
| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE:** The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |

Clark S. Stone
MacPherson Kwok Chen & Heid, LLP
1762 Technology Drive, Suite 226
San Jose, CA 95110

Attorney For Plaintiff
LANDMARK SCREENS, LLC

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on January 26, 2006.

By _~Debbie Smith~_
Debbie A. Smith

- 6 -

# EXHIBIT K

1  James A. Murphy - 062223
   Janet L. Everson – 211161
2  Erik P. Weiss - 241453
   MURPHY, PEARSON, BRADLEY & FEENEY
3  88 Kearny Street, 10th Floor
   San Francisco, CA  94108-5530
4  Tel:    (415) 788-1900
   Fax:    (415) 393-8087
5
   Attorneys for Defendants
6  MORGAN, LEWIS & BOCKIUS AND THOMAS D. KOHLER

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11 | LANDMARK SCREENS, LLC,  a Delaware        Case No.: 1-05-CV-053568
     Limited Liability Company,
12                                             **NOTICE OF JOINDER AND JOINDER**
              Plaintiff,                        **TO MOTION TO COMPEL**
13                                             **ARBITRATION AND STAY JUDICIAL**
     v.                                        **PROCEEDINGS OR, IN THE**
14                                             **ALTERNATIVE, MOTION TO ABATE**
     PENNIE & EDMONDS LLP, a Limited Liability **THE ACTION PENDING AGAINST**
15   Partnership; MORGAN, LEWIS & BOCKIUS,     **MORGAN, LEWIS & BOCKIUS**
     LLP a Limited Liability Partnership; THOMAS **PENDING THE OUTCOME OF**
16   D. KOHLER, an Individual; and DOES 1 to 100, **ARBITRATION, AND MEMORANDUM**
     Inclusive,                                **OF POINTS AND AUTHORITIES IN**
17                                             **SUPPORT THEREOF**
              Defendants.
18                                             Date: August 17, 2006
19                                             Time: 9:00 a.m.
                                               Dept.: 10
20                                             Judge: Hon. Neal A. Cabrinha

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF JOINDER AND JOINDER OR, IN THE ALTERNATIVE, MOTION TO
ABATE THE ACTION AGAINST MORGAN, LEWIS & BOCKIUS PENDING THE
OUTCOME OF ARBITRATION.................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.........................................4

I.      INTRODUCTION ...................................................................................................4

II.     FACTUAL AND PROCEDURAL BACKGROUND........................................5

III.    LEGAL ARGUMENT..............................................................................................7

        A.    Pursuant to California Law, Public Policy, the Signed Retainer Agreement
              Between Landmark and Thomas Kohler, and Morgan Lewis' Retainer
              Agreement Signed by Thomas Kohler, Morgan Lewis Is Entitled to Be Joined in
              Arbitration.................................................................................................7

        B.    Morgan Lewis Should Be Joined In Arbitration Because A De Facto Contract
              Exists Between Landmark and Morgan Lewis Which Requires Binding
              Arbitration of Any Disputes Between Those Parties ........................................8

        C.    Joinder In Arbitration Is Warranted Pursuant to California Law Which Has
              Recognized Two Theories of Equitable Estoppel Morgan Lewis Is Entitled to
              Assert Against Landmark.................................................................................9

              1.    Plaintiff Cannot Base Its Claims Upon the Putative Existence of a
                    Contract For Legal Services With Morgan Lewis and Then Deny the
                    Effect of the Arbitration Provisions Therein........................................10

              2.    Landmark's Claims Against Pennie & Edmonds and Mr. Kohler Are
                    Based On the Same Facts and Inherently Inseparable From Its Claims
                    Against Morgan Lewis and Should Thus Be Joined In Arbitration
                    Pursuant to California Law ..............................................................10

        D.    Abatement of the Superior Court Action Is Warranted Pending the Outcome of
              Arbitration Because Landmark's Same Primary Right Would Be At Stake In
              Either Proceeding and a Judgment In Favor of Mr. Kohler in Arbitration Would
              Be a Bar to Any Subsequent Action .............................................................11

IV.     CONCLUSION.........................................................................................................12

DEFENDANT MORGAN & LEWIS AND BOCKIUS' JOINDER TO PENNIE EDMONDS MOTION TO COMPEL
ARBITRATION AND STAY JUDICIAL PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO ABATE
ACTION

1

## TABLE OF AUTHORITIES

**Page**

2

3                                          **Cases**

City of Hope v. Cave
4      (2002) 102 Cal. App. 4th 1356 ...................................................................9, 10

5
Hawkins v. KPMG LLP
6      (2006) 423 F. Supp. 2d 1038............................................................................9, 10

7  Metalclad Corp. v. Ventana Environmental Organizational Partnership
       2003) 109 Cal. App. 4th 1705 .....................................................................8, 9, 10
8
Moncharsh v. Heily & Blasé
9      (1992) 3 Cal. 4th 1 .............................................................................................7

10
Roger v. Peinado
11     (2000) 85 Cal. App. 4th 1 ...................................................................................9

12
Trickey v. City of Long Beach
13     (1951) 101 Cal.App. 2d 871................................................................................11

14  Vianna v. Doctors' Management Co.
       (1994) 27 Cal. App. 4th 1186 ..............................................................................7
15
Wulfjen v. Dolton
16     (1944) 24 Cal.2d 891 ...........................................................................................11

17                                        **Statutes**

18  Cal. Code Civ. Proc.

19     § 1281(c) .....................................................................................................1, 7

20

21

22

23

24

25

26

27

-ii-

28

1

## NOTICE OF JOINDER AND JOINDER OR, IN THE ALTERNATIVE, MOTION TO ABATE THE ACTION AGAINST MORGAN, LEWIS & BOCKIUS PENDING THE OUTCOME OF ARBITRATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant MORGAN, LEWIS & BOCKIUS will and hereby does move the Court for an order joining MORGAN, LEWIS & BOCKIUS in arbitration with Defendants PENNIE & EDMONDS and THOMAS D. KOHLER. Alternatively, Defendant MORGAN, LEWIS & BOCKIUS will and does hereby move the Court to abate the action in Superior Court pending the outcome of arbitration in this matter.

As set forth more fully in the accompanying Memorandum of Points and Authorities, this Motion is made on the following grounds:

1.   California has a strong public policy in favor of arbitration, and the Court has the power to join the Parties in arbitration under Cal. Code Civ. Proc. § 1281(c).

2.   The other parties in this matter have already voluntarily agreed to arbitration. Plaintiff LANDMARK SCREENS LLC, Defendants THOMAS D. KOHLER and PENNIE & EDMONDS signed a Retainer Agreement containing a broadly worded arbitration provision expressing their desire to arbitrate any "controversy or claim arising out of or relating to" Mr. Kohler's prosecution Landmarks' patent application.

3.   A *de facto* contract, requiring arbitration of any dispute, exists between Landmark and Morgan Lewis both because Landmark executed a power of attorney appointing Morgan Lewis to prosecute its patent application and paid Morgan Lewis for said legal services.

4.   A retainer agreement between Morgan Lewis and Landmark was actually prepared and signed by Mr. Kohler. Mr. Kohler also caused this agreement to be sent to Landmark Screens LLC. This agreement contained a broadly worded arbitration provision for binding arbitration of any dispute arising thereunder.

///

- 1 -

5.      Landmark is equitably estopped from suing Morgan Lewis based upon a putative legal services agreement and also denying the existence of the arbitration provision therein.

6.      Resolution of Landmark's claims regarding Mr. Kohler's prosecution of Landmark's patent application, whether performed at Pennie & Edmonds or Morgan, Lewis & Bockius ("Morgan Lewis"), will involve the same evidence and questions of law and fact. In order to promote California's policy in favor of arbitration, and in order to avoid inconsistent results and duplicative litigation, equity demands joining Morgan Lewis in arbitration with the parties in this matter.

Alternatively, Defendant MORGAN, LEWIS & BOCKIUS requests the Court abate this action in Santa Clara Superior Court pending the outcome of the arbitration between Plaintiff and Defendants Pennie & Edmonds and Thomas D. Kohler on the grounds that the issues are identical, the same subject matter would be adjudicated in both proceedings, and Plaintiff Landmark should not be allowed to try its claims twice in different forums. Landmark is seeking redress for one alleged wrong involving Mr. Kohler's prosecution of a patent application while at Pennie & Edmonds. If Mr. Kohler is not found to have been negligent while at Pennie & Edmonds, MORGAN, LEWIS & BOCKIUS cannot be found liable in a any subsequent action for identical actions. Abatement is thus appropriate pending the outcome of any arbitration.

This Motion will be heard by the Honorable Neal A. Cabrinha, Judge of the Superior Court of the State of California, County of Santa Clara, at 191 North First Street, San Jose, California 95113, at 9:00 a.m. on August 17, 2006, in Department 10. This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the related exhibits and declarations filed herewith, the evidence in the record of this matter, all matters of which the Court

///
///
///
///
///

- 2 -

1    may take judicial notice, and any oral or written argument which may be presented at or before the

2    hearing.

3    DATED:  July 26, 2006

                                          MURPHY, PEARSON, BRADLEY & FEENEY

5

6    By _____
                                          Erik P. Weiss
7                                         Attorneys for Defendants
                                          MORGAN, LEWIS & BOCKIUS AND THOMAS D.
8                                         KOHLER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

DEFENDANT MORGAN & LEWIS AND BOCKIUS' JOINDER TO PENNIE EDMONDS MOTION TO COMPEL ARBITRATION
AND STAY JUDICIAL PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO ABATE ACTION

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant MORGAN, LEWIS & BOCKIUS ("Morgan Lewis") hereby requests the Court order them joined in arbitration with Plaintiff Landmark Screens LLC ("Landmark"), and Defendants Pennie & Edmonds and Thomas D. Kohler and stay judicial proceedings pending the outcome of arbitration. Alternatively, Morgan Lewis moves the Court to abate the proceedings in Santa Clara County Superior Court pending the outcome of the arbitration between Plaintiff and Defendants Pennie & Edmonds and Thomas D. Kohler.

### I.    INTRODUCTION

Pennie & Edmonds and Mr. Kohler are currently seeking to compel arbitration with Landmark pursuant to an arbitration provision in their signed retainer agreement. Morgan Lewis and Mr. Kohler are entitled to be joined in this arbitration because a *de facto* contract exists between Landmark and Morgan Lewis which contains a provision requiring arbitration of any disputes. Under principals of equitable estoppel recognized by California courts, Morgan Lewis and Mr. Kohler are also entitled to be joined in arbitration either as a non-signatory to Pennie & Edmonds retainer agreement, or because Landmark's claims against Morgan Lewis are based on the putative existence of a legal services agreement between them. Despite the fact that ordinary contract principals govern the applicability of arbitration agreements, California law has recognized that justice requires joining parties in arbitration in the absence of an agreement to arbitrate signed by all parties in certain situations.

On the one hand, although Morgan Lewis is a non-signatory to Pennie & Edmonds' agreement, it is nevertheless entitled to join in arbitration because the resolution of Landmark's claims for negligence and breach of fiduciary duty against Pennie & Edmonds, Mr. Kohler, and Morgan Lewis will involve the same evidence, facts, and issues of law. California courts have found this exception necessary to avoid thwarting the very policy in favor of arbitration, and inconsistent or duplicative litigation. Landmark ought not be allowed to shop for a forum for its claims in order to assert its preclusive effect in another forum. Despite the fact Morgan Lewis is not a signatory to this agreement, justice requires it be joined in arbitration Pennie & Edmonds and Mr. Kohler.

On the other hand, it would be fundamentally unfair to allow Landmark to bring claims for negligence and breach of fiduciary duty against Morgan Lewis based upon a putative legal services

-4-

1    contract and also deny the effect of the arbitration provision therein. Mr. Kohler prepared and signed a

2    retainer agreement with Landmark on behalf of Morgan Lewis that contained a broadly worded

3    provision for binding arbitration. Without such a contract those claims would not stand. Indeed,

4    Landmark's claims presume that Morgan Lewis *was* prosecuting its patent claims and allegedly

5    negligent in so doing. Landmark cannot "have it both ways" and presume such a contract exists, and, at

6    the same time, deny the effect of its provision for binding arbitration. That position is untenable and

7    fundamentally unfair. As such, Defendant Morgan Lewis entitled to join in any arbitration proceedings

8    pursuant to the arbitration provision in the Pennie & Edmonds retainer agreement, or, pursuant to the

9    arbitration provision in the retainer agreement prepared by Mr. Kohler on behalf of Morgan Lewis.

10         Alternatively, the Court should abate the proceedings in Santa Clara County Superior Court

11    pending the outcome of any arbitration on the grounds that the issues in both proceedings are identical

12    and stem from a single alleged wrong. As explained above, Mr. Kohler's prosecution of Landmark's

13    patent application while he was at Pennie & Edmonds is the sole subject matter involved in

14    Landmark's complaint, and California's public policy against relitigating matters already judicially

15    determined militates strongly in favor of abating the present action in Superior Court pending the

16    outcome of any arbitration. Morgan Lewis simply cannot have any liability in this action if it is

17    determined Mr. Kohler was not negligent while employed at Pennie & Edmonds. As such, abatement

18    is warranted in this matter.

19         **II.    FACTUAL AND PROCEDURAL BACKGROUND**

20         Plaintiff Landmark retained Pennie & Edmonds and Mr. Kohler in November of 2000 in order

21    to obtain patent protection for Landmark's purported developments in electronic light-emitting diode

22    ("LED") display technology.  On January 9, 2002, while at Pennie & Edmonds, Mr. Kohler filed a

23    patent application on Landmark's behalf, which was assigned Application No. 10/045,096. However,

24    as of January 1, 2004, Pennie & Edmonds ceased to practice law and discontinued doing business

25    except for completing the process of winding up and dissolution. Around that time, Mr. Kohler – the

26    Pennie & Edmonds partner representing Landmark – moved to Defendant Morgan Lewis & Bockius.

27    Mr. Kohler continued his representation of Landmark as a partner at Morgan Lewis, and prepared and

28    signed a new retainer agreement for Landmark containing a binding arbitration provision. (See

1     Declaration of Thomas D. Kohler ("Kohler Declaration"), ¶ 2, attaching Morgan Lewis' Retainer

2     Agreement) Preparation of new agreements for transferring clients was customary at Morgan Lewis.

3     Landmark never returned an executed copy of that agreement to Morgan Lewis. The scope of Mr.

4     Kohler's representation of Landmark remained as set forth in the Pennie & Edmonds retainer

5     agreement.

6           On June 22, 2004, approximately six months after Mr. Kohler moved to Morgan Lewis, the

7     PTO sent a Notice of Incomplete Non-Provisional Application to Mr. Kohler, stating that the patent

8     application, submitted while he was at Pennie & Edmonds, was missing a specification. Mr. Kohler

9     submitted a petition seeking to remedy this alleged defect with the application, but on November 30,

10    2004, that petition was denied. Following the denial, Mr. Kohler contacted Landmark's representatives

11    and sent a letter to Landmark describing its consequences. In May 2005, Mr. Kohler met with various

12    representatives of Landmark to discuss the application, and at some point subsequent to these

13    conversations, Landmark hired MacPherson Kwok Chen & Heid LLP to replace Mr. Kohler and

14    Morgan Lewis.

15          On October 28, 2005, the MacPherson firm filed a reissue patent application on Landmark's

16    behalf with the PTO, which was given Application No. 11/262,558 (the "'558 Application" or "reissue

17    application"). A "reissue application" seeks to relate back to the original application (the '096

18    Application that was filed in January 2002) and renew that prosecution. Whether the reissue

19    application is successful will significantly affect Plaintiff's claims and damages, and makes them

20    uncertain at this time. That reissue application is currently pending, and Defendants have filed a

21    motion to stay pending the outcome of the reissue application.

22          On November 30, 2005, Landmark filed the complaint initiating this action, alleging legal

23    malpractice, negligence, and breach of fiduciary duty.  All of Landmark's claims arise out of Mr.

24    Kohler's prosecution of Landmark's patent application while at Pennie & Edmonds. During the

25    discovery process, Defendant Pennie & Edmonds learned for the first time that Plaintiff had executed a

26    retainer agreement with an arbitration provision in conjunction with Mr. Kohler's representation of

27    Landmark back in 2000. Pennie & Edmonds and Mr. Kohler have since moved the Court to compel

28    arbitration between Landmark, Mr. Kohler and itself.

DEFENDANT MORGAN & LEWIS AND BOCKIUS' JOINDER TO PENNIE EDMONDS MOTION TO COMPEL ARBITRATION
AND STAY JUDICIAL PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO ABATE ACTION

## III.    LEGAL ARGUMENT

A.    **Pursuant to California Law, Public Policy, the Signed Retainer Agreement Between Landmark and Thomas Kohler, and Morgan Lewis' Retainer Agreement Signed by Thomas Kohler, Morgan Lewis Is Entitled to Be Joined in Arbitration**

California law and public policy favor arbitration as a means of dispute resolution:

> "Title 9 of the Code of Civil Procedure, as enacted and periodically amended by the Legislature, represents a comprehensive statutory scheme regulating private arbitration in this state. Through this detailed statutory scheme, the Legislature has expressed a "strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution. [Citations omitted] Moncharsh v. Heily & Blasé, (1992) 3 Cal. 4th 1, 9.

Moreover, in California, arbitration agreements are liberally interpreted in order to effectuate the state's policy in favor of arbitration, and arbitration should be ordered unless an agreement *clearly* does not apply to a particular dispute. Vianna v. Doctors' Management Co., (1994) 27 Cal. App. 4th 1186, 1189 [emphasis added]. "Consequently, courts will indulge every intendment to give effect to such proceedings." Moncharsh v. Heily & Blasé, (1992) 3 Cal. 4th 1, 9, 10. Lastly, when a signed agreement to arbitrate exists, the Court has the power to join all parties in arbitration pursuant to Cal. Code Civ. Proc. §1281(c).

In the case at bar, Landmark executed a Retainer with Pennie & Edmonds and Thomas Kohler. (See Exhibit A attached to the Declaration of Erik P. Weiss ("Weiss Declaration")). The arbitration provision in that retainer agreement is worded broadly and intended to apply to "[a]ny controversy or claim arising out of or relating to the retainer agreement, or breach thereof, or our representation of Landmark Screens LLC." (Weiss Declaration, ¶ 2).   The parties clearly intended the arbitration provision to cover the activities of Mr. Kohler while prosecuting Landmark's patent application, and they voluntarily agreed to arbitrate should a dispute arise. Since Landmark, Mr. Kohler, and Pennie & Edmonds already all expressed their willingness to arbitrate by signing the Pennie & Edmonds retainer agreement, no prejudice or injustice would result from joining Morgan Lewis in arbitration.

Thomas Kohler also prepared and signed a retainer agreement on behalf of Morgan Lewis for Landmark in early 2004 when Mr. Kohler switched law firms. (See Declaration of Thomas D. Kohler ("Kohler Declaration"), ¶ 2, attaching Morgan Lewis' Retainer Agreement) Landmark never returned a signed copy of that agreement to Mr. Kohler or Morgan Lewis, but Landmark did pay bills from

- 7 -

DEFENDANT MORGAN & LEWIS AND BOCKIUS' JOINDER TO PENNIE EDMONDS MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO ABATE ACTION

1  Morgan Lewis for legal services rendered to them by Mr. Kohler. (Kohler Declaration, ¶ 6). That
2  retainer agreement similarly contains an arbitration provision broadly worded to included "any dispute
3  under this representation agreement." (Kohler Declaration, ¶ 2). Morgan Lewis has thus also
4  voluntarily agreed to arbitrate any dispute related to Mr. Kohler's prosecution of Landmark's patent
5  claims, and Landmark has implicitly agreed to be bound by the terms of Morgan Lewis' Retainer
6  Agreement.

7       Joining Morgan Lewis in arbitration in the case at bar clearly effectuates California's public
8  policy in favor arbitration, and is consistent with the intent of all parties to both retainer agreements.
9  The existence of both of these retainer agreements also provides the Court with the authority to join the
10 parties thereto in arbitration, and, as such, Defendant Morgan Lewis respectfully requests the court
11 order it joined in any arbitration with Pennie & Edmonds and Mr. Kohler.

12 **B.  Morgan Lewis Should Be Joined In Arbitration Because A _De Facto_ Contract Exists**
   **Between Landmark and Morgan Lewis Which Requires Binding Arbitration of Any**
13 **Disputes Between Those Parties**

14      Arbitration is a matter of contract under California law. Metalclad Corp. v. Ventana
15 Environmental Organizational Partnership, (2003) 109 Cal. App. 4th 1705, 1711. Ordinary contract
16 principles govern its enforcement as between two parties. In the case at bar, a _de facto_ contract exists
17 between Landmark and Morgan Lewis for three reasons. First, Mr. Kohler prepared, signed, and
18 caused to be sent to Landmark an engagement letter on behalf of Morgan Lewis on January 28, 2004,
19 setting forth the terms of a legal services agreement between them. (Kohler Declaration, ¶ 2). While it
20 is unclear if Landmark returned a signed copy of this agreement to Morgan Lewis, Mr. Kohler did
21 prepare that agreement and it contained a provision requiring arbitration of any disputes arising
22 thereunder. Second, Landmark Screens LLC appointed Morgan Lewis as its attorneys on April 13,
23 2004, to prosecute its patent claims before the US Patent and Trademark Office. (Kohler Declaration, ¶
24 5). This is further evidence Landmark had hired Morgan Lewis pursuant to the terms of the written
25 agreement Mr. Kohler prepared on January 28, 2004. Third, Landmark Screens LLC made payments to
26 Morgan for legal services Mr. Kohler rendered to Landmark while he was employed at Morgan Lewis.
27 (Kohler Declaration, ¶ 6). These facts taken together evidence Landmark, Mr. Kohler and Morgan
28 Lewis operating pursuant to the written legal services agreement Mr. Kohler prepared on behalf of

- 8 -

1  Morgan Lewis. That contract, of course, contains a provision requiring the parties to arbitrate any

2  disputes arising thereunder, and while Mr. Kohler does not recall if Landmark ever returned an

3  executed copy of that agreement, Landmark's subsequent acts demonstrate it was the *de facto* contract

4  between the parties. As such, pursuant to the terms of the agreement Mr. Kohler prepared, signed and

5  caused to be sent to Landmark, Morgan Lewis should be joined in arbitration with Mr. Kohler and

6  Pennie & Edmonds.

7  **C.    Joinder In Arbitration Is Warranted Pursuant to California Law Which Has Recognized**
8  **Two Theories of Equitable Estoppel Morgan Lewis Is Entitled to Assert Against**
   **Landmark**

9          California Courts have recognized that non-signatories to arbitration agreements may

10  nevertheless be entitled to enforce the provisions of those agreements under principles of equitable

11  estoppel. (*See Roger v. Peinado*, (2000) 85 Cal. App. 4th 1, 9, fn.6 ["There are circumstances under

12  which a nonsignatory to a contract can compel arbitration"], *Metalclad Corp. v. Ventana*

13  *Environmental Organizational Partnership*, (2003) 109 Cal. App. 4th 1705, 1717 [claims based on

14  same facts and that are inherently inseparable required signatory to arbitrate with non-signatory], *City*

15  *of Hope v. Cave*, (2002) 102 Cal. App. 4the 1356, 1370 [estoppel sometimes allows non-signatories to

16  a contract to demand arbitration], *Hawkins v. KPMG LLP*, (2006) 423 F. Supp. 2d 1038, 1050

17  [signatory to an agreement cannot hold non-signatory liable under an agreement containing an

18  arbitration provision and also assert that provision's inapplicability to the non-signatory].) Specifically,

19  the first theory is this: a party cannot rely on the putative existence of contract to make its claims and

20  then disavow the arbitration provision in that same contract. *Hawkins*, supra, at 1050. Fairness simply

21  will not allow it. The second theory is this: claims against a non-signatory to an arbitration agreement

22  should be arbitrated together with claims against a signatory to that arbitration agreement when those

23  claims are based on substantially similar facts and alleged wrongs in order to avoid duplicative

24  litigation and inconsistent results. *Metalclad*, supra, at 1713.

25          Morgan Lewis is entitled to be joined in arbitration in this case under either theory. Whether

26  based upon the existence of the Morgan Lewis agreement signed only by Mr. Kohler, or the written

27  agreement between Landmark and Pennie & Edmonds, California law requires the Court to join

28  Morgan Lewis in arbitration with Landmark, Pennie & Edmonds and Mr. Kohler.

-9-

1.   **Plaintiff Cannot Base Its Claims Upon the Putative Existence of a Contract For Legal Services With Morgan Lewis and Then Deny the Effect of the Arbitration Provisions Therein**

California courts have consistently held that a party cannot bring suit based upon a putative contract and also selectively disavow that contract's arbitration provisions. Metaclad, supra, at 1713, and Hawkins, supra, at 1050. This makes sense as fairness will not allow a complaining party to "have it both ways" suing based upon a contract and at the same time attempting to selectively avoid less desirable terms. Indeed, "the linchpin of equitable estoppel is fairness." City of Hope, supra, at 1370.

In the case at bar, Landmark never returned a signed copy of the retainer agreement Mr. Kohler prepared on Morgan Lewis' behalf. Nevertheless, that agreement memorialized the attorney-client relationship between Morgan Lewis and Landmark, as well as providing for binding arbitration of all disputes arising thereunder. Landmark has named Morgan Lewis as a defendant and made claims for, *inter alia*, negligence and breach of fiduciary duty which clearly presuppose an attorney-client relationship. Instead, those claims necessarily rely on the fact that Morgan Lewis undertook the prosecution of Landmark's patent application for light-emitting display technology pursuant to an agreement between the parties. And those claims necessarily allege Morgan Lewis breached that agreement in some manner. As such, Landmark should be equitably estopped from presuming such a contract in order to bring its claims on the one hand, and, on the other hand, attempt to avoid the clear provision in that same contract for arbitration of any disputes arising thereunder. It would be fundamentally unfair to exclude Morgan Lewis from arbitration with respect to Landmark's claims, and equity demands that all parties be joined in arbitration.

2.   **Landmark's Claims Against Pennie & Edmonds and Mr. Kohler Are Based On the Same Facts and Inherently Inseparable From Its Claims Against Morgan Lewis and Should Thus Be Joined In Arbitration Pursuant to California Law**

California courts have held that equity demands when claims against a signatory to an arbitration agreement are "intimately founded in and intertwined" with claims against a non-signatory to that agreement, both parties should be joined in arbitration. Metaclad, supra, at 1713, 1717. The reasoning, of course, is that unless a non-signatory is joined in arbitration, California's policy in favor of arbitration would be thwarted and duplicative and inconsistent litigation could result. Hawkins, supra, at 1050-51.

- 10 -

1        In the case at bar, Morgan Lewis is not a signatory to the agreement providing for arbitration

2    between Landmark, Pennie & Edmonds and Mr. Kohler. Nevertheless, the claims Landmark is

3    asserting against Pennie & Edmonds and Morgan Lewis all stem from Mr. Kohler's prosecution of

4    Landmark's patent application for light-emitting display technology. Regardless of the defendant, the

5    same facts and documents related to that application will be necessary to resolve Landmark's claims.

6    The claims are also identical, negligence and breach of fiduciary duty, and involve the same primary

7    right: Landmark's right to receive competent legal counsel prosecuting its patent claim for light-

8    emitting display technology. Mr. Kohler's prosecution of Landmark's patent application is the

9    common thread in this case, and the nexus between Landmark's claims against Pennie & Edmonds and

10   Morgan Lewis. Landmark's claims against Morgan Lewis necessarily entail resolution of Landmark's

11   claims against Pennie & Edmonds as they were successive employers of Mr. Kohler. As such, joinder

12   of Morgan Lewis in arbitration with Landmark, Pennie & Edmonds and Mr. Kohler is warranted.

13   **D.    Abatement of the Superior Court Action Is Warranted Pending the Outcome of
         Arbitration Because Landmark's Same Primary Right Would Be At Stake In Either**
14       **Proceeding and a Judgment In Favor of Mr. Kohler in Arbitration Would Be a Bar to
         Any Subsequent Action**
15

16       Under California law, if a judgment in favor of a defendant in one action would be a complete

17   bar to a second action against that defendant, the pendency of the first action gives rise to a right to

18   have the second action abated. Wulfjen v. Dolton, (1944) 24 Cal.2d 891, 894-5. The reasons for this

19   rule are well settled: "1) That the defendant should be protected against vexatious litigation; and (2)

20   that it is against public policy to permit litigants to consume the time of the courts by relitigating

21   matters already judicially determined . . ." Id., at 895. In addition, the issues must be substantially the

22   same in both actions and the same primary right must be at stake. Trickey v. City of Long Beach,

23   (1951) 101 Cal.App. 2d 871, 881. To determine if abatement is warranted, the test applied is "whether

24   a final judgment in the first action could be pleaded in bar as a former adjudication." Id., at 881.

25       In the subject action it is undisputed Landmark hired Mr. Kohler to prosecute patent

26   Application No. 10/045,096 for its display technology. It is also undisputed Landmark's allegations all

27   stem from Mr. Kohler's prosecution of Application No. 10/045,096 while he was employed at Pennie

28   & Edmonds. Landmark's "primary right" is thus to be free of any alleged professional negligence

1  associated with the prosecution of that patent application. Beginning in 2004, when Mr. Kohler moved

2  to Morgan Lewis, he continued prosecuting Landmark's patent application for light-emitting display

3  technology. Except for an increased hourly rate, the nature and scope of Mr. Kohler's representation of

4  Landmark remained the same. Any remedial work on Application No. 10/045,096 that Mr. Kohler

5  performed while at Morgan Lewis relates to the original filing of Application No. 10/045,096 while he

6  was at Pennie & Edmonds and thus involves that same primary right. In addition, the same facts and

7  evidence will be probative of Landmark's claims against Pennie & Edmonds and Morgan Lewis. Once

8  these issues are decided in any arbitration with respect to Pennie & Edmonds, it would be unfair to

9  allow Landmark to relitigate these same issues in Superior Court against Morgan Lewis. Abatement is

10  warranted for that reason alone.

11    Abatement is also warranted because Morgan Lewis could plead the arbitration decision as a

12  bar to any subsequent action in Superior Court.  If Mr. Kohler is deemed not to have been negligent

13  prosecuting Landmark's patent application while at Pennie & Edmonds, he cannot later be found liable

14  for subsequent work attempting to remedy a putative defect in that application while at Morgan Lewis.

15  If Mr. Kohler was not negligent filing a divisional patent application, which the PTO alleged was

16  missing an element, while at Pennie & Edmonds, his subsequent work addressing that alleged omission

17  cannot be a basis for liability. The arbitration decision would simply eliminate the possibility that Mr.

18  Kohler was in any way negligent while at Morgan Lewis. As such, Morgan Lewis respectfully urges

19  the Court to abate the proceedings in Superior Court pending the outcome of any arbitration.

20          **IV. CONCLUSION**

21    For all the foregoing reasons Defendant MORGAN, LEWIS & BOCKIUS respectfully urges

22  the Court to order it joined with Pennie & Edmonds and Thomas D. Kohler in any arbitration with

23  Landmark. Alternatively, Defendant MORGAN, LEWIS & BOCKIUS respectfully urges the Court to

24  ///

25  ///

26  ///

27  ///

28  ///

DEFENDANT MORGAN & LEWIS AND BOCKIUS' JOINDER TO PENNIE EDMONDS MOTION TO COMPEL ARBITRATION
AND STAY JUDICIAL PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO ABATE ACTION

1 | abate the proceedings in Santa Clara County Superior Court pending the outcome of any arbitration
2 | between Landmark, Pennie & Edmonds and Thomas Kohler.

3 | DATED: July 26, 2006

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Erik P. Weiss
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS AND THOMAS D. KOHLER

8 | EPW.10330480.doc

- 13 -

**CERTIFICATE OF SERVICE**

1

2      I, Jolene F. Devlin, declare:

3      I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4  interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San

5  Francisco, California 94108-5530.

6      On July 26, 2006, I served the following document(s) on the parties in the within action:
   **NOTICE OF JOINDER AND JOINDER TO MOTION TO COMPEL ARBITRATION AND**
7  **STAY JUDICIAL PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO ABATE THE**
   **ACTION PENDING AGAINST MORGAN, LEWIS & BOCKIUS PENDING THE OUTCOME**
8  **OF ARBITRATION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
   **THEREOF**

| | | |
|---|---|---|
| 9, 10, 11 | | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| 12 | X | **BY HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by One Legal, Inc., addressed as follows: |
| 13, 14, 15 | X | **VIA FACSIMILE:** The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| 16 | | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |

17  Clark S. Stone                              Attorney For Plaintiff
18  MacPherson Kwok Chen & Heid, LLP            LANDMARK SCREENS, LLC
    1762 Technology Drive, Suite 226
19  San Jose, CA 95110

20  Michael J. Weaver                           Attorney For Defendant
    Latham & Watkins LLP                        PENNIE & EDMONDS, LLP AND THOMAS D.
21  600 W. Broadway, #1800                      KOHLER
    San Diego, CA 92101-3375

22  Matthew Rawlinson                           Attorney For Defendant
23  Latham & Watkins                            PENNIE & EDMONDS, LLP AND THOMAS D.
    140 Scott Drive                             KOHLER
24  Menlo Park, CA 94025

25      I declare under penalty of perjury under the laws of the State of California that the foregoing is

26  a true and correct statement and that this Certificate was executed on July 26, 2006.

                    By  _Jolene F. Devlin_
27                      Jolene F. Devlin

28

- 14 -