**E-Filed 1/20/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK SCREENS, LLC, a Delaware Limited Liability Company,<br><br>   Plaintiff,<br><br>   v.<br><br>MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership; and THOMAS D. KOHLER, an individual,<br><br>   Defendants. | Case Number C 08-2581 JF (HRL)<br><br>**ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>RE: Docket No. 33 |

## I . BACKGROUND

The instant action arises from patent law services provided to Plaintiff Landmark Screens, Inc. ("Plaintiff") by attorney Thomas Kohler ("Kohler") and the law firms of Pennie & Edmonds LLP ("Pennie & Edmonds") and Morgan, Lewis & Bockius LLP ("Morgan Lewis"). As set forth in a prior order of this Court, Plaintiff alleges that in November 2000, it retained Kohler

---

[1] This disposition is not designated for publication in the official reports.

and Pennie & Edmonds in order to secure patent rights covering its alleged invention of a "revolutionary" outdoor LED billboard. In January of 2002, Pennie & Edmonds and Kohler filed a patent application based on the LED billboard, which was assigned Application No. 10/045,096 ("the '096 application") and has since issued as U.S. Patent No. 6,639,574 ("the '574 patent). In response to certain restrictions on the filing of patents, Pennie & Edmonds and Kohler pursued only certain of the claims under the '096 application, with the rest to be protected under a "divisional application" claiming the same filing date as its parent, the '096. On August 13, 2003, Pennie & Edmonds and Kohler filed the divisional application, which was assigned Application No. 10/640,916 ("the '916 divisional application").

In its First Amended Complaint ("FAC"), Plaintiff alleged that Pennie & Edmonds and Kohler "failed to properly and with due care submit to the PTO the '916 divisional application . . . by . . . (a) failing to include a copy of the specification and drawings with the [application,] . . . ; (b) submitting an obsolete and out of date transmittal letter with the '916 divisional application that failed to contain an incorporation by reference statement concerning the specifications and drawings filed with the '096 application . . . ; and (c) failing to utilize a "postcard receipt" method by which the [U.S. Patent and Trademark Office, "PTO"] could have notified Pennie & Edmonds, Morgan Lewis, and Kohler in a timely manner of the missing portions of the '916 divisional application." The earlier filed '096 application was published in full on July 10, 2003 and issued on October 28, 2003 as the '574 patent. When Pennie & Edmonds dissolved in January 2004, Plaintiff continued to employ Kohler on the matter and retained Kohler's new firm, Morgan Lewis.

Plaintiff alleged that the PTO notified Morgan Lewis and Kohler of the incompleteness of the '916 divisional application on June 22, 2004, but that neither Morgan Lewis nor Kohler informed Plaintiff. In fact, according to Plaintiff, the non-disclosure was intentional and marked the beginning of a "deceptive course" of concealment by Morgan Lewis and Kohler. On August 23, 2004, Morgan Lewis and Kohler filed a petition with the PTO, apparently attempting to convince it to grant the earlier divisional application. The PTO dismissed the petition on November 30, 2004, stating that the relief requested in the petition was not warranted because of

1   a "failure to exercise due care, or lack of knowledge of, or failure to properly apply, the patent
2   statutes or rules of practice."  Accordingly, the PTO deemed the divisional application filed on
3   August 26, 2004, rather than on the January 9, 2002 filing date of the '096 application.  Plaintiff
4   alleged in the FAC that certain "novel and valuable" subject matter became unpatentable
5   because of the later filing date.  Plaintiff further alleged that by letter dated March 29, 2005,
6   Morgan Lewis and Kohler fraudulently misrepresented the nature and import of the previous
7   errors, calling them "clerical" and stating–falsely–that they might be remedied.  Finally, Plaintiff
8   alleged that in a meeting with Kohler in May 2005, Kohler falsely stated that a "senior partner at
9   Morgan Lewis" was taking action on the matter.
10        On November 30, 2005, Plaintiff sued Pennie & Edmonds, Morgan Lewis, and Kohler in
11   the Santa Clara Superior Court, alleging legal malpractice, negligence, and breach of fiduciary
12   duty.  Ten months into the proceedings, on September 26, 2006, the Superior Court stayed the
13   case against Morgan Lewis and Kohler (in Kohler's capacity as a Morgan Lewis partner)
14   pending arbitration of Plaintiff's claims against Pennie & Edmonds and Kohler (in Kohler's
15   capacity as a Pennie & Edmonds partner).  Plaintiff settled those claims in March 2008.  When
16   proceedings in the Superior Court recommenced, Morgan Lewis and Kohler, with new counsel,
17   filed a demurrer on the ground that the Superior Court lacked subject matter jurisdiction because
18   the case required resolution of substantial issues of patent law.  On May 21, 2008, the Superior
19   Court sustained the demurrer without leave to amend.  *See* Pl.'s Opp., Ex. G.
20        On the same day, Plaintiff filed the instant action, alleging legal malpractice (First
21   Claim), negligence (Second Claim), breach of fiduciary duty (Third Claim), breach of an
22   implied contract between himself and Morgan Lewis (Fourth Claim), and actual fraud (Fifth
23   Claim).  Morgan Lewis and Kohler ("Defendants") filed a motion to dismiss on August 8, 2008,
24   arguing that the first four claims were barred by California's special statute of limitations
25   governing legal malpractice claims, Cal. Code Civ. Proc. § 340.6, and therefore failed to state a
26   claim upon which relief might be granted, Fed. R. Civ. P. 12(b)(6).  Defendants also asserted
27   that Plaintiff had failed adequately to plead actual fraud.
28        By an order dated October 2, 2008 ("Order"), the Court granted Defendants' motion to

dismiss with leave to amend in part. The Court held that Plaintiff's first four claims would be barred by § 340.6 unless Plaintiff could plead equitable estoppel with respect to the statute of limitations defense. With respect to Plaintiff's claim for actual fraud, the Court concluded that the complaint had not alleged a clear causal connection between Defendants' alleged wrongdoing and the damages allegedly sustained by Plaintiff. Accordingly, the Court directed Plaintiff to "allege in substantially greater detail what it would have done had it known the concealed facts, and what patent rights it would have secured." Order at 16:25-17:2. The Court also identified what appeared to be relatively minor defects with respect to Defendants' alleged intent to induce Plaintiff's inaction or reliance.

On November 3, 2008, Plaintiff filed its Second Amended Complaint ("SAC"). On December 1, 2008, Defendants filed the instant motion to dismiss the SAC, arguing that (1) Plaintiff still has not pled facts capable of supporting an equitable estoppel, (2) Plaintiff's claim for actual fraud is no more than an impermissible recharacterization of its legal malpractice claims, and accordingly should be barred by the same limitations period applicable to those claims, and (3) even if timely, Plaintiff's allegations of fraud still fail to state a claim upon which relief may be granted. As explained below, it is apparent that Plaintiff cannot plead facts capable of supporting an equitable estoppel with respect to the statute of limitations defense. Accordingly, Plaintiff's first, second, third, and fourth claims will be dismissed without leave to amend. However, because Plaintiff adequately has alleged a claim for fraudulent concealment, Defendants' motion will be denied with respect to that claim.

## II. LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)

A complaint may be dismissed for failure to state a claim upon which relief may be granted for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his

4

1 claim that would entitle him to relief." *Clegg*, 18 F.3d at 754.  In addition, leave to amend must
2 be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.
3 *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).  Conversely, dismissal may be
4 ordered with prejudice when amendment would be futile.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th
5 Cir. 1996).

### III. DISCUSSION

**A.   Equitable estoppel**

Four elements must be established for the doctrine of equitable estoppel to apply: "(1) [T]he party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury." *Honig v. San Francisco Planning Dept.*, 127 Cal. App. 4th 520, 529 (2005).  In its opposition to Defendants' previous motion, Plaintiff argued that Defendants led it to believe they would not challenge the Superior Court's subject matter jurisdiction, but that they intentionally did so after the applicable statute of limitations had run.  However, because Plaintiff had failed in its original complaint to plead any facts supporting this theory, the Court declined to address it. The Court did observe that (1) subject-matter jurisdiction may be raised at any time, (2) "Defendants cannot be equitably estopped from availing themselves of that right," Order at 10:18-24, and thus (3) "Defendants' mere failure to raise a defect in subject matter jurisdiction is not a proper ground for equitable estoppel," *id*.  However, given the liberal standard with respect to the amendment of pleadings, the Court granted Plaintiff an opportunity to allege facts supporting an estoppel.

In the SAC, Plaintiff now alleges the following: (1) Defendants failed to raise the issue of subject-matter jurisdiction in their respective answers in the Superior Court proceedings, SAC ¶ 64-65; (2) on April 25, 2006, Plaintiff sent a letter to Defendant Kohler's counsel, with a copy to Morgan Lewis's then-counsel, requesting an early determination on the issue of the Superior Court's subject-matter jurisdiction, but Defendants failed to raise the issue even when asked

through special and form interrogatories about possible affirmative defenses, *id*. ¶¶ 68-72; (3) Defendants "availed themselves of the Superior Court's jurisdiction" by requesting that the court compel arbitration of certain of Plaintiff's claims, *id*. ¶¶ 73-74; (4) Defendants first raised the issue of subject-matter jurisdiction in the Superior Court in April 2008, long after the limitations period had run, *id*. ¶ 83; and (5) during argument on Defendants' demurrer for lack of subject-matter jurisdiction, Defendants knowingly misrepresented to the Superior Court that Plaintiff freely could pursue its claims in federal court, *id*. ¶¶ 85-86.

Defendants argue that the foregoing allegations fail to satisfy the elements of equitable estoppel because (1) "knowledge of the law" is not a fact subject to estoppel, (2) Plaintiff fails to allege actionable "affirmative conduct," such as a "deliberate lie" or a "pattern of false promises," (3) Defendants never had knowledge superior to Plaintiff's with respect to possible infirmities in the Superior Court's subject matter jurisdiction, and (4) Plaintiff's alleged reliance on any purported conduct or representations was unreasonable because subject-matter jurisdiction cannot be conferred by agreement of the parties.

With respect to whether Plaintiff has alleged conduct sufficient to justify an estoppel, there is no requirement that the relevant conduct be "affirmative," and silence may suffice under certain circumstances. *See, e.g., Skulnick v. Roberts Express, Inc.*, 2 Cal. App. 4th 884, 891 (1992) ("The object of equitable estoppel is to prevent a person from asserting a right which has come into existence by contract, statute or other rule of law where, because of his *conduct, silence or omission*, it would be unconscionable to allow him to do so." (quotation marks and citation omitted) (emphasis added)); *see also Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 652 (2003).[2]  However, "silence as the basis for estoppel usually requires a showing of special

---

[2] Defendants cite *Knowles v. Pac. Gas & Elec. Co.*, No. C 07-2284 CW, 2008 WL 2705097, at *4 (N.D. Cal. July 8, 2008) and *Diaz v. Safeway Inc.*, 2007 WL 2793367, at *5 (N.D. Cal. Sept. 26, 2007) for the proposition that equitable estoppel requires affirmative conduct in all instances. However, that rule, as articulated in *Diaz* and repeated in *Knowles*, rests on a mistaken reading of *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir.2001). The *Socop* rule imported by *Diaz* and *Knowles* applies only to assertions of equitable estoppel against the federal government. *See Mukherjee v. INS*, 793 F.2d 1006, 1008 (9th Cir. 1986) (explaining that equitable estoppel may be asserted against a non-governmental party who intentionally has

circumstances, such as a confidential or fiduciary relationship or an undertaking to provide advice by one who claims to be informed and knowledgeable in the matter." *Moore v. State Board of Control*, 112 Cal. App. 4th 371, 385 (2003) (citing *Driscoll v. City of Los Angeles*, 67 Cal. 2d 297, 308 (1967)). Indeed, "[i]t is settled that when the party to be estopped does not say or do anything, its silence and inaction may support estoppel only if it had a duty to speak or act under the particular circumstances." *Feduniak v. California Coastal Comm'n*, 148 Cal. App. 4th 1346, 1362 (2007). At most, Plaintiff alleges that Defendants remained silent on the issue of subject-matter jurisdiction despite Plaintiff's stated concern with respect to that issue. Plaintiff does not allege any special circumstance or relationship that would render Defendants' silence a form of conduct subject to estoppel.

Plaintiff also cannot show that its reliance on Defendants' alleged conduct was reasonable. As the Court observed in its prior order, subject-matter jurisdiction implicates the court's very power to adjudicate the rights of the parties, and may be raised at any time, either by a party or by the court acting *sua sponte*. *See Miranda v. 21st Century Ins. Co.*, 117 Cal. App. 4th 913, 920 (2004); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). "Where a court is wholly lacking in jurisdiction of the subject matter of an action, jurisdiction may not be conferred by consent, waiver, agreement, acquiescence, or estoppel." *Totten v. Hill*, 154 Cal. App. 4th 40, 47 (2007) (quoting *Chromy v. Lawrance*, 233 Cal. App. 3d 1521, 1524 (1991)). Even assuming without deciding that an express promise that a party would not raise the absence of subject-matter jurisdiction could excuse a failure to file a timely action in the proper forum, no such promise is alleged here. Accordingly, the four legal malpractice claims will be dismissed as untimely.

---

*concealed* material facts, but that "[a] party asserting estoppel against the federal government must . . . . [show] affirmative misconduct"). The Ninth Circuit in *Socop* merely omitted mention of this limitation on the "affirmative conduct" rule–presumably because *Socop* itself involved an assertion of equitable estoppel against the government–but in no way expanded the clear holding of *Mukherjee*, upon which the court based its statement of the rule. *See Socop*, 272 F.3d at 1185 (citing *Mukherjee*, 793 F.2d at 1008-09 for "affirmative misconduct" rule).

B.     **Actual Fraud Claim**

Plaintiffs' fraud claim primarily is one for fraudulent concealment, which is a "species" of actual fraud. *Blickman Turkus, LP v. MF Downtown Sunnyvale*, LLC, 162 Cal. App. 4th 858, 868 (2008). A claim for fraudulent concealment requires (1) concealment or suppression of a material fact; (2) a duty to disclose; (3) intentional concealment with the intent to defraud, i.e., to induce reliance; (4) actual, justifiable reliance; and (5) resulting damages. *Blickman Turkus*, 162 Cal. App. 4th at 868 (citing *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13 (1992)); *see also OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 854-75 (2007).

In its previous order, the Court concluded that Plaintiff adequately had alleged: (1) Defendants' concealment of material facts; (2) Defendants' duty to disclose those facts; and (3) Plaintiff's actual and justifiable "reliance" on Defendants' concealment of material facts.[3] The Court directed Plaintiff to amend its complaint with respect to (1) Defendants' intent to induce Plaintiff to rely on the alleged concealment, and (2) the causal link between the alleged concealment and Plaintiff's alleged damages. Defendants now urge dismissal of Plaintiff's fraudulent concealment claim on two grounds: first, that the fraud claim is no more than a recharacterization of Plaintiff's attorney malpractice claims, and therefore should be subject to the same statute of limitations; and second, that Plaintiff has failed to explain "what *effect* each of the[e] specific steps [it alleges] would have had at the PTO." Defs.' Mot. at 20:8-9.[4]

---

[3] Plaintiff continues to allege that certain conduct by Defendants amounts to fraudulent misrepresentation. *See* SAC ¶¶ 51-54. In its prior order, the Court expressed skepticism as to whether Plaintiff could state a claim for affirmative fraud because the relevant alleged misrepresentations occurred after the purported loss of Plaintiff's patent rights. *See* Order at 16 n.12. Echoing statements in its last set of opposition papers, Plaintiff appears to recognize that its allegations of affirmative fraud are not independently actionable. *See* Pl.'s Opp. at 12:15-13:2. However, the Court agrees with Plaintiff that those allegations bear upon Defendants' state of mind with respect to their alleged concealment of material facts prior to and during 2004, when the patent rights in question allegedly were lost.

[4] In dismissing the intentional fraud claim with leave to amend, the Court expressed relatively minor concerns with respect to allegations of Defendants' intent to induce reliance. *See* Order at 13:14-14:8 (noting that the complaint "plausibly could [be] read . . . to suggest that

**1.      Purported recasting of malpractice claims**

As both parties acknowledge, and as the Court stated in its previous order, the one-year limitations period contained in § 340.6 does not apply to claims of "actual fraud." Defendants assert that because Plaintiff's claims arise out of the same set of facts and resulted in the same alleged damages, the fraudulent concealment claim is no more than a re-labeled version of the legal malpractice claims and should be subject to the same statute of limitations. They suggest that "if [Plaintiff's] allegations state a case for actual fraud, then almost any legal malpractice claim may be converted to a potential fraud cause of action whenever the lawyer does not immediately call the client and say a mistake had been made in the provision of legal services," Defs.' Mot. to Dismiss, at 16:22-24. Defendants argue that sound principles of statutory construction compel the result they urge.

In support of their recasting argument, Defendants rely on *Kracht v. Perrin, Garland & Doyle*, 219 Cal. App. 3d 1019, 1022 (1990), in which the court held that a claim for *constructive fraud* in fact alleged no more than attorney malpractice. But as their reliance on *Kracht* confirms, Defendants mistakenly conflate intentional and constructive fraud. In its previous order, the Court read the complaint to allege that Defendants not only committed constructive fraud or made negligent misrepresentations but also engaged in a course of *intentional* fraudulent concealment. *See* Order at 12:2-16:2; *see also* SAC ¶¶ 4, 26, 29, 30, 43, 51, 52, 54, 57, 58, 113-17. Courts have explained that § 340.6 was intended to exclude actual fraud "because 'constructive fraud may arise from a fiduciary breach regardless of the attorney's intent or motive.'" *Stoll v. Superior Court*, 9 Cal. App. 4th 1362, 1368 (1992) (quoting legislative history of § 340.6 cited in Ronald E. Mallen, *Panacea or Pandora's Box? A Statute of Limitations for Lawyers*, 52 CAL. ST. B.J. 22, 77 n.43 (Jan./Feb. 1977)); *see also Quintilliani v. Mannerino*, 62 Cal. App. 4th 54, 69-70 (1998) (observing that "the exception for actual fraud in

---

Defendants *intended* to induce Plaintiff to extend Defendants' legal services agreement," and that "clear allegations that Defendants *intended* to induce such reliance would be sufficient"). The SAC contains allegations that allay the Court's concerns, *see* SAC ¶¶ 30, 43, 54, 113-17, and Defendants implicitly recognize the adequacy of these allegations by failing to address them in their papers.

§ 340.6 was intended to apply to intentional fraud, not constructive fraud resulting from negligent misrepresentation"). "The difference between actual fraud and constructive fraud is primarily the type of conduct which may be treated as fraudulent." *Estate of Gump*, 1 Cal. App. 4th 582, 601 (1991). While a constructive fraud claim "allows relief for negligent omissions constituting breach of duty in a confidential relationship," *Tyler v. Children's Home Society*, 29 Cal. App. 4th 511, 548 (1994), a claim for actual fraud must be premised on an intentional misrepresentation or omission of material fact, *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006). Because the SAC contains allegations that, if proved, would amount to intentional fraudulent concealment, § 340.6's one-year limitations period does not apply.

Defendants' reliance on *Jackson v. Rogers & Wells*, 210 Cal. App. 3d 336 (1989) is similarly misplaced. In *Jackson*, as in *Kracht*, the court held that the plaintiff's allegations of fraud in reality stated only a legal malpractice claim. The court's holding, however, rested on its conclusion that "[t]he conduct alleged, [such as] representations regarding evidence and the state of the law, evaluations of the probability the client would prevail in the action, and allocation of resources to the client's case, all constitute 'judgment calls' within the scope of the attorney's legal representation of the client." *Id*. at 346. In contrast to such "judgment calls," fraud "is a distinct wrong and is no more a necessary incident to the rendition of legal services than dishonesty is to any other profession. The avoidance of fraudulent conduct requires no special skill or knowledge, but only basic precepts of honesty and integrity." Ronald E. Mallen & Jeffrey Smith, *Legal Malpractice* § 8.10 (2008 ed.). In the instant case, Plaintiff does not merely allege a series of poor "judgment calls" giving rise to constructive fraud, but that Defendants systematically suppressed material information and engaged in a calculated course of deception. Factual overlap between the allegations supporting Plaintiff's legal malpractice claims and its concealment claim does not somehow purge the element of fraud from the latter.

In further support of their recasting argument, Defendants argue that Plaintiff's intentional fraud claim should be subject to § 340.6's one-year limitations period because the damages allegedly flowing from that claim are not "separate and distinct" from those caused by Defendants' alleged legal malpractice. Defendants cite no authority for this proposition, and

10

Case No. C 08-2581 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC3)

courts may treat as distinct claims that give rise to identical damages. *See, e.g.*, *Snow v. A.H. Robins Co.*, 165 Cal. App. 4d 120, 133 (1985) (holding that Plaintiff's negligence claim was time-barred but that plaintiff's fraud claim was not, and stating that "plaintiff is entitled to assert different causes of action based on different causes in fact. Plaintiff's allegation of fraudulent concealment is not simply another legal theory in which to frame her claim for injuries . . . . It is a separate and distinguishable claim of a tort resulting in the same injury she claims to have suffered as a result of defendant's negligent design and manufacture").[5]

Finally, Defendants argue that principles of statutory construction require dismissal of Plaintiff's fraud claim in light of the tolling provision contained in § 340.6(a)(3), which provides for equitable tolling where "[t]he attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney." Defendants argue that subsection (a)(3)–which applies only to claims of non-fraudulent legal practice–contemplates precisely the sort of conduct alleged by Plaintiff under the heading of fraudulent concealment, and would be rendered meaningless if claims such as Plaintiff's were allowed to proceed. As an initial matter, the Court observes that this argument appears nowhere in Defendants' papers in support of their previous motion to dismiss, in their opening brief in support of the instant motion, or even in their reply in support of the latter. Instead, Defendants not only raised but prominently featured this theory for the first time at oral argument on the instant motion.

Turning to the merits of Defendants' argument, it is apparent that subsection (a)(3) does not pertain at all to the one-year limitations period in § 340.6, but only to the four-year limitations period. With the latter, the legislature responded to concerns "that a rule of delayed

---

[5] Defendants frame the foregoing arguments through the so-called primary rights theory, which directs courts to ascertain the "gravamen" of a claim and to recharacterize the claim as appropriate. *See* Defs.' Mot. at 14:18-15:22. Defendants recite the general rule that the "'gravamen' approach applies to determining what statute of limitations should apply to any given claim." *Id*. at 15:15-19 (citing *Hensler v. City of Glendale*, 8 Cal. 4th 1, 22 (1994)). Section 340.6, however, is the only statute of limitations that might apply in this case, and as its plain language and the case law make clear, it does not apply to claims of intentional fraud. A court cannot simply ignore properly pled allegations of intentional fraud merely because the fraud arises from legal malpractice. As explained at length above, fraud is a distinct wrong and must be treated as such.

Case No. C 08-2581 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC3)

accrual pending discovery could operate unfairly *against* legal malpractice *defendants* by extending the limitations period indefinitely." *Samuels v. Mix*, 22 Cal. 4th 1, 24 (1999) (Baxter, J., dissenting) (citing *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 192-93 & n.32 (1971)) (emphasis in original). Subsection (a)(3) therefore merely deprives defendants of the benefit of the four-year "cut-off" statute when they conceal acts of malpractice from the plaintiff. It is of little value in ascertaining the relationship between fraudulent concealment and the actual fraud exception.

Second, "[D]efendant[s] place[] too much emphasis on the term 'willful.'" *Kwan v. Mercedes-Benz of North America, Inc.*, 23 Cal. App. 4th 174, 183-84 (1994). Specifically, the California courts have explained that

> [i]n civil cases, the word 'willful,' as ordinarily used in courts of law, does not necessarily imply anything blamable, or any malice or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done or omitted to be done was done or omitted intentionally. *It amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent*.

*Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 12 (1994) (quotation marks and citation omitted); *see also Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 894 (1989) (observing same); *May v. New York M. Picture Corp.*, 45 Cal. App. 396, 404 (1920). By contrast, fraudulent concealment "amounts to [far] more" than merely "conscious" nondisclosure. The language of subsection (a)(3) thus evinces no intent to exclude fraudulent concealment from the definition of actual fraud.

Finally, Defendants' theory would contradict the settled principle that fraudulent concealment of the kind alleged by Plaintiff *is* actual fraud. *See Stevens v. Superior Court*, 180 Cal. App. 3d 605, 608-09 (1986) (holding that actual fraud includes the "intentional concealment of a material fact."); *Barder v. McClung*, 93 Cal. App. 2d 692, 697 (1949) ("The suppression of that which is true, by one having knowledge or belief of the fact, is actual fraud."); *see also Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 291 (2004) ("Active concealment or suppression of facts by a nonfiduciary 'is the equivalent of a false representation, i.e., actual fraud.'" (citing 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, §

Case No. C 08-2581 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC3)

678)); *Koch v. Williams*, 193 Cal. App. 2d 537, 541 (1961) (holding that suppression of material facts in a real property transaction constitutes actual fraud); *Davey v. Watson*, No. G031454, 2004 WL 1689796, at *5 (Cal. App. 4th Dist. July 29, 2004) ("Fraudulent concealment . . . is a type of actual fraud."). Undoubtedly, there will be cases in which a claim for fraudulent concealment merely restates allegations of legal malpractice and, with respect to subsection (a)(3), amounts to no more than "willful concealment." However, considering the actual allegations of the SAC and the liberal pleading standard on a Rule 12(b)(6) motion, the Court cannot say at this stage of the litigation that this is such a case.

### 2.    Sufficiency of allegations

In response to the Court's direction that Plaintiff allege in greater detail what it would have done had it known of the alleged fraud and what patent rights it would have secured, the operative pleading now alleges that with full and timely notification of the incomplete nature of the '916 divisional application, and of the June 22, 2004 notice from the PTO, Plaintiff would have taken at least the following steps: (1) submitting the missing portions of the '916 divisional application to the PTO prior to July 10, 2004 (one year from the date of publication of the '096 application); (2) submitting a new patent application prior to July 10, 2004 covering the patent rights claimed in the '916 divisional application; (3) filing an effective petition in response to the June 22, 2004 notice prior to July 10, 2004; and (4) filing an effective petition in response to the June 22, 2004 notice after July 9, 2004 but prior to August 24, 2004. *See* SAC ¶¶ 35-42. With respect to what patent rights it would have secured by taking the foregoing steps, Plaintiff alleges it would have obtained coverage for the following inventions claimed in the '916 divisional application: (1) methods for displaying an image on a four-color LED display; (2) methods for displaying an image on an LED display, including calibrating a workstation display and transferring an image to an LED display over a computer network; (3) a fault-tolerant method for displaying images on an LED display; and (4) a four-color LED display system. *See* SAC ¶ 46.

Apparently conceding that Plaintiff adequately has alleged the steps it would have taken had it known of the alleged fraud, Defendants argue that the allegations do not satisfy the

particularity requirements of Federal Rule of Civil Procedure 9(b) in that they fail to explain "what *effect* each of these specific steps would have had at the PTO." Defs.' Mot. at 20:9. Rule 9(b), however, "applies [only] to the specifics of alleged misrepresentations[;] . . . the notice pleading requirements of Rule 8 apply to other aspects of" a fraud claim. *Anthony v. Yahoo Inc.*, 421 F. Supp. 2d 1257, 1264 (N.D. Cal. 2006) (quoting *Indiana Bell Telephone Co. v. Ward*, No. IP 02-170-C H/K, 2002 WL 32067296, at *3 (S.D. Ind. Dec. 6, 2002)). Plaintiff clearly alleges what patent coverage it would have obtained had it taken the indicated steps, and the issue of what, precisely, the PTO would have "done" is a matter to be proven through evidence presented at trial. The allegations in the operative pleading respond fully to the Court's instructions in its prior order, and the Court thus concludes that Plaintiff adequately has pled a claim for fraudulent concealment.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted with respect to Plaintiff's first, second, third, and fourth claims. Because Plaintiff is unable successfully to plead equitable estoppel–the only means by which its untimely claims might have been saved–leave to amend will be denied on the ground that amendment would be futile.[6] However, as explained above, Plaintiff adequately has pled a claim for fraudulent concealment, and Defendants' motion will be denied with respect to that claim.

**IT IS SO ORDERED.**

---

[6] In assessing whether Plaintiff should be given leave to amend, a court ordinarily must consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party[,] and futility of the proposed amendment." *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993) (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (providing factors constraining district court's discretion to deny leave to amend). These factors, however, are "not given equal weight . . . , [and] futility of amendment can, by itself, justify the denial of . . . leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

1  DATED: 1/20/09

                                                                                              JEREMY FOGEL
                                                                                              United States District Judge

15

Case No. C 08-2581 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC3)

This Order has been served upon the following persons:

| | |
|---|---|
| Clark S. Stone | cstone@macpherson-kwok.com, efile@macpherson-kwok.com |
| Courtney Towle | ctowle@kvn.com, efiling@kvn.com, sgiminez@kvn.com |
| Edward John McIntyre | emcintyre@swsslaw.com, dpierson@swsslaw.com |
| Elliot Remsen Peters | epeters@kvn.com, aap@kvn.com, efiling@kvn.com |
| Inchan Andrew Kwon | ikwon@macpherson-kwok.com |
| Steven Mark Levitan | slevitan@macpherson-kwok.com, efile@macpherson-kwok.com |
| Steven Paul Ragland | sragland@kvn.com, efiling@kvn.com, jwinars@kvn.com |
| Wendy Jill Thurm | wthurm@kvn.com, efiling@kvn.com, llind@kvn.com, pwm@kvn.com |
| William N. Kammer | wkammer@swsslaw.com, rtang@swsslaw.com |