CLARK S. STONE (SBN 202123)
STEVEN M. LEVITAN (SBN 148716)
JASON M. GONDER (SBN 257522)
INCHAN A. KWON (SBN 247614)
**HAYNES AND BOONE, LLP**
2033 Gateway Place, Suite 400
San Jose, California 95110
Phone: (408) 392-9250
Facsimile: (408) 392-9262
clark.stone@haynesboone.com
steve.levitan@haynesboone.com
jason.gonder@haynesboone.com
inchan.kwon@haynesboone.com
Attorneys for Plaintiff
LANDMARK SCREENS, LLC

ELLIOT R. PETERS (SBN 158708)
WENDY J. THURM (SBN 163558)
STEVEN P. RAGLAND (SBN 221076)
JOHN E. TRINIDAD (SBN 250468)
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, California 94111
Phone: (415) 391-5400
Facsimile: (415) 397-7188
epeters@kvn.com
wthurm@kvn.com
sragland@kvn.com
jtrinidad@kvn.com
Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP and
THOMAS D. KOHLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK SCREENS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br><br>MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership and THOMAS D. KOHLER, an individual,<br><br>Defendants. | Case No: 5:08-cv-2581 JF (HRL)<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL DISCOVERY MATERIALS** |

**STIPULATED PROTECTIVE ORDER—Case No. 5:08-cv-2581 JF (HRL)**

1  This action is likely to involve discovery of documents and testimony containing trade secrets and other confidential research, development, financial, and commercial information of the parties to this action and third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party. This Order is necessary to protect the legitimate business interests of the disclosing parties in such information, and good cause exists for the entry of this Order.

Therefore, pursuant to Rule 26 of the Federal Rules of Civil Procedure, discovery taken in the above-captioned case shall be conducted subject to this Stipulated Protective Order Concerning Confidential Discovery Materials (the "Protective Order"):

1. Any party or non-party that is called upon to provide discovery in this action may designate any document, electronically stored information, testimony, discovery request, discovery response, motion, filing with the Court, thing, or any portion thereof (collectively, "Discovery Materials"), produced by any party or non-party, as CONFIDENTIAL under the terms of this Protective Order.

2. A party or non-party may designate as CONFIDENTIAL any Discovery Materials that it reasonably and in good faith believes contain or reflect confidential material, including without limitation those materials identified in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any materials that the party or non-party reasonably and in good faith believes are not public.

3. Discovery Materials containing CONFIDENTIAL information as defined herein shall be so designated by labeling the Discovery Materials (on each page for multi-page documents or, in the case of computer disc, tape, or other media, on the cover of each disc, tape, or other media) with the legend "CONFIDENTIAL". Except as otherwise

1  agreed by the parties, such marking shall be done before such Discovery Materials are
2  reproduced, made available for inspection, served, or filed with the Court.

3      4.    For testimony given in deposition, the party or non-party offering or
4  sponsoring the testimony shall identify on the record, before the close of the deposition, any
5  portions of the testimony that qualify as CONFIDENTIAL. When it is impractical to identify
6  separately each portion of testimony that is entitled to protection, and when it appears that
7  substantial portions of the testimony may qualify for protection, the party or non-party that
8  sponsors, offers, or gives the testimony may invoke on the record (before the deposition or
9  proceeding is concluded) a right to have up to 20 days to identify the specific portions of the
10 testimony as to which protection is sought. Only those portions of the testimony that are
11 appropriately designated for protection within the 20 days shall be covered by the provisions of
12 this Protective Order. Transcript pages containing CONFIDENTIAL Discovery Materials must
13 be separately bound by the court reporter, who must affix to the top of each such page the
14 legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the
15 witness or presenting the testimony.

16     5.    Testimony or information offered at a conference or hearing may be
17 designated as CONFIDENTIAL by making a statement to that effect on the record during the
18 conference or hearing. Alternatively, if no such statement of designation is made, a party
19 wishing to designate in whole or in part the conference or hearing, and any transcript or
20 recording thereof, as CONFIDENTIAL shall notify all other parties in writing of such
21 designation, within FIVE (5) business days of such conference or hearing. The parties may
22 modify the procedures in this paragraph by mutual agreement without further order of this
23 Court.

24     6.    Discovery Materials designated as CONFIDENTIAL, and any
25 summaries, abstracts, or documents derived from such Discovery Materials, shall be used by
26 the parties solely in connection with this litigation, and not for any business, competitive, legal,
27 or governmental purpose or function, including in connection with any application pending
28

before the U.S. Patent & Trademark Office or other patent office, and such Discovery Materials shall not be disclosed to anyone except as provided herein.

7. Unless otherwise ordered by the Court, Discovery Materials designated CONFIDENTIAL that are produced pursuant to this Protective Order may be disclosed or made available only to outside counsel for the parties, and to the parties and/or officers, members, directors, and employees of the parties to whom access to CONFIDENTIAL Discovery Materials is reasonably necessary for the purpose of this litigation, including the professional, paralegal, clerical, secretarial or other employees thereof, and to the "qualified persons" designated below:

    a. this Court, any juror, any court reporter, or videographer employed in this action, or any other entity or person authorized by this Court or required by law;

    b. any commercial copy service, translator, or data entry and computer support organization hired by and assisting counsel for a party; and

    c. any outside expert or consultant (together with his/her staff), including outside counsel not of record, retained to assist in the prosecution or defense of this action or any exhibit preparation service (together with its staff) retained to prepare exhibits, subject to the terms of Paragraph 8.

8. Any outside expert or consultant, including any outside counsel not of record, to whom a party desires to disclose CONFIDENTIAL Discovery Materials pursuant to Paragraph 7, shall sign a CONFIDENTIALITY UNDERTAKING in the form attached hereto as Exhibit A prior to any such disclosure.

9. In the event any party or any other individual authorized under this Protective Order to receive CONFIDENTIAL Discovery Materials is served with a subpoena or other judicial process demanding the production or disclosure of any Discovery Materials designated CONFIDENTIAL, such party or individual shall: (a) provide all parties with a copy of such subpoena or other judicial process promptly, but under no circumstances later than the earlier of FIVE (5) business days following receipt thereof or THREE (3) business days prior to

1  the return date of such subpoena or other judicial process; and (b) cooperate with the parties to
2  protect any CONFIDENTIAL Discovery Materials from production or disclosure.

3        10.    Nothing herein is intended in any way to restrict the ability of the
4  receiving party to use CONFIDENTIAL Discovery Materials produced to it in examining or
5  cross-examining any current or former employee, expert, consultant of the producing party,
6  witness to any of the events at issue, or any person who authored, received, or is a named
7  recipient of the CONFIDENTIAL Discovery Materials.

8        11.    Nothing herein shall impose any restrictions on the use or disclosure by a
9  party of Discovery Materials obtained by such party independent of discovery from another
10 party in this action, whether or not such Discovery Materials are also obtained through
11 discovery in this action. Nor shall this Protective Order restrict the use or disclosure of
12 Discovery Materials that: (a) are in the public domain at the time of the use or disclosure
13 (unless the particular collection of public documents or information is otherwise protectable);
14 or (b) become part of the public domain through no fault of the receiving party. The receiving
15 party shall bear the burden of proving the applicability of any of the foregoing conditions.

16       12.    The Stipulation and Protective Order entered in Case No. 1-05-CV-
17 053568 by the Santa Clara County Superior Court shall continue to govern materials and
18 information produced pursuant to such Stipulation and Protective Order.

19       13.    Pursuant to Local Rule 79-5 of the U.S. District Court for the Northern
20 District of California, no Discovery Materials designated CONFIDENTIAL under this
21 protective order may be filed under seal with the Court, unless the Court, on the submitting
22 party's Administrative Motion (regardless of whether the Discovery Materials were originally
23 produced by the submitting party, a non-submitting party, or a non-party) that establishes that
24 the Discovery Materials are privileged or protectable as a trade secret or otherwise entitled to
25 protection under the law, issues an Order that authorizes the sealing of the particular Discovery
26 Materials. If such an Order is issued, Discovery Materials designated CONFIDENTIAL filed
27 with this Court shall be filed only in sealed envelopes or containers bearing the caption of this
28 action and a statement substantially in the following form:

STIPULATED PROTECTIVE ORDER—Case No. 5:08-cv-2581 JF (HRL)

4

|   |   |
|---|---|
| 1 | **CONFIDENTIAL** |
| 2 | This envelope (or container) contains Discovery Materials filed in this action by [name of party] pursuant to the Protective Order entered _____, 2009, and is not to be opened nor the contents thereof displayed or revealed except to counsel of record in this action and the Court unless a Court Order or Stipulation signed by counsel for the producing party provides otherwise. |

Discovery Materials so designated shall be maintained as CONFIDENTIAL by the Clerk of this Court pending final disposition of this action, and said Discovery Materials shall be released only upon further Order of this Court.

14. All Discovery Materials filed in, lodged with, or delivered to this Court that are marked in compliance with Paragraph 13 shall be maintained under Seal and shall not be disclosed or displayed, except as provided herein or as ordered by this Court.

15. If CONFIDENTIAL Discovery Materials produced in accordance with this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately bring all facts pertinent to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the party that produced the Discovery Materials, shall make all reasonable efforts to prevent any further disclosure by it or by any person who received such Discovery Materials.

16. The provisions of this Protective Order shall govern discovery and all pre-trial proceedings related to this action.

17. In the event that any CONFIDENTIAL Discovery Materials are used in any Court proceeding in this action, they shall not lose their CONFIDENTIAL status through such use, and the party using such Discovery Materials shall take all steps reasonably available to protect their confidentiality during such use.

18. This Protective Order is entered solely for the purpose of facilitating the exchange of Discovery Materials and protecting the confidential information and trade secrets of the parties without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any Discovery Materials under the terms of this

Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed: (a) to have the effect of an admission or waiver by any party; (b) to alter the confidentiality or nonconfidentiality of any Discovery Materials; or (c) to alter any existing obligation of any party.

19. If timely corrected upon actual notice, an inadvertent failure to designate Discovery Materials as CONFIDENTIAL does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such materials. If Discovery Materials are appropriately designated CONFIDENTIAL after the materials were initially produced, the receiving party on timely receipt of properly labeled Discovery Materials, shall promptly return to the designating party's counsel or destroy all unmarked Discovery Materials (and any copies that may have been made). The receiving party shall, to the extent reasonably possible, cooperate in restoring the confidentiality of such inadvertently produced Discovery Materials and shall make reasonable efforts to assure that the materials are thereafter treated in accordance with the provisions of this Protective Order.

20. The inadvertent production of CONFIDENTIAL Discovery Materials without a proper designation shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the receiving party is notified and properly marked Discovery Materials are supplied as provided herein promptly after discovery of the inadvertent disclosure.

21. If a producing party inadvertently discloses information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of the inadvertent disclosure so advise the receiving party in writing and request that the item or items of information be returned, and if that request is made, no party to this action shall assert that the disclosure waived any privilege or immunity. The receiving party shall return or destroy the inadvertently produced item or items of information, and all copies and derivations, within FIVE (5) business days of the earlier of (a) discovery by the receiving party of the inadvertent production, or (b) the receiving party receiving a written request for the return of the

STIPULATED PROTECTIVE ORDER—Case No. 5:08-cv-2581 JF (HRL)

6

Case 5:08-cv-02581-JF Document 52 Filed 04/27/2009 Page 8 of 12

information. The party having returned the inadvertently produced item or items of information may thereafter seek production of the information or otherwise challenge the producing party's assertion of privilege or protection. But the inadvertent production of privileged or otherwise protected Discovery Materials cannot be a basis for seeking production.

22. This Protective Order shall survive the final termination of this action to the extent that the information contained in CONFIDENTIAL Discovery Materials is not or does not become known to the public, and this Court shall retain jurisdiction for a period of six months after final termination of this action in order to enforce the terms of this Protective Order. Within SIXTY (60) days of final termination of this action and all appeals, each party subject to this Protective Order and/or its representatives shall either destroy and certify the destruction of, or return to the producing party or non-party, all the producing party's or non-party's CONFIDENTIAL Discovery Materials, and any copies of such Discovery Materials. Outside counsel, however, may retain for their files copies of pleadings, deposition testimony and exhibits, trial testimony and exhibits, admissions, answers to interrogatories, attorney work-product, and documents contained within individual attorneys' working files as counsel deems necessary to preserve an accurate record of the proceedings.

23. Any and all disputes between the parties regarding the interpretation or enforcement of this Protective Order or any other issue related to the disclosure or protection from disclosure of any Discovery Materials designated CONFIDENTIAL shall be submitted to this Court for a binding ruling. This paragraph expressly acknowledges the right of any party to apply to this Court to have any Discovery Materials that have been designated CONFIDENTIAL released from the protection of this Protective Order. No party, however, shall be obligated to challenge the propriety or correctness of the other party's designation of Discovery Materials as CONFIDENTIAL at any particular time, and a failure to do so shall not preclude a subsequent challenge to such designation. Before making such an application, any party or non-party must notify all parties and/or the non-party provider of its intention to seek the removal of the CONFIDENTIAL designation from said Discovery Materials and provide the specific identities of the Discovery Materials (including document numbers where

applicable or other identifying information). The parties shall meet and confer within THREE (3) business days of receiving such notice. Only if agreement cannot be reached should a motion be filed with the Court. In proceeding on any application, the party making the designation shall have the burden of sustaining it. Until agreement is reached by the parties or an Order of the Court is issued changing the designation, all Discovery Materials about which a disagreement exists shall be treated as originally designated.

24. Any party bound by this agreement who receives CONFIDENTIAL Discovery Materials agrees to take all reasonable precautions in handling the materials to maintain their confidentiality. For example, employees of a party who require access to CONFIDENTIAL Discovery Materials pursuant to Paragraph 7 must take all reasonable precautions to make CONFIDENTIAL Discovery Materials inaccessible to employees who do not require access to CONFIDENTIAL Discovery Materials pursuant to Paragraph 7.

25. Nothing in this Protective Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Discovery Materials, or relief from this Protective Order with respect to particular Discovery Materials designated as CONFIDENTIAL hereunder.

26. When a time specified herein is TEN (10) days or fewer, such time shall mean business days (*i.e.*, excluding any intermediate Saturday, Sunday, or "legal holiday" as defined by Rule 6(a)(4) of the Federal Rules of Civil Procedure). When a time specified herein is ELEVEN (11) days or more, such time shall mean calendar days.

27. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interests of justice.

///
///
///
///
///
///

**STIPULATED PROTECTIVE ORDER—Case No. 5:08-cv-2581 JF (HRL)**

8

**AGREED TO:**

DATED: March 27, 2009                      HAYNES AND BOONE, LLP


                                           By /s/ Clark S. Stone
                                              CLARK S. STONE
                                              Attorneys for Plaintiff
                                              LANDMARK SCREENS, LLC

DATED: March 27, 2009                      KEKER & VAN NEST LLP


                                           By /s/ Steven P. Ragland
                                              STEVEN P. RAGLAND
                                              Attorneys for Defendants
                                              MORGAN, LEWIS & BOCKIUS LLP
                                              and THOMAS D. KOHLER

*Filer's Attestation: Pursuant to General Order 45, Clark S. Stone hereby attests that concurrence in the filing of this document has been obtained from Steven P. Ragland.*


PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: ____4/13_____, 2009

                                           _____
                                           Honorable Howard R. Lloyd
                                           United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER—Case No. 5:08-cv-2581 JF (HRL)**                             9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK SCREENS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership and THOMAS D. KOHLER, an individual,<br><br>Defendants. | Case No: 5:08-cv-2581 JF (HRL)<br><br>**CONFIDENTIALITY UNDERTAKING PURSUANT TO STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL DISCOVERY MATERIALS** |

I, _____ , state as follows:

1. My current address is: _____
_____,
and my current employer and position are _____
_____.

2. I have been provided with a copy of the Stipulated Protective Order Concerning Confidential Discovery Materials (the "Protective Order") entered in this action and I have reviewed its terms and conditions.

3. I understand the terms and conditions of the Protective Order and I agree to be bound by it.

4. At the termination of this matter, I agree to either return or destroy all Discovery Materials containing CONFIDENTIAL information and any abstract, extract, excerpt, summary, memorandum, or other materials embodying or containing such information, and copies thereof, which come into my possession, and any materials which I have prepared relating thereto, upon request by counsel for the party by which I have been designated or retained.

STIPULATED PROTECTIVE ORDER—Case No. 5:08-cv-2581 JF (HRL)

1

5. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____       _____
                                                              (Signature)

**STIPULATED PROTECTIVE ORDER—Case No. 5:08-cv-2581 JF (HRL)**

2