**\*\* E-filed October 7, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK SCREENS, LLC, a Delaware limited liability company, | No. C08-02581 JF (HRL) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL WITHDRAWAL OF OBJECTIONS TO INTERROGATORIES** |
| v. | |
| MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership; and THOMAS D. KOHLER, an individual, | **[Re: Docket No. 58]** |
| Defendants. | |

Plaintiff Landmark Screens, LLC ("Landmark") hired defendant Thomas Kohler and the law firm Pennie & Edmonds LLP to prosecute patents pertaining to electronic billboard technology. Several years later, Kohler joined defendant Morgan, Lewis & Bockius LLP ("MLB"). Subsequently, Landmark sued both defendants, alleging that they failed to promptly and properly advise it about a notice from the United States Patent and Trademark Office ("PTO") stating that a divisional patent application was incomplete. Landmark claims that on account of defendants' concealment and misrepresentation with respect to the notice, it lost patent rights in the divisional application claims.

Landmark now moves to compel the withdrawal of MLB's objections to several of Landmark's interrogatories as compound.[1] MLB opposes the motion. Upon consideration of the

---

[1] Although styled as a "motion to compel," Landmark is in fact asking this court to overrule MLB's "compound" objections.

moving and responding papers, as well as the arguments presented at the motion hearing, this court grants Landmark's motion.

**DISCUSSION**

**B.     Waiver of Objections**

Landmark first argues that MLB waived its ability to object to interrogatories as compound. It claims that MLB selectively withheld a response to Interrogatory No. 2 on grounds that Landmark had already exceeded the twenty-five interrogatory limit, *see* Fed. R. Civ. P. 33, even though it had not objected to either of the first two questions as being compound. MLB counters that it did not answer Interrogatory No. 2 because it was "vague, ambiguous, and unintelligible," and because it was "indistinguishable" from Interrogatory No. 1. (Opp'n 3.) It claims that it later refused to answer the question because Landmark's clarification of it amounted to a brand-new interrogatory.

The court rejects Landmark's argument. Nonetheless, MLB's objection to this interrogatory is unwarranted. Interrogatory No. 1 reads: "Describe in detail your usual and customary practices, policies or procedures during the years 2002 through 2006 for notifying and/or providing to your clients copies of any documents, petitions, and/or notices received from and/or filed with the PTO concerning any patent application and/or issued patent." (Kwon Decl. Ex. A at 8.) Interrogatory No. 2 is similar, but asks instead for the procedures MLB used "for the supervision and/or monitoring of all persons responsible for notifying and/or providing to your clients copies" of such notices. (Kwon Decl. Ex. A at 9.) These interrogatories are facially distinct because the procedures to notify and the procedures to *supervise* that notification are not necessarily the same. As a result, MLB's objection to this interrogatory is overruled.

**C.     MLB's Specific "Compound" Objections**

Landmark's first set of interrogatories had eight numbered questions. Its second set had a single numbered question, making—ostensibly—a total of nine interrogatories. MLB objected to several of these interrogatories as being compound, although it did provide substantive responses for most of the questions. Landmark argues that MLB's objections are "unreasonable and lack justification" because the "subparts" are "clearly subsumed in the subject matter" of each question. (Mot. 1.)

Absent leave from the court, a party may only serve another party twenty-five written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1). The Federal Rules do not define what "discrete subparts" means, but "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.' " *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006) (Lloyd, Mag. J.) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998)).

The court questions the usefulness of quibbling over the count of interrogatories, especially when the topics are germane to the dispute, as MLB confirmed at the motion hearing. Nevertheless, as the dispute is before the court, it must examine each interrogatory to which MLB objected as compound in order to determine the correct count.

### 1. Interrogatory No. 5

Interrogatory No. 5 reads:

> Describe in detail what advice and/or recommendations, if any, you gave to Landmark concerning what steps and/or actions could be taken to in any way remedy and/or correct the failure to fully and properly file Landmark's Divisional Patent Application No. 10/640,916, describe when and how you communicated this advice and/or recommendations to Landmark, and describe what steps, if any, you took in an effort to implement these steps and/or recommendations.

(Kwon Decl. Ex. A at 9.) It appears to the court that this question contains two interrogatories. The primary question asks for "what advice and/or recommendations" MLB gave to Landmark, which includes the "when and how" of this communication. What steps MLB took to implement that advice is then a discrete inquiry. However, MLB appears to have misread this question as its response is incomplete. Instead of detailing the *advice* it gave to Landmark, and how it communicated that advice, it only detailed the steps MLB took itself and the communication of those steps after the fact. (Kwon Decl. Ex. C at 11.) MLB shall amend its response to provide this missing information.

### 2. Interrogatories Nos. 6 and 7

Interrogatories Nos. 6 and 7 each ask for a contention and then to "describe in detail all facts supporting this contention and identify all persons with knowledge of the facts and all materials supporting this contention." (Kwon Decl. Ex. A at 9.) The individuals who have knowledge of

facts and the materials that support each contention are distinct inquiries from the facts themselves. *See, e.g.*, *Trevino*, 232 F.R.D. 612; *U.S. ex rel Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521 (D.D.C. 2006); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215 (C.D. Cal. 2009). As a result, Nos. 6 and 7 each contain three subparts—facts, persons, and materials—for a total of six interrogatories.

### 3. Interrogatory No. 8

Interrogatory No. 8 reads:

> Identify any current or former MLB partners, associates, employees, and/or consultants, other than Kohler, Michael Lyons, Esq., Gary S. Williams, Esq., Shawn C. Glidden, Esq., and Dion M. Bregman, Esq., who were aware of any aspect of the Notice or the Petition on or before August 23, 2004 or who were aware of any aspect of the Dismissal prior to November 30, 2005 and describe all facts and all materials concerning which aspect(s) of the Notice, Petition, and/or Dismissal such persons were aware of and when and how such persons were aware of any aspect of the Notice, Petition, and/or Dismissal.

(Kwon Decl. Ex. A at 9–10.) This question first asks for the identification of individuals who were aware of three different documents: the Notice, the Petition, and the Dismissal. These are three discrete inquiries because these groups may not include the same individuals. Then, for each of these three groups, the question asks for all facts concerning the individuals' awareness (including which aspects of the documents such persons were aware and how they became aware) and all materials concerning this awareness. Interrogatory No. 8 thus contains nine interrogatories.

### 4. Interrogatory No. 9

MLB refused to answer Interrogatory No. 9 because it deemed it "oppressive and harassing" and because by its count, Landmark had already propounded more than twenty-five interrogatories. (Opp'n 10.) Interrogatory No. 9 reads:

> Identify each denial of a material allegation and each special or affirmative defense in your Answer to Second Amended Complaint, filed on February 10, 2009, and for each denial and special or affirmative defense state all facts upon which you base the denial or special or affirmative defense, state the names, addresses, and telephone numbers of all persons who have knowledge of these facts, and identify all documents and tangible things that support each denial and special or affirmative defense and state the name, address, and telephone number of the person who has each document.

(Kwon Decl. Ex. B at 9.) Landmark later agreed to limit this interrogatory to each affirmative defense. (Mot. 7.) However, MLB still refused to answer on grounds that the question remained impermissibly compound because it asked for information about each of its nine affirmative

4

defenses. Landmark argues that it is unfair to read this interrogatory as having a separate subpart for each affirmative defense, because then a defendant could simply "plead in excess of 25 affirmative defenses" to avoid answering further interrogatories. (Mot. 8.)

Interrogatory No. 9 is compound, though not to the degree MLB suggests. It makes three distinct inquiries: the identification of (1) all facts; (2) all persons with knowledge of the facts; and (3) all materials, which includes information about the materials' custodians. However, no rule requires this court to multiply these three subparts by the number of affirmative defenses MLB happened to plead. Accordingly, Interrogatory No. 9 contains three interrogatories.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Landmark has propounded a total of twenty-four (24) interrogatories to date, which is within the twenty-five interrogatory limit.
2. Because Landmark expressed concern that it may be foreclosed from propounding additional interrogatories in the future, the court grants Landmark leave to propound ten interrogatories over the presumptive limit, for an authorized total of thirty-five (35).[2]
3. MLB's objections are overruled, and MLB shall provide the following to Landmark within ten days of this order:
    a. A response to Interrogatory No. 2;
    b. An amended response to Interrogatory No. 5; and
    c. A response to Interrogatory No. 9 for each affirmative defense.

**IT IS SO ORDERED.**

Dated: October 7, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Since there are two defendants, between them they are entitled to propound fifty interrogatories.

5

**C 08-02581 Notice will be electronically mailed to:**

| | |
|---|---|
| Clark S. Stone | clark.stone@haynesboone.com, sjctemp1@haynesboone.com |
| Courtney Towle | ctowle@texarkanalaw.com |
| Edward John McIntyre | emcintyre@swsslaw.com, dpierson@swsslaw.com |
| Elliot Remsen Peters | epeters@kvn.com, aap@kvn.com, efiling@kvn.com |
| Inchan Andrew Kwon | inchan.kwon@haynesboone.com, edward.kwok@haynesboone.com, efilesjc@haynesboone.com, sjctemp1@haynesboone.com |
| John Elliot Trinidad | jtrinidad@kvn.com, efiling@kvn.com |
| Steven Mark Levitan | steve.levitan@haynesboone.com |
| Steven Paul Ragland | sragland@kvn.com, efiling@kvn.com, jwinars@kvn.com |
| Wendy Jill Thurm | wthurm@kvn.com, efiling@kvn.com, llind@kvn.com, pwm@kvn.com |
| William N. Kammer | wkammer@swsslaw.com, rtang@swsslaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**