** E-filed December 23, 2009 **

KEKER & VAN NEST LLP
ELLIOT R. PETERS - #158708
WENDY J. THURM - #163558
STEVEN P. RAGLAND - #221076
JOHN E. TRINIDAD - #250468
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
epeters@kvn.com
wthurm@kvn.com
sragland@kvn.com
jtrinidad@kvn.com

Attorneys for Defendants
MORGAN, LEWIS & BOCKIUS LLP
and THOMAS D. KOHLER

CLARK S. STONE - #202123
STEVEN M. LEVITAN - #148716
INCHAN A. KWON - #247614
HAYNES AND BOONE, LLP
2033 Gateway Place, Suite 400
San Jose, CA  95110
Telephone:     (408) 392-9250
Facsimile:     (408) 392-9262
clark.stone@haynesboone.com
steve.levitan@haynesboone.com
inchan.kwon@haynesboone.com

Attorneys for Plaintiff
LANDMARK SCREENS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK SCREENS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN, LEWIS & BOCKIUS LLP, a limited liability partnership; and THOMAS D. KOHLER, an individual,<br><br>Defendants. | Case No. 5:08-cv-2581 JF<br><br>**STIPULATION AND [PROPOSED] ORDER FOR IN CAMERA REVIEW OF PRIVILEGED DOCUMENTS AS AMENDED BY THE COURT**<br>Judge:     Hon. Howard R. Lloyd<br>             Courtroom 2, 5th Floor<br><br>Re:     Docket No. 86 |

1

STIPULATION AND [PROPOSED] ORDER FOR IN CAMERA REVIEW OF PRIVILEGED DOCUMENTS
Case No. 5:08-cv-2581 JF

1   This stipulation is entered into by and between Plaintiff Landmark Screens, LLC

2   ("Landmark") and Defendants Morgan, Lewis & Bockius LLP ("MLB") and Thomas D. Kohler

3   ("Kohler") as follows:

4   WHEREAS, in a privilege log produced in a state court action and prepared by MLB's

5   former counsel, MLB partners Michael Bloom and Thomas Kittredge were listed as recipients of

6   three privileged documents (the "Disputed Documents");

7   WHEREAS, in a privilege log produced in this federal court action, Michael Bloom and

8   Thomas Kittredge were not listed as recipients of the Disputed Documents;

9   WHEREAS, MLB's current counsel informed Landmark that the state court privilege log

10  incorrectly listed Mr. Bloom and Mr. Kittredge as recipients of the Disputed Documents, and

11  that such errors had been corrected in the federal court privilege log.

12  WHEREAS, Landmark requested that the Disputed Documents be submitted for *in*

13  *camera* review so that the recipients could be verified;

14  WHEREAS, MLB agreed to submit the Disputed Documents for *in camera* review solely

15  for the purpose of verifying the recipients of these documents, as stated in letters dated August

16  11, 2009 and September 23, 2009;

17  WHEREAS, on December 1, 2009, Landmark filed a Motion to Compel Production of

18  Documents Withheld as Privileged, claiming in part that the Disputed Documents "indicate that

19  MLB partners Michael Bloom and Thomas Kittredge, in-house counsel to MLB, were apprised

20  of 'anticipated litigation' as early as April 11, 2005." Docket No. 86, at 7;

21  WHEREAS the parties agree that the Court can efficiently and fairly resolve this dispute

22  and thereby narrow the contested issues presented in Landmark's December 1, 2009 Motion to

23  Compel;

24  NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, through

25  their respective counsel of record, that:

26  (1) MLB shall be permitted to submit the Disputed Documents, bearing bates numbers

27  MLBFED0002576, MLBFED0002577, and MLBFED0002578, to the Court *ex parte* for *in*

28  *camera* review for the sole purpose of determining if Michael Bloom and/or Thomas Kittredge

1   are listed as recipients of the Disputed Documents;

2       (2) The submission of the Disputed Documents for *in camera* review for this purpose

3   shall be without prejudice to the Court's consideration of whether *in camera* review of the

4   Disputed Documents may be necessary to resolve other disputes regarding the Disputed

5   Documents, as described in Landmark's December 1, 2009 Motion to Compel; and

6       (3) The submission of the Disputed Documents for *in camera* review shall not constitute

7   the waiver of any privilege or protection afforded to the Disputed Documents.

8

9       IT IS SO STIPULATED.

10

11  Dated:  December 22, 2009                    KEKER & VAN NEST LLP

12

13

14                                     By:  /s/ Wendy J. Thurm
                                           WENDY J. THURM
15                                         Attorneys for Defendants
                                           MORGAN, LEWIS & BOCKIUS LLP
16                                         and THOMAS D. KOHLER

    Dated:  December 22, 2009                    HAYNES AND BOONE, LLP
17

18

19                                     By:  /s/ Clark S. Stone
                                           CLARK S. STONE
20                                         Attorneys for Plaintiff
                                           LANDMARK SCREENS, LLC
21

22                                         *Filer's Attestation:  Pursuant to General*
                                           *Order No. 45, Section X.B. regrinding non-*
23                                         *filing signatories, Wendy J. Thurm hereby*
                                           *attests that concurrence in the filing of this*
24                                         *Stipulation and [Proposed] Order has been*
                                           *obtained from Clark S. Stone.*

25

26

27

28

1

# [PROPOSED] ORDER

2

3          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

4          **MLB shall submit the Disputed Documents to the court by December 28, 2009.**

5   Dated: ___December 23_____, _2009__

6

7                                        _____
                                         HON. HOWARD R. LLOYD
8                                        United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

4