+** **E-filed October 21, 2010 **

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LANDMARK SCREENS, LLC, a Delaware
Limited Liability Company,

             Plaintiff,

    v.

MORGAN, LEWIS & BOCKIUS LLP, a
Limited Liability Partnership; and THOMAS
D. KOHLER, an individual,

             Defendants.

_____/

No. C08-02581 JF (HRL)

**ORDER GRANTING PLAINTIFF'S
MOTION TO DETERMINE
SUFFICIENCY OF RFA RESPONSES
AND DENYING PLAINTIFF'S
MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

**[Re: Docket Nos. 146 & 149]**

**BACKGROUND**

Plaintiff Landmark Screens, LLC ("Landmark") retained defendant Thomas Kohler

("Kohler"), then a partner of the law firm Pennie & Edmonds LLP ("Pennie"), to prosecute patents

pertaining to Landmark's electronic billboard technology.  Because of certain patent filing

restrictions, Kohler filed some of the patent claims in January 2002, and he subsequently filed the

rest in a "divisional application" (the "'916 Divisional Application") which claimed the same

January 2002 filing date earlier application.

In June 2004, the United States Patent and Trademark Office ("PTO") notified Kohler (by

that time, a partner at defendant Morgan, Lewis & Bockius LLP ("MLB")) that the '916 Divisional

Application was incomplete.  No one informed Landmark of this at that time.  Because of the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    incompleteness, the PTO eventually deemed the '916 Divisional Application filed in August 2004

2    and not in January 2002 like the '096 Application.

3          Plaintiff thereafter filed suit against MLB and Kohler in his capacity as an MLB partner

4    (collectively, "Defendants") in federal court, asserting malpractice, negligence, breach of fiduciary

5    duty, breach of implied contract, and fraud.[1]  Only the fraudulent concealment claim remains, and in

6    that regard Landmark essentially alleges that Defendants intentionally concealed this notice from

7    Landmark, which prevented it from taking "a number of steps that were available to save

8    Landmark's patent rights as claimed or disclosed in the '916 divisional application."  (Docket No.

9    31 ("SAC"), ¶ 35.)

10         On April 28, 2010, Landmark served its First Set of Requests for Admissions ("RFAs") to

11   Kohler and its Third Set of Requests for Admissions to MLB.  (Docket No. 148 ("08/31 Kwon

12   Decl."), Exs. A & B.)  Defendants responded to these RFAs on May 27.  (*Id.*, Exs. C & D.)

13   Landmark thereafter requested further responses to RFA Nos. 10-17 to Kohler and RFA Nos. 152-

14   159 to MLB.  (*Id.*, Ex. E.)  Because the parties could not agree on whether the RFAs could be

15   supplemented or amended, Landmark filed a motion to determine the sufficiency of Defendants'

16   responses to them.[2]  (Docket No. 146 ("08/31 Motion"); Docket No. 147 ("08/31 Memo").)

17         Landmark also filed a motion to compel MLB to produce documents in response to some of

18   its requests in its Sixth Set of Requests for Documents, Electronically Stored Information, and

19   Things, served on July 27.  (Docket No. 149 ("09/02 Motion"); Docket No. 150 ("09/02 Memo").)

20   Specifically, Landmark moved to compel the production of documents responsive to its Requests

21   for Production of Documents ("RFPs") Nos. 80 and 96.[3]  ("09/02 Memo" at 2.)

22

23   [1] Landmark originally sued Kohler, MLB, and Pennie in state court.  The suit against Pennie and

24   Kohler in his capacity as a Pennie partner settled during arbitration, and the state court dismissed the
     suit against MLB and Kohler in his capacity as an MLB partner for lack of subject-matter

25   jurisdiction, whereupon Landmark filed the instant suit in this Court.
     [2] Landmark's 08/31 Motion also sought the production of certain documents responsive to certain of

26   Landmark's Requests for the Production of Documents.  Defendants subsequently produced these
     documents and so Landmark withdrew the portions of its 08/31 Motion pertaining to those

27   document requests.  (Docket No. 156.)
     [3] Landmark's 09/02 Motion also sought the production of documents responsive to its RFP No. 90,

28   but it appears that Landmark withdrew its motion as to this particular request, and Landmark did not
     address this request in its reply brief or at oral argument.  (*See* Docket No. 163 ("09/28 Ragland
     Decl."), Ex. 4; Docket No. 169 ("Reply").)

2

1    Defendants opposed both of Landmark's motions to the extent they had not subsequently

2    been withdrawn, and the Court heard oral argument on both motions on October 19.  (*See* Docket

3    No. 162 ("Opp'n").)

4                                    **LEGAL STANDARD**

5    Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may

6    obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

7    — including the existence, description, nature, custody, condition, and location of any documents or

8    other tangible things and the identity and location of persons who know of any discoverable matter."

9    FED. R. CIV. P. 26(b)(1).

10   However, "[o]n motion or on its own, the court must limit the frequency or extent of

11   discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery

12   sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is

13   more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

14   opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the

15   proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

16   controversy, the parties' resources, the importance of the issues at stake in the action, and the

17   importance of the discovery in resolving the issues."  FED. R. CIV. P. 26(b)(2)(C).

18   Furthermore, Rule 36 permits a party to seek admissions about, among other things, "facts,

19   the application of law to fact, or opinions about either."  FED. R. CIV. P. 36(a)(1)(A).  In responding

20   to a request for admission, a party must either admit the matter, specifically deny it, or "state in

21   detail why the answering party cannot truthfully admit or deny it."  FED. R. CIV. P. 36(a)(4).  "A

22   denial must fairly respond to the substance of the matter; and when good faith requires that a party

23   qualify an answer or deny only a part of a matter, the answer must specify the part admitted and

24   qualify or deny the rest."  *Id*.  Lack of knowledge or information may only be asserted as a reason

25   for failing to admit or deny "only if the party states that it has made reasonable inquiry and that the

26   information it knows or can readily obtain is insufficient to enable it to admit or deny."  *Id*.

27                                       **DISCUSSION**

28   A.  Landmark's RFA Nos. 10-17 to Kohler and RFA Nos. 152-159 to MLB

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1          RFA Nos. 10-17 to Kohler and RFA Nos. 152-159 to MLB essentially ask for the same

2    admissions.  RFA Nos. 10-17 to Kohler ask whether "you" knew or had reason to know, prior to

3    December 21, 2004, of potential litigation by Landmark related to the various PTO filings or

4    decisions at issue in this action.  (*See* 08/31 Kwon Decl., Ex. A at 5-6.)  Likewise, RFA Nos. 152-

5    159 to MLB ask whether "Mr. Kohler" knew or had reason to know, prior to December 21, 2004, of

6    potential litigation by Landmark related to those same PTO filings or decisions.  (*See id*., Ex. B at 5-

7    6.)

8          Defendants each objected to the requests directed to them.  Subject to his objections, Kohler

9    responded to RFA Nos. 10-17 as follows: "With the understanding that 'you,' as defined by

10   Landmark, includes 'without limitation . . . any and all' of Kohler's 'partners, employees, agents,

11   representative, [and] consultants,' this Request is denied."[4]  (*Id*., Ex. C at 8-13.)  Similarly, MLB,

12   subject to its objections, responded to RFA Nos. 152-159 as follows: "With the understanding that

13   'Kohler,' as defined by Landmark, includes 'without limitation . . . any and all' of Kohler's

14   'partners, employees, agents, representative, [and] consultants,' this Request is denied."[5]  (*Id*., Ex. D

15   at 12-16.)

16         Landmark requested further responses.  (*Id*., Ex. E at 10.)  Defendants' replied that it was

17   "impossible to admit or deny" the requests at issue because Landmark "chose to define 'you,' and

18   even 'Kohler,' broadly to include, essentially, everyone associated in any way with [MLB]."  (*Id*.,

19   Ex. F at 8.)  Defendants are correct that Landmark defined "you" and "Kohler" broadly.

20   Nevertheless, during their oral arguments, the parties agreed to limit Defendants' responses as

21   follows: (1) as for RFA Nos. 10-17 to Kohler, Kohler need only respond as to himself individually;

22

23   _____

[4]  In the RFPs to Kohler, Landmark defined "Kohler," "you," and "your" to mean "without
24   limitation Defendant, Thomas D. Kohler, and any and all partners, employees, agents,
     representatives, consultants, or others acting or purporting to act on behalf of Kohler" and "MLB" to
25   mean "without limitation Defendant, Morgan, Lewis & Bockius LLP, and any and all predecessors,
     affiliated entities, partners, employees, attorneys, agents, representatives, consultants, or others
26   acting or purporting to act on behalf of MLB."  (*Id*., Ex. A at 2.)
[5]  In the RFPs to MLB, Landmark defined "Kohler" to mean "without limitation Defendant, Thomas
27   D. Kohler, and any and all partners, employees, agents, representatives, consultants, or others acting
     or purporting to act on behalf of Kohler" and "MLB," "you," and "your" to mean "without
28   limitation Defendant, Morgan, Lewis & Bockius LLP, and any and all predecessors, affiliated
     entities, partners, employees, attorneys, agents, representatives, consultants, or others acting or
     purporting to act on behalf of MLB."  (*Id*., Ex. B at 2.)

4

United States District Court
For the Northern District of California

1    and (2) as for RFA Nos. 152-159 to MLB, MLB need only respond as to MLB attorneys within its

2    general counsel's office.  Defendants shall so respond.

3         B.  <u>Landmark's RFP Nos. 80 and 96 to MLB</u>

4         RFP No. 80 to MLB requests "[a]ll manuals or written instructions or suggestions given to

5    MLB attorneys in 2004 and 2005 concerning MLB patent prosecution policies, practices, and

6    procedures."  (Docket No. 151 ("09/02 Kwon Decl."), Ex. A at 11.)  And RFP No. 96 to MLB

7    requests "[a]ll documents concerning any training in 2004 and 2005 given to anyone at MLB

8    relating to patent law practice policies, and procedure."  (*Id*. at 25.)

9         MLB first argues that RFP Nos. 80 and 96 are duplicative of Landmark's prior document

10   requests and to which MLB has already produced documents.  (Opp'n at 9-11.)  Indeed, MLB

11   apparently has produced responsive documents to several requests aimed at capturing documents

12   concerning MLB's policies and procedures related to its patent practice and any training materials or

13   instruction it provided to its attorneys.  (*See* 09/28 Ragland Decl., Exs. 8 & 9; 09/02 Kwon Decl.,

14   Ex. A (containing, for example, MLB's objections and responses to Landmark's RFP Nos. 19, 21,

15   43, 48, 52, 53 & 78).)  Landmark argues that none of its previous document requests "squarely

16   address" the subject matter of RFP Nos. 80 and 96.[6]  (Reply at 3.)

17        As for RFP Nos. 80, the Court believes that the requested documents are already captured by

18   these previous requests.  For example, the "documents" "consisting of or concerning MLB's

19   policies, practices, and procedures in effect during 2003 through 2006 concerning the drafting,

20   filing, and/or prosecution of patents and/or patent applications on behalf of MLB clients" sought by

21   RFP No. 52 would also seem to include "manuals or written instructions or suggestions given to

22   MLB attorneys in 2004 and 2005 concerning MLB patent prosecution policies, practices, and

23   procedures."  (09/28 Ragland Decl., Ex.9 at 15; 09/02 Kwon Decl., Ex. A at 11.)  As such,

24   Landmark's motion shall be denied as to this request.

25

26   _____

     [6] Landmark suggests that MLB agrees with this point because rather than simply stating that all
27   responsive documents to RFP Nos. 80 and 96 have been produced, MLB chose to refuse to respond
     to the requests.  (Reply at 3-4.)  But while it is true that MLB did not simply state that all responsive
28   documents have been produced, it did state in its original objections to these RFPs that it "has
     already produced or has agreed to produce certain training materials and written direction related to
     patent practice."  (09/02 Kwon Decl., Ex. A at 12, 26.)

1    RFP No. 96 is a closer call.  Although Landmark's previous requests certainly ask for

2    information that MLB attorneys received about practicing patent litigation, and two of them, RFP

3    Nos. 48 and 78, specifically refer to training documents, the training documents referred to in RFP

4    No. 48 are limited to those provided to former Pennie attorneys and the training documents referred

5    to in RFP No. 78 are limited to those about keeping clients informed of PTO-related developments.[7]

6    These two requests are thus less inclusive than RFP No. 96, which requests "all documents

7    concerning any training in 2004 and 2005 given to anyone at MLB relating to patent law practice

8    policies, and procedure."  (09/02 Kwon Decl., Ex. A at 25.)  In other words, there conceivably may

9    be some additional documents out there that have not already been covered by Landmark's previous

10   requests.[8]

11   Even so, MLB argues that the burden in searching for and collecting any existing documents

12   responsive to RFP Nos. 80 and 96 is "immense" and "outweighs the likely benefit."  (Opp'n at 11

13   (citing FED. R. CIV. P. 26(b)(2)(C)(iii)).)  Indeed, the requests as written are quite broad with respect

14   to the potential custodians: RFP No. 80 refers to "MLB attorneys in 2004 and 2005" and RFP No.

15   96 refers to "anyone at MLB."  MLB argues that responding to these requests would entail a search

16   of the files of every one of MLB's 1,248 attorneys in 23 offices worldwide.  (Opp'n at 11 (citing

17   Docket No. 164 ("Blair Decl."), ¶ 7).)  Despite this burden, MLB represents that it already

18   conducted a search for responsive documents in its San Francisco and Palo Alto offices, and nothing

19   turned up.  (Opp'n at 12. (citing Ragland Decl., Ex. 5; Blair Decl. ¶ 9).)

20   The Court agrees that searching for the extra sliver of documents that may be responsive to

21   RFP No. 96 but which are not covered by the previous requests (if they even exist) is overly

22   burdensome, especially considering that none were found in MLB's San Francisco and Palo Alto

23   _____

24   [7] RFP No. 48 seeks "[a]ll documents consisting of or concerning any training, instruction, or indoctrination concerning any MLB policy or procedure conducted for or provided to any attorney,

25   partner, or employee who joined MLB in 2004 from Pennie & Edmonds LLP."  (09/28 Ragland Decl., Ex. 9 at 12.)  RFP No. 78 seeks "[a]ll documents concerning any training, presentation, or

26   manual given to MLB attorneys in 2004 and 2005 relating to keeping clients informed of developments before the U.S. Patent and Trademark Office."  (09/02 Kwon Decl., Ex. A at 10.)

27   [8] Indeed, in its opposition brief, MLB suggests that "written material distributed to attorneys at in-house CLE sessions in 2004 and 2005 regarding patent law is arguably responsive" to this request,

28   and it goes on to describe that such material would reside in the personal files of individual attorneys because there is no centralized collection of CLE presentations or materials from the years in question.  (Opp'n at 11.)

**United States District Court**
For the Northern District of California

1   offices.  And even if such documents were found, the Court fails to see how they would go to

2   Landmark's fraudulent concealment claim.  At oral argument, Landmark suggested that there might

3   be a difference in the training given to attorneys in MLB's San Francisco and Palo Alto offices and

4   those in its other offices, but such a difference would relate more to a legal malpractice claim than a

5   fraudulent concealment one.  As such, Landmark's motion shall be denied as to this request.

6                                                        **CONCLUSION**

7           Based on the foregoing, to the extent not already withdrawn, Landmark's motion to

8   determine the sufficiency of Defendants' responses to its requests for admission (Docket No. 146) is

9   GRANTED.  Kohler shall provide supplemental responses to RFP Nos. 10-17 as to himself only,

10  and MLB shall provide supplemental responses to RFP Nos. 152-159 as to MLB attorneys within its

11  general counsel's office.  Landmark's motion to compel the production of documents to RFP Nos.

12  80 and 96 (Docket No. 149) is DENIED.

13          **IT IS SO ORDERED.**

14  Dated: October 21, 2010

15                                                          _____

16                                                          HOWARD R. LLOYD
                                                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

7

**United States District Court**
For the Northern District of California

1    **C08-02581 JF (HRL) Notice will be electronically mailed to:**

2    Clark S. Stone                clark.stone@haynesboone.com, sjctemp1@haynesboone.com
     Courtney Towle             ctowle@texarkanalaw.com

3    Edward John McIntyre     emcintyre@swsslaw.com, dpierson@swsslaw.com
     Elliot Remsen Peters       epeters@kvn.com, aap@kvn.com, efiling@kvn.com

4    Inchan Andrew Kwon      inchan.kwon@haynesboone.com, edward.kwok@haynesboone.com,
                                       efilesjc@haynesboone.com, sjctemp1@haynesboone.com

5    John Elliot Trinidad       jtrinidad@kvn.com, efiling@kvn.com
     Steven Mark Levitan      steve.levitan@haynesboone.com

6    Steven Paul Ragland      sragland@kvn.com, dmiller@kvn.com, efiling@kvn.com,
                                       jwinars@kvn.com

7    Wendy Jill Thurm        wthurm@kvn.com, efiling@kvn.com, llind@kvn.com,
                                       pwm@kvn.com

8    William N. Kammer       wkammer@swsslaw.com, dpierson@swsslaw.com,
                                       rtang@swsslaw.com

9

10   **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28